| | |
|---|---|
| MICHAEL JENSEN,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC;<br>BRECHT ENTERPRISES, INC. dba<br>BMW OF ESCONDIDO; and DOES 1-<br>100, inclusive,<br><br>Defendants. | Case No.: 18cv103-WQH (NLS)<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION FOR COURT TO BAR PLAINTIFF'S DISCOVERY DISPUTE AS UNTIMELY**<br><br>**[ECF No. 35]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is Defendant BMW of North America, LLC's ("BMW") *ex parte* motion, requesting that the Court find the discovery dispute that Plaintiff intends to bring as untimely. ECF No. 35. Plaintiff filed an opposition (ECF No. 38), and BMW filed a supplemental brief upon request of the Court (ECF No. 37). After due consideration and for the reasons set forth below, the Court denies the *ex parte* motion.

**I.  BACKGROUND**

In his complaint, Plaintiff alleges that he purchased a vehicle manufactured and distributed by BMW, which was covered by an express written warranty covering the

1

utility and performance of the vehicle for a period of time. ECF No. 2 at ¶¶ 8-9. Plaintiff alleges that, during the warranty period, he experienced numerous defects with the vehicle. *Id.* at ¶ 10. He claims that Defendants were unable to adequately repair the defects but yet failed to replace the vehicle or buy it back. *Id.* at ¶ 11. Plaintiff brings causes of action under the Song-Beverly Consumer Warranty Act, for breach of warranty, and for fraud.

Relevant to the instant motion, on August 5, 2018, Plaintiff originally served BMW of North America with a 30(b)(6) deposition notice, noticing the deposition for August 17, 2018. ECF No. 37-1 at 145-167. The deposition notice included both topics for the 30(b)(6) deposition and also accompanying requests for production of documents. *Id.* The BMW responded with objections to both the deposition topics and requests for production on August 10, 2018. ECF No. 35-2 at 14-127.

On August 24, 2018, Plaintiff served an amended 30(b)(6) deposition notice, with a new deposition date of September 6, 2018. ECF No. 37-1 at 2-24. BMW served objections on August 30, 2018. *Id.* at 25-143. Other than the different deposition date, the topics for depositions and the requests for production were the same, and as such, BMW served the same objections.

**II.    DISCUSSION**

BMW requests that the Court find Plaintiff's joint motion for discovery dispute to be untimely and to bar Plaintiff from filing it. He argues that (1) the discovery dispute is barred by the discovery cutoff date (which passed on September 28, 2018) and this dispute was not in the narrow extension granted by the Court (*see* ECF No. 34), and (2) the discovery at issue in the joint motion was originally objected to by BMW on August 10, 2018, making the motion outside the 45 day window to bring a dispute under the Chambers Rules.

As to Plaintiff's first argument, the fact discovery cut-off date does not operate as a hard deadline to file a dispute on discovery that was otherwise timely served. In other words, as long as the discovery itself was timely, discovery disputes may still be filed

even after fact discovery closes, as long as done so by the timing requirements set forth in the Court's Chambers Rules. Thus, the fact that the Court's narrow discovery extension does not expressly include this discovery dispute does not make it timely. The parties do not argue that the discovery itself was timely, so the pertinent issue is whether the dispute itself is timely under the Chambers Rules.

Under this Court's Chambers Rules, counsel were required to file their joint motion for determination of their discovery dispute within forty-five days of the date of the event giving rise to the dispute. Hon. Nita L. Stormes, Civil Case Procedures § VI(C)(1). For requests for written discovery, the "event giving rise to the dispute" is defined to be the service of the responding party's initial response—here, the BMW's initial response. *Id.* § VI(C)(2)(b). The requests for production of documents, even though included in the 30(b)(6) deposition notice, are considered written discovery. *See* Fed. R. Civ. P. 30(b)(2) ("The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."). Here, the same document requests were objected to twice—once on August 10 and then again on August 30 in response to the amended 30(b)(6) deposition notice. The parties do not appear to be in dispute that the motion would be untimely if calculated from the August 10 date, but timely if calculated from the August 30 date. The Court agrees with BMW that the initial August 10 date should be used. Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, the Court must limit discovery that is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C). Moreover, courts in this district, including this one, routinely reject attempts to circumvent discovery deadlines via duplicative discovery requests. *See, e.g.*, *Cruz v. United States*, No. 14CV2956-LAB (DHB), 2016 WL 727066, at *2-3 (S.D. Cal. Feb. 24, 2016) (finding subsequent RFP to be "substantially similar" to earlier RFP and rejecting as untimely joint discovery motion based on response deadline for subsequent RFP); *ViaSat, Inc. v. Space Sys./Loral, Inc.*, No. 12-CV-0260-H WVG, 2013 WL 3467413, at *5-7 (S.D. Cal. July 10, 2013) (declining to allow end run around discovery deadline via Rule 30(b)(6) deposition on

twenty-four topics duplicative of interrogatory responses, to which the court already denied motion for supplemental responses); *see also Bird v. PSC Holdings I, LLC*, No. 12-CV-1528 W NLS, 2013 WL 1120659, at *1 (S.D. Cal. Mar. 18, 2013) (finding joint motion untimely, advising the parties that "any discovery demands which are substantially similar to previous demands will not re-start the clock for filing a discovery motion, and may be grounds for a protective order," but exercising discretion to address the merits). The requests at issue are not only "substantially similar" but actually identical. The discovery dispute as to the document requests, therefore, is untimely.

However, the Chambers Rules set forth a different "event giving rise to the dispute" for oral discovery and defines that to be the receipt of the transcript from the court reporter of the affected portion of the deposition. Hon. Nita L. Stormes, Civil Case Procedures § VI(C)(2)(a). Plaintiff indicates that a portion of the discovery dispute he wants to bring relates to BMW's 30(b)(6) deponent Jose Conde's refusal to testify as to certain topics during the deposition on September 7, 2018. ECF No. 38 at 2. He argues that this portion of the discovery dispute was timely under the Chambers Rules when he attempted to bring it up with BMW. The Court agrees.

In his proposed joint motion (*see* ECF No. 42-1), Plaintiff intends to bring a discovery dispute as to Mr. Conde's refusal to testify on topics 8-11, 17-20, and 27-28. Topics 8-11 cover testimony regarding engine and oil consumption defects in vehicles from the same year, make, and model as Plaintiff's vehicle, and topics 17-20 correspond to the same information regarding air conditioning defects.[1] ECF No. 37-1 at 6-8. Discovery into this issue of allegedly similar defects in similar vehicles appears to be at the heart of the discovery dispute that Plaintiff intends to bring. Plaintiff's document requests from the 30(b)(6) deposition notice target documents evidencing similar information regarding these defects. *See id.* at 11-20 (Requests for Production Nos. 11-

---

[1] Specifically, the topics cover information regarding the nature and cause of the defects, fixes and efforts to repair, terms of owner's manuals, maintenance schedules, and warranties related to the defects, and repair documents related to the defects.

12, 15-33, 35-36 (regarding engine and oil consumption defects) and 37-38, 41-61 (regarding air conditioning defects)).

Therefore, despite the dispute as to document requests being technically untimely, given the significant overlap of the issues presented by both the document requests and the 30(b)(6) deposition topics, the Court will exercise its discretion and permit Plaintiff to bring his joint motion, which focuses on discovery into vehicles potentially exhibiting similar defects as Plaintiff's vehicle. The dispute must be substantially limited to **only** the issues brought up in the proposed joint motion, as submitted by Plaintiff. *See* ECF No. 42-1.

### III. CONCLUSION

In light of this ruling, the Court will order the parties to further meet and confer by **November 6, 2018** regarding this dispute and discuss in particular Plaintiff's proposed compromise to see if they are able to resolve the dispute. If any issues remain in dispute after the meet and confer, the parties shall engage in the joint motion practice and submit their joint motion for determination of discovery dispute by **November 13, 2018**.

**IT IS SO ORDERED.**

Dated: October 29, 2018

Hon. Nita L. Stormes
United States Magistrate Judge