**Exhibit C**

1  BOWMAN AND BROOKE LLP
   Brian Takahashi (SBN: 146505)
2  Email: brian.takahashi@bowmanandbrooke.com
   Richard L. Stuhlbarg (SBN: 180631)
3  Email: richard.stuhlbarg@bowmanandbrooke.com
4  970 West 190th Street, Suite 700
   Torrance, California 90502
5  Tel No:   310/ 768-3068
6  Fax No:   310/ 719-1019

7  BOWMAN AND BROOKE LLP
   Michael J. Hurvitz (SBN: 249050)
8  Email: michael.hurvitz@bowmanandbrooke.com
   Patrick J. Raue (SBN:  293004)
9  Email: patrick.raue@bowmanandbrooke.com
10 750 B. Street, Suite 1740
   San Diego, CA 92101
11 Tel No:   619/ 376-2500
12 Fax No:   619/ 376-2501

13 Attorneys for Defendant
14 BMW OF NORTH AMERICA, LLC

15            **UNITED STATES DISTRICT COURT**
16          **SOUTHERN DISTRICT OF CALIFORNIA**
17

18 MICHAEL JENSEN, an              )  **CASE NO.:  3:18-cv-00103-WQH-WVG**
19 individual;                     )
                                   )  Judge: William Q. Hayes
20            Plaintiff,           )  Magistrate:  Judge William V. Gallo
                                   )
21     vs.                         )  **BMW OF NORTH AMERICA, LLC'S**
                                   )  **OBJECTIONS TO PLAINTIFF'S**
22 BMW OF NORTH AMERICA,           )  **AMENDED NOTICE OF DEPOSITION**
   LLC, a corporation; and DOES 1  )  **OF DEFENDANT BMW OF NORTH**
23 through 10, inclusive,          )  **AMERICA, LLC UNDER FEDERAL**
                                   )  **RULE OF CIVIL PROCEDURE**
24            Defendants.          )  **30(b)(6) AND REQUEST FOR**
                                   )  **PRODUCTION OF DOCUMENTS**
25                                 )  **UNDER FEDERAL RULE OF CIVIL**
                                   )  **PROCEDURE 30 (b)(2)**
26                                 )
                                   )  Action Filed:      August 14, 2017
27                                 )
28

19787601v1                                    3:18-cv-00103-WQH-WVG

EXHIBIT C
107

1        Defendant BMW of North America, LLC ("BMW NA"), by and through its

2    counsel, hereby objects to Plaintiff's Amended Notice of Deposition of BMW of

3    North America, LLC scheduled on August 17, 2018 at 10:00 a.m. at Strategic

4    Legal Practices, A Professional Corporation, located at 1840 Century Park East,

5    Suite 430, Los Angeles, California 90067, as follows:

6           **OBJECTIONS TO DESIGNATED CATEGORIES OF TESTIMONY**

7    **CATEGORY NO. 1:**

8        Questions relating to the nature and extent of all of the service history and

9    warranty history relating to the SUBJECT VEHICLE;

10    **OBJECTION TO CATEGORY NO. 1:**

11        BMW NA will produce a witness to address this category as it relates to

12    information within BMW NA's possession.

13        BMW NA objects to this category insofar as the phrase "the nature and

14    extent of all the service history and warranty history relating to the SUBJECT

15    VEHICLE" is vague, overly broad, and seeks information that is not relevant.

16    Moreover, it seeks information that may be confidential and protected as

17    proprietary, trade secret, and/or commercially sensitive without prior entry of an

18    appropriate protective order, and seeks information not within BMW NA's

19    possession, custody or control.

20    **CATEGORY NO. 2:**

21        Questions relating to all communications between YOU and Plaintiff, or

22    anyone on Plaintiff's behalf.

23    **OBJECTION TO CATEGORY NO. 2:**

24        BMW NA will produce a witness to address this category as it relates to

25    information within BMW NA's possession.

26        BMW NA objects to this category insofar as the phrase "all communications

27    between YOU and Plaintiff, or anyone acting on Plaintiff's behalf" is vague, overly

28    broad, and seeks information that is not relevant. Moreover, it seeks information

1  that may be confidential and protected as proprietary, trade secret, and/or

2  commercially sensitive without prior entry of an appropriate protective order, and

3  seeks information not within BMW NA's possession, custody or control.

4    BMW NA objects to this category on the grounds that Plaintiff's proposed

5  definition of "YOU" is overly broad, harassing, unduly burdensome, and

6  improperly calls for information from third parties over whom BMW NA has no

7  control, against whom this lawsuit has not been filed, for whom BMW NA is not

8  liable, and over whom this court has no jurisdiction.

9  **CATEGORY NO. 3:**

10    Questions relating to all communications between YOU and any other

11  PERSON regarding the SUBJECT VEHICLE.

12  **OBJECTION TO CATEGORY NO. 3:**

13    BMW NA will produce a witness to address this category as it relates to

14  information within BMW NA's possession, for the time period prior to Plaintiff's

15  lawsuit.

16    BMW NA objects that this category does not "describe with reasonable

17  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

18  BMW NA objects to this category on the grounds that Plaintiff's proposed

19  definition of "YOU" is overly broad, harassing, unduly burdensome, and

20  improperly calls for information from third parties over whom BMW NA has no

21  control, against whom this lawsuit has not been filed, for whom BMW NA is not

22  liable, and over whom this court has no jurisdiction. BMW NA also objects to the

23  extent Plaintiff seeks information that is protected from disclosure by the attorney-

24  client or work product privilege. BMW NA also objects that this overly broad

25  category includes communications unrelated to the allegations in Plaintiff's

26  Complaint, which are not relevant.

27  **CATEGORY NO. 4:**

28    Questions relating to all service advisory notices, technical service bulletins,

19787601v1                 3:18-cv-00103-WQH-WVG

EXHIBIT C
109

recalls, defect investigations, and other REPAIR DOCUMENTS relating to the SUBJECT VEHICLE;

**OBJECTION TO CATEGORY NO. 4:**

BMW NA will produce a witness to address this category as it relates to information within BMW NA's possession.

BMW NA objects that this category does not "describe with reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6). BMW NA objects to this category to the extent it seeks testimony relating to "all service advisory notices, technical service bulletins, service information bulletins, recalls, defect investigations, and other REPAIR DOCUMENTS relating to the SUBJECT VEHICLE" because it includes vehicle issues unrelated to the allegations in Plaintiff's Complaint, and is therefore overbroad, unduly burdensome and seeks testimony that is not relevant.

BMW NA further objects to Plaintiff's proposed definition of "REPAIR DOCUMENTS" to include "any and all documents which describe, outline, detail, or otherwise specify diagnostic and repair procedures to be used by Defendant's technicians. Such term shall be understood to include relevant portions of the Workshop Manual, Technical Service Bulletins, Recall Notices, Special Service Messages, Campaign Bulletins, Diagnostic Flow Charts, Diagnostic Trouble Code or Fault Code Diagnosis Keys, power point presentations, internal investigation reports, field reports, causal factor analyses, failed component analyses, and/or any other document [sic] which refer to, relate, or concern the repairs performed by Defendant's technicians" as ambiguous, contrary to common usage, overly broad, unduly burdensome, not reasonably particular and seeking information that is not relevant.

**CATEGORY NO. 5:**

Questions relating to the process that is in place and has been in place for the last three years relating to YOUR evaluations of requests by YOUR customers to

1   have vehicles repurchased pursuant to California Civil Code Section 1793.2,
2   including but not limited to any policies and procedures regarding the repurchasing
3   of SUBJECT VEHICLE due to an ENGINE/OIL CONSUMPTION DEFECT(S);
4   **OBJECTION TO CATEGORY NO. 5:**

5       BMW NA will produce a witness to address BMW NA's evaluation of
6   Plaintiff's request for repurchase.

7       BMW NA objects that this category does not "describe with reasonable
8   particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
9   BMW NA objects to this category on the grounds that Plaintiff's proposed
10  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
11  improperly calls for information from third parties over whom BMW NA has no
12  control, against whom this lawsuit has not been filed, for whom BMW NA is not
13  liable, and over whom this court has no jurisdiction.  BMW NA also objects to the
14  extent Plaintiff seeks information protected from disclosure by the attorney-client
15  or work product privileges.

16      BMW NA objects that this category is overly broad and seeks information
17  regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in
18  this litigation, which are not relevant.   BMW NA objects to the extent that this
19  category seeks information that is not relevant because whether Plaintiff is entitled
20  to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to
21  the "process that is in place and has been in place for the last three years relating to
22  YOUR evaluations of requests by YOUR customers to have vehicles repurchased .
23  . .."

24      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
25  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;
26  drive moderately message displays; faulty low pressure fuel sensor; running rough;
27  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
28  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

EXHIBIT C
111

1    hose leaking oil; breather hose cracked; premature activation of all service lights;

2    check engine light illumination; car running poorly; injector 8 failure; symptoms

3    necessitating performance of the customer car package; bad psi pump; check

4    engine light still illuminating after replacing psi pump; excessive oil consumption;

5    premature replacement of crank case breathers; coolant light illumination;

6    premature replacement of turbo inlet and return coolant lines; coolant lines

7    leaking," as vague and overly broad.

8    **CATEGORY NO. 6:**

9          Questions regarding the nature, extent, and substance of correspondence

10   between YOU, and other persons or entities regarding the ENGINE/OIL

11   CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,

12   and model as the SUBJECT VEHICLE;

13   **OBJECTION TO CATEGORY NO. 6:**

14         BMW NA will produce a witness to address the SUBJECT VEHICLE repair

15   history.

16         BMW NA objects that this category does not "describe with reasonable

17   particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

18     BMW NA objects to the request for information regarding "nature, extent, and

19   substance of correspondence" as vague, ambiguous, and overly broad and to the

20   extent that is seeks information protected from disclosure by the attorney-client

21   and work product privileges.

22         BMW NA objects to this category on the grounds that Plaintiff's proposed

23   definition of "YOU" is overly broad, harassing, unduly burdensome, and

24   improperly calls for information from third parties over whom BMW NA has no

25   control, against whom this lawsuit has not been filed, for whom BMW NA is not

26   liable, and over whom this court has no jurisdiction. BMW NA objects to the

27   extent that Plaintiff seeks to invade and violates privacy rights of undefined

28   individuals under common law, under state and federal statutes, and under state

1  and federal constitutional provisions.

2      BMW NA objects that this category is overly broad, unduly burdensome,

3  and seeks information regarding vehicles other than the SUBJECT VEHICLE and

4  issues not at stake in this litigation, which are not relevant to this action or

5  proportional to the needs of this case, because whether Plaintiff is entitled to relief

6  under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems

7  with other vehicles of the same year, make, and model as the SUBJECT VEHICLE

8  and instead relates to whether claimed nonconformities in the SUBJECT

9  VEHICLE were repaired within a reasonable number of repair attempts.

10      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

11  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

12  drive moderately message displays; faulty low pressure fuel sensor; running rough;

13  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

14  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

15  hose leaking oil; breather hose cracked; premature activation of all service lights;

16  check engine light illumination; car running poorly; injector 8 failure; symptoms

17  necessitating performance of the customer car package; bad psi pump; check

18  engine light still illuminating after replacing psi pump; excessive oil consumption;

19  premature replacement of crank case breathers; coolant light illumination;

20  premature replacement of turbo inlet and return coolant lines; coolant lines

21  leaking," as vague and overly broad.

22  **CATEGORY NO. 7:**

23      Questions regarding YOUR refusal to promptly repurchase the SUBJECT

24  VEHICLE;

25  **OBJECTION TO CATEGORY NO. 7:**

26      BMW NA will produce a witness to address BMW NA's evaluation of

27  Plaintiff's request for repurchase.

28      BMW NA objects to this category on the grounds that Plaintiff's proposed

1   definition of "YOUR" is overly broad, harassing, unduly burdensome, and

2   improperly calls for information from third parties over whom BMW NA has no

3   control, against whom this lawsuit has not been filed, for whom BMW NA is not

4   liable, and over whom this court has no jurisdiction.  BMW NA also objects to the

5   extent Plaintiff seeks information protected from disclosure by the attorney-client

6   or work product privilege.

7   **CATEGORY NO. 8:**

8       Questions regarding the nature of the ENGINE/OIL CONSUMPTION

9   DEFECT(S) in YOUR vehicles which are the same year, make, and model as the

10  SUBJECT VEHICLE, including the cause of the ENGINE/OIL CONSUMPTION

11  DEFECT(S), all available fixes that have been made available to your authorized

12  dealers to date, and the subsequent results of such fixes;

13  **OBJECTION TO CATEGORY NO. 8:**

14      BMW NA will produce a witness to address the SUBJECT VEHICLE repair

15  history.

16      BMW NA objects that this category does not "describe with reasonable

17  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

18  BMW NA objects to the phrase "available fixes" as vague, ambiguous and overly

19  broad.  BMW NA objects that this category is overly broad, unduly burdensome,

20  and seeks information regarding vehicles other than the SUBJECT VEHICLE and

21  issues not at stake in this litigation, which are not relevant.

22      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

23  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

24  drive moderately message displays; faulty low pressure fuel sensor; running rough;

25  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

26  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

27  hose leaking oil; breather hose cracked; premature activation of all service lights;

28  check engine light illumination; car running poorly; injector 8 failure; symptoms

1  necessitating performance of the customer car package; bad psi pump; check
2  engine light still illuminating after replacing psi pump; excessive oil consumption;
3  premature replacement of crank case breathers; coolant light illumination;
4  premature replacement of turbo inlet and return coolant lines; coolant lines
5  leaking," as vague and overly broad.
6  **CATEGORY NO. 9:**
7  Questions regarding YOUR ongoing efforts to repair or remedy the
8  ENGINE/OIL CONSUMPTION DEFECT(S), including all internal tests,
9  investigations and the number of modification made to YOUR vehicles with the
10  engine system used in the SUBJECT VEHICLE, including the number of such
11  modifications made to YOUR vehicles which are the same year, make and model
12  as the SUBJECT VEHICLE;
13  **OBJECTION TO CATEGORY NO. 9:**
14  BMW NA will produce a witness to address the SUBJECT VEHICLE repair
15  history.
16  BMW NA objects that this category does not "describe with reasonable
17  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
18  BMW NA objects to this category on the grounds that Plaintiff's proposed
19  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
20  improperly call for information from third parties over whom BMW NA has no
21  control, against whom this lawsuit has not been filed, for whom BMW NA is not
22  liable, and over whom this court has no jurisdiction. BMW NA objects to the
23  extent Plaintiff seeks information that may be confidential and protected as
24  proprietary, trade secret, and/or commercially sensitive without prior entry of an
25  appropriate protective order. BMW NA objects that this category is overly broad,
26  unduly burdensome, and seeks information regarding vehicles other than the
27  SUBJECT VEHICLE and issues not at stake in this litigation, which are not
28  relevant to this action or proportional to the needs of this case, because whether

1  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
2  entirely unrelated to problems with other vehicles of the same year, make, and
3  model as the SUBJECT VEHICLE and instead relates to whether claimed
4  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
5  number of repair attempts.

6      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
7  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
8  drive moderately message displays; faulty low pressure fuel sensor; running rough;
9  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
10 reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
11 hose leaking oil; breather hose cracked; premature activation of all service lights;
12 check engine light illumination; car running poorly; injector 8 failure; symptoms
13 necessitating performance of the customer car package; bad psi pump; check
14 engine light still illuminating after replacing psi pump; excessive oil consumption;
15 premature replacement of crank case breathers; coolant light illumination;
16 premature replacement of turbo inlet and return coolant lines; coolant lines
17 leaking," as vague and overly broad.

18 **CATEGORY NO. 10:**

19     Questions regarding the terms of YOUR Owners' manual, maintenance
20 schedule, YOUR express warranty or any extended warranty that might be in
21 effect, and as they relate to the ENGINE/OIL CONSUMPTION DEFECT(S) in
22 YOUR vehicles which are the same year, make, and model as the SUBJECT
23 VEHICLE;

24 **OBJECTION TO CATEGORY NO. 10:**

25     BMW NA will produce a witness to address this category as it relates to
26 portions of BMW NA's Owner's Manual reasonably at issue in this case, if any,
27 and information within BMW NA's possession.

28     BMW NA objects to this category on the grounds that Plaintiff's proposed

EXHIBIT C
116

1    definition of "YOUR" is overly broad, harassing, unduly burdensome, and
2    improperly calls for information from third parties over whom BMW NA has no
3    control, against whom this lawsuit has not been filed, for whom BMW NA is not
4    liable, and over whom this court has no jurisdiction.

5         BMW NA objects that this category is overly broad, unduly burdensome,
6    and seeks information regarding vehicles other than the SUBJECT VEHICLE and
7    issues not at stake in this litigation, which are not relevant.

8         BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
9    defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
10   drive moderately message displays; faulty low pressure fuel sensor; running rough;
11   faulty crank case breathers; faulty internally SIB 110712; surging; surging in
12   reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
13   hose leaking oil; breather hose cracked; premature activation of all service lights;
14   check engine light illumination; car running poorly; injector 8 failure; symptoms
15   necessitating performance of the customer car package; bad psi pump; check
16   engine light still illuminating after replacing psi pump; excessive oil consumption;
17   premature replacement of crank case breathers; coolant light illumination;
18   premature replacement of turbo inlet and return coolant lines; coolant lines
19   leaking," as vague and overly broad.

20   **CATEGORY NO. 11:**

21        Questions regarding all REPAIR DOCUMENTS that YOU have issued to
22   YOUR dealers and/or consumers regarding the ENGINE/OIL CONSUMPTION
23   DEFECT(S) or other non-conformities experienced by Plaintiff with respect to the
24   SUBJECT VEHICLE;

25   **OBJECTION TO CATEGORY NO. 11:**

26        BMW NA will produce a witness to address the SUBJECT VEHICLE repair
27   history.

28        BMW NA objects that this category does not "describe with reasonable

1  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

2  BMW NA objects to this category on the grounds that Plaintiff's proposed

3  definitions of "YOU" and "YOUR" are overly broad, harassing, unduly

4  burdensome, and improperly call for information from third parties over whom

5  BMW NA has no control, against whom this lawsuit has not been filed, for whom

6  BMW NA is not liable, and over whom this court has no jurisdiction.

7      BMW NA further objects to Plaintiff's proposed definition of "REPAIR

8  DOCUMENTS" to include "any and all documents which describe, outline, detail,

9  or otherwise specify diagnostic and repair procedures to be used by Defendant's

10  technicians.  Such term shall be understood to include relevant portions of the

11  Workshop Manual, Technical Service Bulletins, Recall Notices, Special Service

12  Messages, Campaign Bulletins, Diagnostic Flow Charts, Diagnostic Trouble Code

13  or Fault Code Diagnosis Keys, power point presentations, internal investigation

14  reports, field reports, causal factor analyses, failed component analyses, and/or any

15  other document [sic] which refer to, relate, or concern the repairs performed by

16  Defendant's technicians" as ambiguous, contrary to common usage, overly broad,

17  unduly burdensome, not reasonably particular and seeking information that is not

18  relevant.

19      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

20  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

21  drive moderately message displays; faulty low pressure fuel sensor; running rough;

22  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

23  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

24  hose leaking oil; breather hose cracked; premature activation of all service lights;

25  check engine light illumination; car running poorly; injector 8 failure; symptoms

26  necessitating performance of the customer car package; bad psi pump; check

27  engine light still illuminating after replacing psi pump; excessive oil consumption;

28  premature replacement of crank case breathers; coolant light illumination;

EXHIBIT C
118

1  premature replacement of turbo inlet and return coolant lines; coolant lines
2  leaking," as vague and overly broad.

3  **CATEGORY NO. 12:**

4      Questions regarding all available repairs for the ENGINE/OIL
5  CONSUMPTION DEFECT(S) and approximate dates on which those repairs were
6  made available to your dealers;

7  **OBJECTION TO CATEGORY NO. 12:**

8      BMW NA will produce a witness to address the SUBJECT VEHICLE repair
9  history.

10      BMW NA objects that this category does not "describe with reasonable
11  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
12  BMW NA objects that this category is overly broad, unduly burdensome, and
13  seeks information regarding vehicles other than the SUBJECT VEHICLE and
14  issues not at stake in this litigation, which are not relevant.

15      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
16  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
17  drive moderately message displays; faulty low pressure fuel sensor; running rough;
18  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
19  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
20  hose leaking oil; breather hose cracked; premature activation of all service lights;
21  check engine light illumination; car running poorly; injector 8 failure; symptoms
22  necessitating performance of the customer car package; bad psi pump; check
23  engine light still illuminating after replacing psi pump; excessive oil consumption;
24  premature replacement of crank case breathers; coolant light illumination;
25  premature replacement of turbo inlet and return coolant lines; coolant lines
26  leaking," as vague and overly broad.

27  **CATEGORY NO. 13:**

28      Questions regarding YOUR third-party dispute resolution program;

**OBJECTION TO CATEGORY NO. 13:**

BMW NA will produce a witness to address this category generally.

BMW NA objects to this category on the grounds that Plaintiff's proposed definition of "YOUR" is overly broad, harassing, unduly burdensome, and improperly calls for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA also objects to the extent Plaintiff seeks information that is protected from disclosure by the attorney-client or work product privileges.

**CATEGORY NO. 14:**

Questions regarding any communications concerning the ENGINE/OIL CONSUMPTION DEFECT(S), including the cause of the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE, all available remedies, and discussions of any and all modifications of YOUR vehicles' engine and related parts provided to date, and the efficacy of those modifications;

**OBJECTION TO CATEGORY NO. 14:**

BMW NA will produce a witness to address the SUBJECT VEHICLE repair history.

BMW NA objects that this category does not "describe with reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6). BMW NA objects to the request for information regarding "any communications concerning" as vague, ambiguous, and overly broad and to the extent it seeks information protected from disclosure by the attorney-client and work product privileges. BMW NA objects to the extent Plaintiff seeks information that may be confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order. BMW NA objects to the extent that Plaintiff seeks to invade and violates privacy rights of undefined

1    individuals under common law, under state and federal statutes, and under state

2    and federal constitutional provisions.   BMW NA objects that this category is

3    overly broad, unduly burdensome, and seeks information regarding vehicles other

4    than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

5    not relevant to this action or proportional to the needs of this case, because whether

6    Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

7    entirely unrelated to problems with other vehicles of the same year, make, and

8    model as the SUBJECT VEHICLE and instead relates to whether claimed

9    nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

10    number of repair attempts.

11        BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

12    defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

13    drive moderately message displays; faulty low pressure fuel sensor; running rough;

14    faulty crank case breathers; faulty internally SIB 110712; surging; surging in

15    reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

16    hose leaking oil; breather hose cracked; premature activation of all service lights;

17    check engine light illumination; car running poorly; injector 8 failure; symptoms

18    necessitating performance of the customer car package; bad psi pump; check

19    engine light still illuminating after replacing psi pump; excessive oil consumption;

20    premature replacement of crank case breathers; coolant light illumination;

21    premature replacement of turbo inlet and return coolant lines; coolant lines

22    leaking," as vague and overly broad.

23    **CATEGORY NO. 15:**

24        Questions    regarding    any    available    fix    for    the    ENGINE/OIL

25    CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,

26    and model as the SUBJECT VEHICLE;

27    **OBJECTION TO CATEGORY NO. 15:**

28        BMW NA will produce a witness to address the SUBJECT VEHICLE repair

1   history.

2        BMW NA objects that this category does not "describe with reasonable

3   particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

4    BMW NA objects to the phrase "available fix" as vague, ambiguous and overly

5   broad.  BMW NA objects that this category is overly broad, unduly burdensome,

6   and seeks information regarding vehicles other than the SUBJECT VEHICLE and

7   issues not at stake in this litigation, which are not relevant to this action or

8   proportional to the needs of this case, because whether Plaintiff is entitled to relief

9   under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems

10  with other vehicles of the same year, make, and model as the SUBJECT VEHICLE

11  and instead relates to whether claimed nonconformities in the SUBJECT

12  VEHICLE were repaired within a reasonable number of repair attempts.

13       BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

14  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

15  drive moderately message displays; faulty low pressure fuel sensor; running rough;

16  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

17  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

18  hose leaking oil; breather hose cracked; premature activation of all service lights;

19  check engine light illumination; car running poorly; injector 8 failure; symptoms

20  necessitating performance of the customer car package; bad psi pump; check

21  engine light still illuminating after replacing psi pump; excessive oil consumption;

22  premature replacement of crank case breathers; coolant light illumination;

23  premature replacement of turbo inlet and return coolant lines; coolant lines

24  leaking," as vague and overly broad.

25  **CATEGORY NO. 16:**

26       Questions regarding the nature, extent, and substance of correspondence

27  between YOU, and other persons or entities regarding the AIR CONDITIONING

28  DEFECT(S) in YOUR vehicles which are the same year, make, and model as the

1   SUBJECT VEHICLE;

2   **OBJECTION TO CATEGORY NO. 16:**

3        BMW NA will produce a witness to address the SUBJECT VEHICLE repair
4   history.

5        BMW NA objects that this category does not "describe with reasonable
6   particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
7    BMW NA objects to the request for information regarding "nature, extent, and
8   substance of correspondence" as vague, ambiguous, and overly broad and to the
9   extent that is seeks information protected from disclosure by the attorney-client
10  and work product privileges.

11       BMW NA objects to this category on the grounds that Plaintiff's proposed
12  definitions of "YOU" and "YOUR" is overly broad, harassing, unduly
13  burdensome, and improperly calls for information from third parties over whom
14  BMW NA has no control, against whom this lawsuit has not been filed, for whom
15  BMW NA is not liable, and over whom this court has no jurisdiction.  BMW NA
16  objects to the extent that Plaintiff seeks to invade and violates privacy rights of
17  undefined individuals under common law, under state and federal statutes, and
18  under state and federal constitutional provisions.

19       BMW NA objects that this category is overly broad, unduly burdensome,
20  and seeks information regarding vehicles other than the SUBJECT VEHICLE and
21  issues not at stake in this litigation, which are not relevant to this action or
22  proportional to the needs of this case, because whether Plaintiff is entitled to relief
23  under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems
24  with other vehicles of the same year, make, and model as the SUBJECT VEHICLE
25  and instead relates to whether claimed nonconformities in the SUBJECT
26  VEHICLE were repaired within a reasonable number of repair attempts.

27       BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
28  by Plaintiff as "such defects which result in symptoms such as: air conditioning

1  blowing erratic; faulty blower motor; air conditioning turning off and on; air
2  conditioning sounding like a motor running; loud noise when running air
3  conditioning; defective blower output stage unit; defective blower motor," as vague
4  and overly broad.

5  **CATEGORY NO. 17:**

6      Questions regarding the nature of the AIR CONDITIONING DEFECT(S) in
7  YOUR vehicles which are the same year, make, and model as the SUBJECT
8  VEHICLE, including the cause of the AIR CONDITIONING DEFECT(S), all
9  available fixes that have been made available to your authorized dealers to date,
10  and the subsequent results of such fixes;

11  **OBJECTION TO CATEGORY NO. 17:**

12      BMW NA will produce a witness to address the SUBJECT VEHICLE repair
13  history.

14      BMW NA objects that this category does not "describe with reasonable
15  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
16  BMW NA objects to the phrase "available fixes" as vague, ambiguous and overly
17  broad. BMW NA objects that this category is overly broad, unduly burdensome,
18  and seeks information regarding vehicles other than the SUBJECT VEHICLE and
19  issues not at stake in this litigation, which are not relevant.

20      BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
21  by Plaintiff as "such defects which result in symptoms such as: air conditioning
22  blowing erratic; faulty blower motor; air conditioning turning off and on; air
23  conditioning sounding like a motor running; loud noise when running air
24  conditioning; defective blower output stage unit; defective blower motor," as vague
25  and overly broad.

26  **CATEGORY NO. 18:**

27      Questions regarding YOUR ongoing efforts to repair or remedy the AIR
28  CONDITIONING DEFECT(S), including all internal tests, investigations and the

1    number of modification made to YOUR vehicles with the air conditioning system

2    used in the SUBJECT VEHICLE, including the number of such modifications

3    made to YOUR vehicles which are the same year, make and model as the

4    SUBJECT VEHICLE;

5    **OBJECTION TO CATEGORY NO. 18:**

6        BMW NA will produce a witness to address the SUBJECT VEHICLE repair

7    history.

8        BMW NA objects that this category does not "describe with reasonable

9    particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

10   BMW NA objects to this category on the grounds that Plaintiff's proposed

11   definition of "YOUR" is overly broad, harassing, unduly burdensome, and

12   improperly call for information from third parties over whom BMW NA has no

13   control, against whom this lawsuit has not been filed, for whom BMW NA is not

14   liable, and over whom this court has no jurisdiction.

15       BMW NA objects to the extent Plaintiff seeks information that may be

16   confidential and protected as proprietary, trade secret, and/or commercially

17   sensitive without prior entry of an appropriate protective order. BMW NA objects

18   that this category is overly broad, unduly burdensome, and seeks information

19   regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in

20   this litigation, which are not relevant to this action or proportional to the needs of

21   this case, because whether Plaintiff is entitled to relief under the Song-Beverly

22   Consumer Warranty Act is entirely unrelated to problems with other vehicles of the

23   same year, make, and model as the SUBJECT VEHICLE and instead relates to

24   whether claimed nonconformities in the SUBJECT VEHICLE were repaired within

25   a reasonable number of repair attempts.

26       BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

27   by Plaintiff as "such defects which result in symptoms such as: air conditioning

28   blowing erratic; faulty blower motor; air conditioning turning off and on; air

1   conditioning sounding like a motor running; loud noise when running air
2   conditioning; defective blower output stage unit; defective blower motor," as vague
3   and overly broad.

4   **CATEGORY NO. 19**:

5       Questions regarding the terms of YOUR Owners' manual, maintenance
6   schedule, YOUR express warranty or any extended warranty that might be in
7   effect, and as they relate to the AIR CONDITIONING DEFECT(S) in YOUR
8   vehicles which are the same year, make, and model as the SUBJECT VEHICLE;

9   **OBJECTION TO CATEGORY NO. 19**:

10      BMW NA will produce a witness to address this category as it relates to
11  portions of BMW NA's Owner's Manual reasonably at issue in this case, if any,
12  and information within BMW NA's possession.

13      BMW NA objects to this category on the grounds that Plaintiff's proposed
14  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
15  improperly calls for information from third parties over whom BMW NA has no
16  control, against whom this lawsuit has not been filed, for whom BMW NA is not
17  liable, and over whom this court has no jurisdiction.

18      BMW NA objects that this category is overly broad, unduly burdensome,
19  and seeks information regarding vehicles other than the SUBJECT VEHICLE and
20  issues not at stake in this litigation, which are not relevant

21      BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
22  by Plaintiff as "such defects which result in symptoms such as: air conditioning
23  blowing erratic; faulty blower motor; air conditioning turning off and on; air
24  conditioning sounding like a motor running; loud noise when running air
25  conditioning; defective blower output stage unit; defective blower motor," as vague
26  and overly broad.

27  **CATEGORY NO. 20**:

28      Questions regarding all REPAIR DOCUMENTS that YOU have issued to

1  YOUR   dealers   and/or   consumers   regarding   the   AIR   CONDITIONING

2  DEFECT(S) or other non-conformities experienced by Plaintiff with respect to the

3  SUBJECT VEHICLE;

4  **OBJECTION TO CATEGORY NO. 20:**

5      BMW NA will produce a witness to address the SUBJECT VEHICLE repair

6  history.

7      BMW NA objects that this category does not "describe with reasonable

8  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

9   BMW NA objects to this category on the grounds that Plaintiff's proposed

10  definitions of "YOU" and "YOUR" are overly broad, harassing, unduly

11  burdensome, and improperly call for information from third parties over whom

12  BMW NA has no control, against whom this lawsuit has not been filed, for whom

13  BMW NA is not liable, and over whom this court has no jurisdiction.

14      BMW NA further objects to Plaintiff's proposed definition of "REPAIR

15  DOCUMENTS" to include "any and all documents which describe, outline, detail,

16  or otherwise specify diagnostic and repair procedures to be used by Defendant's

17  technicians.  Such term shall be understood to include relevant portions of the

18  Workshop Manual, Technical Service Bulletins, Recall Notices, Special Service

19  Messages, Campaign Bulletins, Diagnostic Flow Charts, Diagnostic Trouble Code

20  or Fault Code Diagnosis Keys, power point presentations, internal investigation

21  reports, field reports, causal factor analyses, failed component analyses, and/or any

22  other document [sic] which refer to, relate, or concern the repairs performed by

23  Defendant's technicians" as ambiguous, contrary to common usage, overly broad,

24  unduly burdensome, not reasonably particular and seeking information that is not

25  relevant.

26      BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

27  by Plaintiff as "such defects which result in symptoms such as: air conditioning

28  blowing erratic; faulty blower motor; air conditioning turning off and on; air

1  conditioning sounding like a motor running; loud noise when running air
2  conditioning; defective blower output stage unit; defective blower motor," as vague
3  and overly broad.
4  **CATEGORY NO. 21:**
5      Questions regarding all available repairs for the AIR CONDITIONING
6  DEFECT(S) and approximate dates on which those repairs were made available to
7  your dealers;
8  **OBJECTION TO CATEGORY NO. 21:**
9      BMW NA will produce a witness to address the SUBJECT VEHICLE repair
10 history.
11     BMW NA objects that this category does not "describe with reasonable
12 particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
13  BMW NA objects that this category is overly broad, unduly burdensome, and
14 seeks information regarding vehicles other than the SUBJECT VEHICLE and
15 issues not at stake in this litigation, which are not relevant.
16     BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
17 by Plaintiff as "such defects which result in symptoms such as: air conditioning
18 blowing erratic; faulty blower motor; air conditioning turning off and on; air
19 conditioning sounding like a motor running; loud noise when running air
20 conditioning; defective blower output stage unit; defective blower motor," as vague
21 and overly broad.
22 **CATEGORY NO. 22:**
23     Questions regarding any communications concerning the AIR
24 CONDITIONING DEFECT(S), including the cause of the AIR CONDITIONING
25 DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
26 SUBJECT VEHICLE, all available remedies, and discussions of any and all
27 modifications of YOUR vehicles' air conditioning system and related parts
28 provided to date, and the efficacy of those modifications;

**OBJECTION TO CATEGORY NO. 22:**

   BMW NA objects that this category does not "describe with reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6). BMW NA objects to the request for information regarding "any communications concerning" as vague, ambiguous, and overly broad. BMW NA objects to the extent Plaintiff seeks information that may be confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order. BMW NA objects to the extent that Plaintiff seeks to invade and violate privacy rights of undefined individuals under common law, under state and federal statutes, and under state and federal constitutional provisions.

   BMW NA objects that this category is overly broad, unduly burdensome, and seeks information regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in this litigation, which are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.

   BMW NA objects to the term "AIR CONDITIONING DEFECT," defined by Plaintiff as "such defects which result in symptoms such as: air conditioning blowing erratic; faulty blower motor; air conditioning turning off and on; air conditioning sounding like a motor running; loud noise when running air conditioning; defective blower output stage unit; defective blower motor," as vague and overly broad.

**CATEGORY NO. 23:**

   Questions regarding any available fix for the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make, and model as the

1  SUBJECT VEHICLE;

2  **OBJECTION TO CATEGORY NO. 23:**

3       BMW NA will produce a witness to address the SUBJECT VEHICLE repair
4  history.

5       BMW NA objects that this category does not "describe with reasonable
6  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
7  BMW NA objects to the phrase "available fix" as vague, ambiguous and overly
8  broad.

9       BMW NA objects that this category is overly broad, unduly burdensome,
10 and seeks information regarding vehicles other than the SUBJECT VEHICLE and
11 issues not at stake in this litigation, which are not relevant to this action or
12 proportional to the needs of this case, because whether Plaintiff is entitled to relief
13 under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems
14 with other vehicles of the same year, make, and model as the SUBJECT VEHICLE
15 and instead relates to whether claimed nonconformities in the SUBJECT
16 VEHICLE were repaired within a reasonable number of repair attempts.

17      BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
18 by Plaintiff as "such defects which result in symptoms such as: air conditioning
19 blowing erratic; faulty blower motor; air conditioning turning off and on; air
20 conditioning sounding like a motor running; loud noise when running air
21 conditioning; defective blower output stage unit; defective blower motor," as vague
22 and overly broad.

23 **CATEGORY NO. 24:**

24      Questions regarding YOUR policies and procedures to ensure you are in
25 compliance with the requirements of the Song Beverly Consumer Warranty Act;

26 **OBJECTION TO CATEGORY NO. 24:**

27      BMW NA will produce a witness to address this category generally.

28      BMW NA objects that this category does not "describe with reasonable

1    particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

2    BMW NA objects to this category on the grounds that Plaintiff's proposed

3    definition of "YOUR" is overly broad, harassing, unduly burdensome, and

4    improperly calls for information from third parties over whom BMW NA has no

5    control, against whom this lawsuit has not been filed, for whom BMW NA is not

6    liable, and over whom this court has no jurisdiction. BMW NA also objects to the

7    extent Plaintiff seeks information protected from disclosure by the attorney-client

8    or work product privilege.

9         BMW NA objects that this category seeks information regarding vehicles

10   other than the SUBJECT VEHICLE and issues not at stake in this litigation.

11   BMW NA objects to the extent that this category seeks information that is not

12   relevant because whether Plaintiff is entitled to relief under the Song-Beverly

13   Consumer Warranty Act is entirely unrelated to "policies and procedures to ensure

14   you are in compliance with the requirements of the Song Beverly Consumer

15   Warranty Act."

16   **CATEGORY NO. 25**:

17        Questions regarding your procedures to implement YOUR compliance with

18   the requirements of the Song Beverly Consumer Warranty Act;

19   **OBJECTION TO CATEGORY NO. 25**:

20        BMW NA will produce a witness to address this category generally.

21        BMW NA objects that this category does not "describe with reasonable

22   particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

23   BMW NA objects to this category on the grounds that Plaintiff's proposed

24   definition of "YOUR" is overly broad, harassing, unduly burdensome, and

25   improperly calls for information from third parties over whom BMW NA has no

26   control, against whom this lawsuit has not been filed, for whom BMW NA is not

27   liable, and over whom this court has no jurisdiction. BMW NA also objects to the

28   extent Plaintiff seeks information that is protected from disclosure by the attorney-

1   client or work product privilege.

2       BMW NA objects that this category seeks information regarding vehicles

3   other than the SUBJECT VEHICLE and issues not at stake in this litigation.

4   BMW NA objects to the extent that this category seeks information that is not

5   relevant because whether Plaintiff is entitled to relief under the Song-Beverly

6   Consumer Warranty Act is entirely unrelated to "procedures to implement YOUR

7   compliance with the requirements of the Song Beverly Consumer Warranty Act."

8   **CATEGORY NO. 26:**

9       Questions concerning how YOU calculate restitution offered to consumers

10   pursuant to the Song Beverly Consumer Warranty Act;

11   **OBJECTION TO CATEGORY NO. 26:**

12       BMW NA objects that this category does not "describe with reasonable

13   particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

14   BMW NA objects to this category on the grounds that Plaintiff's proposed

15   definition of "YOUR" is overly broad, harassing, unduly burdensome, and

16   improperly calls for information from third parties over whom BMW NA has no

17   control, against whom this lawsuit has not been filed, for whom BMW NA is not

18   liable, and over whom this court has no jurisdiction. BMW NA objects to the

19   extent that Plaintiff's proposed definitions purports to impose upon BMW NA the

20   burden to seek information from agents, employees, and other entities, and

21   information not within BMW NA's possession, custody or control. BMW NA

22   further objects to this matter to the extent that it seeks information that is

23   confidential and protected as proprietary, trade secret, and/or commercially

24   sensitive without prior entry of an appropriate protective order, or documents

25   protected by the attorney-client privilege and/or work-product doctrine.

26   **CATEGORY NO. 27:**

27       Questions regarding YOUR efforts to preserve relevant and discoverable

28   information in this matter, including, but not limited to, any preservation letters,

1  the custodians upon whom such preservation letters were sent, the efforts
2  undertaken to prevent against the deletion or destruction of information, etc.

3  **OBJECTION TO CATEGORY NO. 27:**

4       BMW NA objects that this category does not "describe with reasonable
5  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
6  BMW NA objects to this category on the grounds that Plaintiff's proposed
7  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
8  improperly calls for information from third parties over whom BMW NA has no
9  control, against whom this lawsuit has not been filed, for whom BMW NA is not
10  liable, and over whom this court has no jurisdiction. BMW NA also objects to the
11  extent Plaintiff seeks information protected from disclosure by the attorney-client
12  or work product privilege. BMW NA further objects that this category seeks
13  information which is not relevant.

14  **CATEGORY NO. 28:**

15       Questions regarding YOUR efforts to search for documents and information
16  responsive to Plaintiff's discovery requests in this matter, including, but not limited
17  to, the sources of information (both hard copy and electronic databases) searched,
18  the search methods employed, the search terms employed, the identification of
19  custodians for such sources of information, etc.

20  **OBJECTION TO CATEGORY NO. 28:**

21       BMW NA objects that this category does not "describe with reasonable
22  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
23  BMW NA objects to this category on the grounds that Plaintiff's proposed
24  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
25  improperly calls for information from third parties over whom BMW NA has no
26  control, against whom this lawsuit has not been filed, for whom BMW NA is not
27  liable, and over whom this court has no jurisdiction. BMW NA also objects to the
28  extent Plaintiff seeks information protected from disclosure by the attorney-client

1  or work product privilege. BMW NA further objects that this category seeks
2  information which is not relevant.

3  **RESPONSES TO ITEMS TO BE PRODUCED**

4  **REQUEST FOR PRODUCTION NO. 1:**

5       All post-delivery and pre-delivery repair orders pertaining to the SUBJECT
6  VEHICLE in your possession and control, including all technicians' and/or
7  mechanics' notes pertaining to the vehicle.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

9       BMW NA refers Plaintiff to the repair records currently in BMW NA's
10 possession, applicable to the SUBJECT VEHICLE, which BMW NA previously
11 produced to Plaintiff with its Initial Disclosures.

12      To the extent Plaintiff seeks a further response, BMW NA objects to this
13 request as vague, overly broad, unduly burdensome, and seeking documents that
14 are not relevant, as it encompasses issues not at stake in this litigation.  BMW NA
15 objects to the extent Plaintiff seeks information and documents not within BMW
16 NA's possession, custody or control.

17 **REQUEST FOR PRODUCTION NO. 2:**

18      The warranty repair history relating to the vehicle as kept in its ordinary
19 course of business by YOU and/or YOUR authorized repair facilities.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

21      BMW NA refers Plaintiff to the Warranty Vehicle Inquiry that BMW NA
22 previously produced to Plaintiff with its Initial Disclosures.

23      To the extent Plaintiff seeks a further response, BMW NA objects to
24 Plaintiff's proposed definitions of "YOU" and "YOUR" as overly broad, harassing,
25 unduly burdensome, and improperly calling for documents from third parties over
26 whom BMW NA has no control, against whom this lawsuit has not been filed, for
27 whom BMW NA is not liable, and over whom this court has no jurisdiction.
28 BMW NA objects to the extent that Plaintiff's proposed definition purports to

1   impose upon BMW NA the burden to seek documents from agents, employees, and

2   other entities, and materials not within BMW NA's possession, custody or control.

3   BMW NA responds on its own behalf only.

4   **REQUEST FOR PRODUCTION NO. 3:**

5           All internal reports, memoranda, correspondence and regional field reports

6   pertaining to the SUBJECT VEHICLE.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

8           BMW NA refers Plaintiff to the Customer Care Specialist File, Customer

9   Relations File and PuMA Case No. 59070616, which BMW NA previously

10  produced to Plaintiff with its Initial Disclosures.

11          To the extent Plaintiff seeks a further response, BMW NA objects to this

12  request as vague, overly broad, unduly burdensome, seeking documents that are

13  not relevant, and to the extent that it seeks documents not within BMW NA's

14  possession, custody or control. BMW NA also objects to this request to the extent

15  it seeks materials that are confidential and protected as proprietary, trade secret,

16  and/or commercially sensitive without prior entry of an appropriate protective

17  order, or documents protected by the attorney-client privilege and/or work product

18  doctrine.

19  **REQUEST FOR PRODUCTION NO. 4:**

20          All reports, memoranda, correspondence, zone office reports and/or any

21  other documentation created by YOU or YOUR authorized dealership(s) due to

22  Plaintiff's contact with YOU or YOUR authorized dealership(s) by way of either

23  writing, telephone or in person.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

25          BMW NA objects to the extent that it seeks materials not within BMW NA's

26  possession, custody or control. BMW NA also objects to this request to the extent

27  it seeks materials that are confidential and protected as proprietary, trade secret,

28  and/or commercially sensitive without prior entry of an appropriate protective

EXHIBIT C
135

1  order, or documents protected by the attorney-client privilege and/or work product

2  doctrine.

3      BMW NA objects to Plaintiff's proposed definitions of "YOU" and

4  "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling

5  for documents from third parties over whom BMW NA has no control, against

6  whom this lawsuit has not been filed, for whom BMW NA is not liable, and over

7  whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

8  proposed definition purports to impose upon BMW NA the burden to seek

9  documents from agents, employees, and other entities, and materials not within

10  BMW NA's possession, custody or control. BMW NA responds on its own behalf

11  only.

12  **REQUEST FOR PRODUCTION NO. 5:**

13      All records, invoices, and other documentation relating to the purchase of

14  the SUBJECT VEHICLE.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16      BMW NA refers Plaintiff to the Owner's Manual, Retail Installment Sale

17  Contract and Service and Warranty Information Booklet applicable to the

18  SUBJECT VEHICLE, which BMW NA previously produced to Plaintiff with its

19  Initial Disclosures.

20      To the extent Plaintiff seeks a further response, BMW NA objects to this

21  request as vague, overly broad, unduly burdensome, and seeking materials that are

22  not relevant, and to the extent that it seeks materials not within BMW NA's

23  possession, custody or control.

24  **REQUEST FOR PRODUCTION NO. 6:**

25      All copies of all written warranties issued by YOU and/or its authorized

26  dealership(s) regarding the vehicle. This request is being made to obtain an

27  authentic, unaltered copy.

28  / / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

BMW NA refers Plaintiff to the Service and Warranty Information Booklet and Warranty extensions applicable to the SUBJECT VEHICLE, which BMW NA previously produced to Plaintiff with its Initial Disclosures.

To the extent Plaintiff seeks a further response, BMW NA objects to this request as vague, overly broad, unduly burdensome, and seeking documents that are not relevant to this action, as it encompasses issues not at stake in this litigation.

BMW NA objects to Plaintiff's proposed definition of "YOU" as overly broad, harassing, unduly burdensome, and improperly calling for documents from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents relied upon by YOU in formulating YOUR Answer and affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

BMW NA refers Plaintiff to the Service History Recap; Customer Relations file; Warranty Vehicle Inquiry; Customer Care Specialist file; Retail Installment Sales Contract; PuMA Case No. 59070616; and repair records currently in BMW NA's possession, applicable to the SUBJECT VEHICLE during Plaintiff's ownership of the SUBJECT VEHICLE, previously produced to Plaintiff with BMW NA's Initial Disclosures.

BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for

1  information from third parties over whom BMW NA has no control, against whom

2  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

3  this court has no jurisdiction.  BMW NA objects to the extent that Plaintiff's

4  proposed definition purports to impose upon BMW NA the burden to seek

5  documents from agents, employees, and other entities, and materials not within

6  BMW NA's possession, custody or control. BMW NA responds on its own behalf

7  only.

8      BMW NA further objects to this request to the extent Plaintiff seeks

9  materials that are confidential and protected as proprietary, trade secret, and/or

10  commercially sensitive without prior entry of an appropriate protective order, or

11  documents protected by the attorney-client privilege and/or work product doctrine

12  **REQUEST FOR PRODUCTION NO. 8:**

13      All portions of your repair manual relating to the engine in the SUBJECT

14  VEHICLE (or vehicles of the same year, make, and model as the SUBJECT

15  VEHICLE), as well as any and all related diagnostic and/or repair procedures.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

17      BMW NA objects to this request to the extent Plaintiff seeks materials that

18  are confidential and protected as proprietary, trade secret, and/or commercially

19  sensitive without prior entry of an appropriate protective order. BMW NA objects

20  that this request seeks materials regarding vehicles other than the SUBJECT

21  VEHICLE and issues not at stake in this litigation, which are not relevant to this

22  action.

23  **REQUEST FOR PRODUCTION NO. 9:**

24      All portions of your repair manual relating to the air conditioning system in

25  the SUBJECT VEHICLE (or vehicles of the same year, make, and model as the

26  SUBJECT VEHICLE), as well as any and all related diagnostic and/or repair

27  procedures.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

1        BMW NA objects to this request to the extent Plaintiff seeks materials that

2   are confidential and protected as proprietary, trade secret, and/or commercially

3   sensitive without prior entry of an appropriate protective order. BMW NA objects

4   that this request seeks materials regarding vehicles other than the SUBJECT

5   VEHICLE and issues not at stake in this litigation, which are not relevant to this

6   action.

7   **REQUEST FOR PRODUCTION NO. 10:**

8        All documents upon which YOU rely in believing that YOUR failure to

9   promptly repurchase the SUBJECT VEHICLE was not willful.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11       BMW NA refers Plaintiff to the Service History Recap; Customer Relations

12  file; Warranty Vehicle Inquiry; Customer Care Specialist file; Retail Installment

13  Sales Contract; PuMA Case No. 59070616; and repair records currently in BMW

14  NA's possession, applicable to the SUBJECT VEHICLE during Plaintiff's

15  ownership of the SUBJECT VEHICLE previously produced to Plaintiff with

16  BMW NA's Initial Disclosures.

17       BMW NA objects to "willful" in the context of this request as vague,

18  ambiguous, and argumentative. BMW NA objects to Plaintiff's proposed

19  definitions of "YOU" and "YOUR" as overly broad, harassing, unduly

20  burdensome, and improperly calling for information from third parties over whom

21  BMW NA has no control, against whom this lawsuit has not been filed, for whom

22  BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA

23  objects to the extent that Plaintiff's proposed definition purports to impose upon

24  BMW NA the burden to seek documents from agents, employees, and other

25  entities, and materials not within BMW NA's possession, custody or control.

26  **REQUEST FOR PRODUCTION NO. 11:**

27       All documents YOU issued with respect to the ENGINE/OIL

28  CONSUMPTION DEFECT(S) that Plaintiff has experienced with the SUBJECT

EXHIBIT C
139

1  VEHICLE.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

3      BMW NA objects to Plaintiff's proposed definition of "YOU" as overly
4  broad, harassing, unduly burdensome, and improperly calling for information from
5  third parties over whom BMW NA has no control, against whom this lawsuit has
6  not been filed, for whom BMW NA is not liable, and over whom this court has no
7  jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
8  purports to impose upon BMW NA the burden to seek documents from agents,
9  employees, and other entities, and materials not within BMW NA's possession,
10  custody or control. BMW NA responds on its own behalf only. BMW NA further
11  objects to this request to the extent Plaintiff seeks materials that are confidential
12  and protected as proprietary, trade secret, and/or commercially sensitive without
13  prior entry of an appropriate protective order.

14      BMW NA objects that this request seeks documents regarding vehicles other
15  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
16  not relevant to this action or proportional to the needs of this case, because whether
17  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
18  entirely unrelated to problems with other vehicles of the same year, make, and
19  model as the SUBJECT VEHICLE and instead relates to whether claimed
20  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
21  number of repair attempts.

22      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
23  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
24  drive moderately message displays; faulty low pressure fuel sensor; running rough;
25  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
26  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
27  hose leaking oil; breather hose cracked; premature activation of all service lights;
28  check engine light illumination; car running poorly; injector 8 failure; symptoms

1 | necessitating performance of the customer car package; bad psi pump; check
2 | engine light still illuminating after replacing psi pump; excessive oil consumption;
3 | premature replacement of crank case breathers; coolant light illumination;
4 | premature replacement of turbo inlet and return coolant lines; coolant lines
5 | leaking," as vague and overly broad. Plaintiff's definition results in a request for
6 | documents not described with reasonable particularity as required by Fed. R. Civ.
7 | P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
8 | that are not relevant.

9 | **REQUEST FOR PRODUCTION NO. 12:**

10 | Provide each and every opinion/expert witness report that YOU used or
11 | received in any proceedings with respect to the ENGINE/OIL CONSUMPTION
12 | DEFECT(S).

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

14 | The fact that expert witnesses may have prepared reports for other cases
15 | does not make those reports relevant or otherwise discoverable in this case. Facts
16 | and circumstances surrounding other lawsuits vary widely, and have no
17 | relationship to this case, and are not relevant to this action. BMW NA objects that
18 | this request seeks documents regarding vehicles other than the SUBJECT
19 | VEHICLE and issues not at stake in this litigation, which are not relevant to this
20 | action or proportional to the needs of this case, because whether Plaintiff is entitled
21 | to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to
22 | problems with other vehicles of the same year, make, and model as the SUBJECT
23 | VEHICLE and instead relates to whether claimed nonconformities in the
24 | SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.
25 | BMW NA objects to this request in light of the limited amount in controversy and
26 | the unimportance of the requested discovery in resolving the issues in this case.
27 | The burden and expense of the discovery far outweighs its likely benefit. Fed. R.
28 | Civ. P. 26(b)(1).

1    BMW NA objects to this request to the extent that it seeks materials that are
2    confidential and protected as proprietary, trade secret, and/or commercially
3    sensitive without prior entry of an appropriate protective order, or documents
4    protected by the consulting expert privilege, attorney-client privilege and/or work-
5    product doctrine.

6    BMW NA objects further that this request seeks information regarding
7    vehicles other than the SUBJECT VEHICLE, including private information of
8    third parties.

9    BMW NA objects to Plaintiff's proposed definition of "YOU" as overly
10   broad, harassing, unduly burdensome, and improperly calling for information from
11   third parties over whom BMW NA has no control, against whom this lawsuit has
12   not been filed, for whom BMW NA is not liable, and over whom this court has no
13   jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
14   purports to impose upon BMW NA the burden to seek documents from agents,
15   employees, and other entities, and materials not within BMW NA's possession,
16   custody or control. BMW NA responds on its own behalf only.

17   BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
18   defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
19   drive moderately message displays; faulty low pressure fuel sensor; running rough;
20   faulty crank case breathers; faulty internally SIB 110712; surging; surging in
21   reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
22   hose leaking oil; breather hose cracked; premature activation of all service lights;
23   check engine light illumination; car running poorly; injector 8 failure; symptoms
24   necessitating performance of the customer car package; bad psi pump; check
25   engine light still illuminating after replacing psi pump; excessive oil consumption;
26   premature replacement of crank case breathers; coolant light illumination;
27   premature replacement of turbo inlet and return coolant lines; coolant lines
28   leaking," as vague and overly broad. Plaintiff's definition results in a request for

1 documents not described with reasonable particularity as required by Fed. R. Civ.

2 P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

3 that are not relevant.

4 **REQUEST FOR PRODUCTION NO. 13:**

5     Any and all documents, papers, correspondence, memos, repair orders, work

6 orders, computer print-outs, vehicle inquiry reports, documents, or receipts

7 evidencing the performance of any repair work, whether covered under YOUR

8 warranty or not, done to the SUBJECT VEHICLE.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

10     BMW NA refers Plaintiff to the repair records currently in BMW NA's

11 possession applicable to the SUBJECT VEHICLE and PuMA Case No.

12 59070616, which BMW NA previously produced to Plaintiff with its Initial

13 Disclosures.

14     To the extent plaintiff seeks a further response, BMW NA objects to

15 Plaintiff's proposed definition of "YOUR" as overly broad, harassing, unduly

16 burdensome, and improperly calling for documents from third parties over whom

17 BMW NA has no control, against whom this lawsuit has not been filed, for whom

18 BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA

19 objects to the extent that Plaintiff's proposed definition purports to impose upon

20 BMW NA the burden to seek documents from agents, employees, and other

21 entities, and materials not within BMW NA's possession, custody or control.

22 BMW NA responds on its own behalf only.

23     BMW NA objects that Plaintiff's request seeks documents not described

24 with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). BMW NA

25 objects to this request as vague, overly broad, unduly burdensome, and seeking

26 documents that are not relevant, and to the extent that it seeks documents not

27 within BMW NA's possession, custody or control.

28 **REQUEST FOR PRODUCTION NO. 14:**

1  Any and all contract(s) between YOU and YOUR authorized dealership(s)
2  that performed repairs to the SUBJECT VEHICLE, including your franchise
3  contract and warranty policies and procedure manual.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

5  BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
6  as overly broad, harassing, unduly burdensome, and improperly calling for
7  information from third parties over whom BMW NA has no control, against whom
8  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
9  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
10  proposed definition purports to impose upon BMW NA the burden to seek
11  documents from agents, employees, and other entities, and materials not within
12  BMW NA's possession, custody or control. BMW NA responds on its own behalf
13  only.

14  BMW NA objects to this request as vague, overly broad, unduly
15  burdensome, seeking documents that are not relevant to this action. BMW NA
16  further objects to this request to the extent Plaintiff seeks materials that are
17  confidential and protected as proprietary, trade secret, and/or commercially
18  sensitive without prior entry of an appropriate protective order.

19  **REQUEST FOR PRODUCTION NO. 15:**

20  Any lists authored by YOU that decipher any diagnostic codes or repair
21  codes that YOU instruct YOUR authorized dealership(s) to document on the repair
22  orders, including all diagnostic codes pertaining to the ENGINE/OIL
23  CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,
24  and model as the SUBJECT VEHICLE.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

26  BMW NA objects to this demand as vague, overly broad, unduly
27  burdensome, seeking materials that are not relevant to this action, and to the extent
28  that it seeks information not within BMW NA's possession, custody or control.

1  BMW NA also objects to this demand to the extent it seeks materials that are
2  confidential and protected as proprietary, trade secret, and/or commercially
3  sensitive without prior entry of an appropriate protective order.

4       BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
5  as overly broad, harassing, unduly burdensome, and improperly calling for
6  documents from third parties over whom BMW NA has no control, against whom
7  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
8  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
9  proposed definition purports to impose upon BMW NA the burden to seek
10  documents from agents, employees, and other entities, and materials not within
11  BMW NA's possession, custody or control.

12       BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
13  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
14  drive moderately message displays; faulty low pressure fuel sensor; running rough;
15  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
16  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
17  hose leaking oil; breather hose cracked; premature activation of all service lights;
18  check engine light illumination; car running poorly; injector 8 failure; symptoms
19  necessitating performance of the customer car package; bad psi pump; check
20  engine light still illuminating after replacing psi pump; excessive oil consumption;
21  premature replacement of crank case breathers; coolant light illumination;
22  premature replacement of turbo inlet and return coolant lines; coolant lines
23  leaking," as vague and overly broad. Plaintiff's definition results in a request for
24  documents not described with reasonable particularity as required by Fed. R. Civ.
25  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
26  that are not relevant.

27  **REQUEST FOR PRODUCTION NO. 16:**

28       All documents that YOU or YOUR representatives use to evaluate

1   consumers' request for vehicle repurchase, including any all document used to

2   evaluate consumers' requests for vehicle repurchase related to the ENGINE/OIL

3   CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,

4   and model as the SUBJECT VEHICLE.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

6       BMW NA objects to this request as vague, overly broad and seeking

7   documents that are not relevant to this action.  In addition, BMW NA objects to

8   this request to the extent that it seeks materials that are confidential and protected

9   as proprietary, trade secret, and/or commercially sensitive without prior entry of an

10  appropriate protective order, and/or protected by the attorney-client privilege

11  and/or work-product doctrine.

12      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

13  as overly broad, harassing, unduly burdensome, and improperly calling for

14  information from third parties over whom BMW NA has no control, against whom

15  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

16  this court has no jurisdiction.  BMW NA objects to the extent that Plaintiff's

17  proposed definition purports to impose upon BMW NA the burden to seek

18  documents from agents, employees, and other entities, and materials not within

19  BMW NA's possession, custody or control.  BMW NA responds on its own behalf

20  only.

21      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

22  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

23  drive moderately message displays; faulty low pressure fuel sensor; running rough;

24  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

25  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

26  hose leaking oil; breather hose cracked; premature activation of all service lights;

27  check engine light illumination; car running poorly; injector 8 failure; symptoms

28  necessitating performance of the customer car package; bad psi pump; check

1  engine light still illuminating after replacing psi pump; excessive oil consumption;

2  premature replacement of crank case breathers; coolant light illumination;

3  premature replacement of turbo inlet and return coolant lines; coolant lines

4  leaking," as vague and overly broad. Plaintiff's definition results in a request for

5  documents not described with reasonable particularity as required by Fed. R. Civ.

6  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

7  that are not relevant.

8  **REQUEST FOR PRODUCTION NO. 17:**

9      Please produce the Warranty Vehicle Inquiry of all 2009 through 2014

10  Model Year BMW vehicles that YOU have repurchased under the Song Beverly

11  Act in the past four years for nonconformities related to the ENGINE/OIL

12  CONSUMPTION DEFECT(S).

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

14      BMW NA objects that this request seeks documents regarding vehicles other

15  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

16  not relevant to this action or proportional to the needs of this case, because whether

17  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

18  entirely unrelated to problems with other vehicles of the same year, make, and

19  model as the SUBJECT VEHICLE and instead relates to whether claimed

20  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

21  number of repair attempts. BMW NA objects to this request in light of the limited

22  amount in controversy and the unimportance of the requested discovery in

23  resolving the issues in this case. The burden and expense of the discovery far

24  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

25      BMW NA objects to Plaintiff's proposed definition of "YOU" as overly

26  broad, harassing, unduly burdensome, and improperly calling for information from

27  third parties over whom BMW NA has no control, against whom this lawsuit has

28  not been filed, for whom BMW NA is not liable, and over whom this court has no

1    jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition

2    purports to impose upon BMW NA the burden to seek documents from agents,

3    employees, and other entities, and materials not within BMW NA's possession,

4    custody or control.  BMW NA responds on its own behalf only.

5        BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

6    defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

7    drive moderately message displays; faulty low pressure fuel sensor; running rough;

8    faulty crank case breathers; faulty internally SIB 110712; surging; surging in

9    reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

10   hose leaking oil; breather hose cracked; premature activation of all service lights;

11   check engine light illumination; car running poorly; injector 8 failure; symptoms

12   necessitating performance of the customer car package; bad psi pump; check

13   engine light still illuminating after replacing psi pump; excessive oil consumption;

14   premature replacement of crank case breathers; coolant light illumination;

15   premature replacement of turbo inlet and return coolant lines; coolant lines

16   leaking," as vague and overly broad. Plaintiff's definition results in a request for

17   documents not described with reasonable particularity as required by Fed. R. Civ.

18   P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

19   that are not relevant.

20   **REQUEST FOR PRODUCTION NO. 18:**

21       Please produce all documents, including but not limited to electronic data

22   and e-mails, concerning or relating to any communications YOU have had

23   regarding the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles

24   which are the same year, make, and model as the SUBJECT VEHICLE, including

25   the cause of the defect.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27       BMW NA objects that this request seeks materials regarding vehicles other

28   than the SUBJECT VEHICLE, including private information of third parties, and

1    issues not at stake in this litigation, which are not relevant to this action.  BMW

2    NA objects to the extent that this request seeks documents that are not relevant to

3    this action or proportional to the needs of this case, because whether Plaintiff is

4    entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

5    unrelated to problems with other vehicles of the same year, make, and model as the

6    SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

7    the SUBJECT VEHICLE were repaired within a reasonable number of repair

8    attempts.  BMW NA objects to this request in light of the limited amount in

9    controversy and the unimportance of the requested discovery in resolving the

10   issues in this case.  The burden and expense of the discovery far outweighs its

11   likely benefit.  Fed. R. Civ. P. 26(b)(1).

12       BMW NA objects to Plaintiff's proposed definitions of "YOU" and "YOUR"

13   as overly broad, harassing, unduly burdensome, and improperly calling for

14   information from third parties over whom BMW NA has no control, against whom

15   this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

16   this court has no jurisdiction.  BMW NA objects to the extent that Plaintiff's

17   proposed definition purports to impose upon BMW NA the burden to seek

18   documents from agents, employees, and other entities, and materials not within

19   BMW NA's possession, custody or control.  BMW NA responds on its own behalf

20   only.

21       BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

22   defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

23   drive moderately message displays; faulty low pressure fuel sensor; running rough;

24   faulty crank case breathers; faulty internally SIB 110712; surging; surging in

25   reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

26   hose leaking oil; breather hose cracked; premature activation of all service lights;

27   check engine light illumination; car running poorly; injector 8 failure; symptoms

28   necessitating performance of the customer car package; bad psi pump; check

1    engine light still illuminating after replacing psi pump; excessive oil consumption;

2    premature replacement of crank case breathers; coolant light illumination;

3    premature replacement of turbo inlet and return coolant lines; coolant lines

4    leaking," as vague and overly broad. Plaintiff's definition results in a request for

5    documents not described with reasonable particularity as required by Fed. R. Civ.

6    P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

7    that are not relevant.

8    **REQUEST FOR PRODUCTION NO. 19:**

9         Please produce all documents, including but not limited to electronic data

10   and e-mails, concerning or relating in any way to any decision to issue any notices,

11   letters, campaigns, warranty extensions, technical service bulletins and recalls

12   concerning the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles

13   which are the same year, make, and model as the SUBJECT VEHICLE, including

14   the cause of the defect.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

16        BMW NA objects to this request as "the burden, expense, or intrusiveness

17   [of this request] clearly outweighs the likelihood that the information sought will

18   lead to the discovery of admissible evidence." Code. Civ. Proc., §2017.020(a). In

19   addition, this discovery should be limited when taking into account the amount in

20   controversy, the resources of the parties, the importance of the issues in the

21   litigation, and the importance of the requested discovery in resolving the issues.

22   See Code Civ. Proc., § 2031.060(f)(4). BMW NA objects further that this request

23   seeks materials regarding vehicles other than the SUBJECT VEHICLE, including

24   private information of third parties. BMW NA objects to the extent that this

25   request seeks documents that are not relevant to this action, because whether

26   Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

27   entirely unrelated to problems with other vehicles of the same year, make, and

28   model as the SUBJECT VEHICLE and instead relates to whether claimed

1  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

2  number of repair attempts.

3      BMW NA objects that this request seeks documents regarding vehicles other

4  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

5  not relevant to this action.

6      Further, BMW NA objects to the request for "all documents, including but

7  not limited to electronic data and e-mails, concerning or relating in any way" as

8  vague, ambiguous, grossly overly broad and unduly burdensome, and to the extent

9  that Plaintiff seeks materials that are confidential and protected as proprietary,

10  trade secret, and/or commercially sensitive without prior entry of an appropriate

11  protective order, or documents protected by the attorney-client privilege and/or

12  work product doctrine.

13      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

14  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;

15  drive moderately message displays; faulty low pressure fuel sensor; running rough;

16  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

17  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

18  hose leaking oil; breather hose cracked; premature activation of all service lights;

19  check engine light illumination; car running poorly; injector 8 failure; symptoms

20  necessitating performance of the customer car package; bad psi pump; check

21  engine light still illuminating after replacing psi pump; excessive oil consumption;

22  premature replacement of crank case breathers; coolant light illumination;

23  premature replacement of turbo inlet and return coolant lines; coolant lines

24  leaking," as vague and overly broad. Plaintiff's definition results in a request for

25  documents not described with reasonable particularity as required by Fed. R. Civ.

26  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

27  that are not relevant.

28  **REQUEST FOR PRODUCTION NO. 20:**

1    Please produce all documents, including but not limited to electronic data
2  and e-mails, concerning or relating in any way to any decision to modify the
3  engine/oil consumption system and/or any of YOUR related parts used in YOUR
4  vehicles which are the same year, make, and model as the SUBJECT VEHICLE.
5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**
6    BMW NA objects that this request seeks materials regarding vehicles other
7  than the SUBJECT VEHICLE, including private information of third parties, and
8  issues not at stake in this litigation, which are not relevant to this action. BMW
9  NA objects to the extent that this request seeks documents that are not relevant to
10 this action or proportional to the needs of this case, because whether Plaintiff is
11 entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
12 unrelated to problems with other vehicles of the same year, make, and model as the
13 SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
14 the SUBJECT VEHICLE were repaired within a reasonable number of repair
15 attempts. BMW NA objects to this request in light of the limited amount in
16 controversy and the unimportance of the requested discovery in resolving the
17 issues in this case. The burden and expense of the discovery far outweighs its
18 likely benefit. Fed. R. Civ. P. 26(b)(1).
19   BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly
20 broad, harassing, unduly burdensome, and improperly calling for information from
21 third parties over whom BMW NA has no control, against whom this lawsuit has
22 not been filed, for whom BMW NA is not liable, and over whom this court has no
23 jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
24 purports to impose upon BMW NA the burden to seek documents from agents,
25 employees, and other entities, and materials not within BMW NA's possession,
26 custody or control. BMW NA responds on its own behalf only.
27   Further, BMW NA objects to the request for "all documents, including but
28 not limited to electronic data and e-mails, concerning or relating in any way to any

1  decision to modify the engine/oil consumption system and/or any of YOUR related
2  parts" as vague, ambiguous, grossly overly broad and unduly burdensome, and to
3  the extent that Plaintiff seeks materials that are confidential and protected as
4  proprietary, trade secret, and/or commercially sensitive without prior entry of an
5  appropriate protective order, or documents protected by the attorney-client
6  privilege and/or work product doctrine.
7  **REQUEST FOR PRODUCTION NO. 21:**
8      Please produce all documents, records and data, including but not limited to
9  electronic data and e-mails, concerning customer complaints, claims, reported
10  failures, and warranty claims related to the ENGINE/OIL CONSUMPTION
11  DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
12  SUBJECT VEHICLE, including but not limited to any databases in YOUR
13  possession with information from dealers, service departments, parts departments,
14  or warranty departments, and all documents concerning YOUR response to each
15  complaint, claim or reported failure.
16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**
17      BMW NA objects that this request seeks materials regarding vehicles other
18  than the SUBJECT VEHICLE, including private information of third parties, and
19  issues not at stake in this litigation, which are not relevant to this action.  BMW
20  NA objects to the extent that this request seeks documents that are not relevant to
21  this action or proportional to the needs of this case, because whether Plaintiff is
22  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
23  unrelated to problems with other vehicles of the same year, make, and model as the
24  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
25  the SUBJECT VEHICLE were repaired within a reasonable number of repair
26  attempts.  BMW NA objects to this request in light of the limited amount in
27  controversy and the unimportance of the requested discovery in resolving the
28  issues in this case.  The burden and expense of the discovery far outweighs its

1  likely benefit.  Fed. R. Civ. P. 26(b)(1).

2      BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

3  broad, harassing, unduly burdensome, and improperly calling for information from

4  third parties over whom BMW NA has no control, against whom this lawsuit has

5  not been filed, for whom BMW NA is not liable, and over whom this court has no

6  jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition

7  purports to impose upon BMW NA the burden to seek documents from agents,

8  employees, and other entities, and materials not within BMW NA's possession,

9  custody or control.  BMW NA responds on its own behalf only.

10      Further, BMW NA objects to the request for "all documents, records and

11  data, including but not limited to electronic data and e-mails, concerning customer

12  complaints, claims, reported failures, and warranty claims related to…" as vague,

13  ambiguous, grossly overly broad and unduly burdensome, and to the extent that

14  Plaintiff seeks materials that are confidential and protected as proprietary, trade

15  secret, and/or commercially sensitive without prior entry of an appropriate

16  protective order, or documents protected by the attorney-client privilege and/or

17  work product doctrine.

18      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

19  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

20  drive moderately message displays; faulty low pressure fuel sensor; running rough;

21  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

22  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

23  hose leaking oil; breather hose cracked; premature activation of all service lights;

24  check engine light illumination; car running poorly; injector 8 failure; symptoms

25  necessitating performance of the customer car package; bad psi pump; check

26  engine light still illuminating after replacing psi pump; excessive oil consumption;

27  premature replacement of crank case breathers; coolant light illumination;

28  premature replacement of turbo inlet and return coolant lines; coolant lines

EXHIBIT C
154

1  leaking," as vague and overly broad. Plaintiff's definition results in a request for
2  documents not described with reasonable particularity as required by Fed. R. Civ.
3  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
4  that are not relevant.

5  **REQUEST FOR PRODUCTION NO. 22:**

6      Please produce all documents, records and data, including but not limited to
7  electronic data and e-mails, concerning customer complaints, claims, reported
8  failures, and warranty claims related to the ENGINE/OIL CONSUMPTION
9  DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
10 SUBJECT VEHICLE, including but not limited to any databases in YOUR
11 possession with information from dealers, service departments, parts departments,
12 or warranty departments, and all documents concerning YOUR response to each
13 complaint, claim or reported failure, as well [*sic*] number of parts replaced during
14 this period.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

16      BMW NA objects that this request seeks materials regarding vehicles other
17 than the SUBJECT VEHICLE, including private information of third parties, and
18 issues not at stake in this litigation, which are not relevant to this action. BMW
19 NA objects to the extent that this request seeks documents that are not relevant to
20 this action or proportional to the needs of this case, because whether Plaintiff is
21 entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
22 unrelated to problems with other vehicles of the same year, make, and model as the
23 SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
24 the SUBJECT VEHICLE were repaired within a reasonable number of repair
25 attempts. BMW NA objects to this request in light of the limited amount in
26 controversy and the unimportance of the requested discovery in resolving the
27 issues in this case. The burden and expense of the discovery far outweighs its
28 likely benefit. Fed. R. Civ. P. 26(b)(1).

1  BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly
2  broad, harassing, unduly burdensome, and improperly calling for information from
3  third parties over whom BMW NA has no control, against whom this lawsuit has
4  not been filed, for whom BMW NA is not liable, and over whom this court has no
5  jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
6  purports to impose upon BMW NA the burden to seek documents from agents,
7  employees, and other entities, and materials not within BMW NA's possession,
8  custody or control. BMW NA responds on its own behalf only.

9  Further, BMW NA objects to the request for "all documents, records and
10 data, including but not limited to electronic data and e-mails, concerning customer
11 complaints, claims, reported failures, and warranty claims related to..." as well as
12 the request for "all documents concerning YOUR response to each complaint,
13 claim or reported failure, as well [sic] number of parts replaced during this period"
14 as vague, ambiguous, grossly overly broad and unduly burdensome, and to the
15 extent that Plaintiff seeks materials that are confidential and protected as
16 proprietary, trade secret, and/or commercially sensitive without prior entry of an
17 appropriate protective order, or documents protected by the attorney-client
18 privilege and/or work product doctrine.

19 BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
20 defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
21 drive moderately message displays; faulty low pressure fuel sensor; running rough;
22 faulty crank case breathers; faulty internally SIB 110712; surging; surging in
23 reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
24 hose leaking oil; breather hose cracked; premature activation of all service lights;
25 check engine light illumination; car running poorly; injector 8 failure; symptoms
26 necessitating performance of the customer car package; bad psi pump; check
27 engine light still illuminating after replacing psi pump; excessive oil consumption;
28 premature replacement of crank case breathers; coolant light illumination;

1   premature replacement of turbo inlet and return coolant lines; coolant lines
2   leaking," as vague and overly broad. Plaintiff's definition results in a request for
3   documents not described with reasonable particularity as required by Fed. R. Civ.
4   P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
5   that are not relevant.
6   **REQUEST FOR PRODUCTION NO. 23:**
7         Please produce each and every service bulletin, warranty extension, recall, or
8   other similar communications, notifications, correspondence or writings between
9   YOU and dealers, technicians or owners concerning the ENGINE/OIL
10  CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,
11  and model as the SUBJECT VEHICLE, whether national, regional, general, safety,
12  voluntary or mandatory, along with any related documents, data or other
13  information concerning same.
14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**
15        BMW NA objects that this request seeks materials regarding vehicles other
16  than the SUBJECT VEHICLE, including private information of third parties, and
17  issues not at stake in this litigation, which are not relevant to this action. BMW
18  NA objects to the extent that this request seeks documents that are not relevant to
19  this action or proportional to the needs of this case, because whether Plaintiff is
20  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
21  unrelated to problems with other vehicles of the same year, make, and model as the
22  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
23  the SUBJECT VEHICLE were repaired within a reasonable number of repair
24  attempts. BMW NA objects to this request in light of the limited amount in
25  controversy and the unimportance of the requested discovery in resolving the
26  issues in this case. The burden and expense of the discovery far outweighs its
27  likely benefit. Fed. R. Civ. P. 26(b)(1).
28        BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

EXHIBIT C
157

1  broad, harassing, unduly burdensome, and improperly calling for information from
2  third parties over whom BMW NA has no control, against whom this lawsuit has
3  not been filed, for whom BMW NA is not liable, and over whom this court has no
4  jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition
5  purports to impose upon BMW NA the burden to seek documents from agents,
6  employees, and other entities, and materials not within BMW NA's possession,
7  custody or control. BMW NA responds on its own behalf only.

8       Further, BMW NA objects to the request for "any related documents, data or
9  other information concerning" these materials as vague, ambiguous, grossly overly
10  broad and unduly burdensome, and to the extent that Plaintiff seeks materials that
11  are confidential and protected as proprietary, trade secret, and/or commercially
12  sensitive without prior entry of an appropriate protective order, or documents
13  protected by the attorney-client privilege and/or work product doctrine.

14       BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
15  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;
16  drive moderately message displays; faulty low pressure fuel sensor; running rough;
17  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
18  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
19  hose leaking oil; breather hose cracked; premature activation of all service lights;
20  check engine light illumination; car running poorly; injector 8 failure; symptoms
21  necessitating performance of the customer car package; bad psi pump; check
22  engine light still illuminating after replacing psi pump; excessive oil consumption;
23  premature replacement of crank case breathers; coolant light illumination;
24  premature replacement of turbo inlet and return coolant lines; coolant lines
25  leaking," as vague and overly broad. Plaintiff's definition results in a request for
26  documents not described with reasonable particularity as required by Fed. R. Civ.
27  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
28  that are not relevant.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all documents, including but not limited to electronic data and e-mails, concerning or relating in any way to any internal analysis or investigation by YOU or on YOUR behalf regarding the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties, and issues not at stake in this litigation, which are not relevant to this action. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf

1   only.

2       BMW NA objects to the request for "all documents, including but not

3   limited to electronic data and e-mails, concerning or relating in any way" as vague,

4   ambiguous, grossly overly broad and unduly burdensome, and to the extent that

5   Plaintiff seeks materials that are confidential and protected as proprietary, trade

6   secret, and/or commercially sensitive without prior entry of an appropriate

7   protective order, or documents protected by the attorney-client privilege and/or

8   work product doctrine.

9       BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

10   defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

11   drive moderately message displays; faulty low pressure fuel sensor; running rough;

12   faulty crank case breathers; faulty internally SIB 110712; surging; surging in

13   reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

14   hose leaking oil; breather hose cracked; premature activation of all service lights;

15   check engine light illumination; car running poorly; injector 8 failure; symptoms

16   necessitating performance of the customer car package; bad psi pump; check

17   engine light still illuminating after replacing psi pump; excessive oil consumption;

18   premature replacement of crank case breathers; coolant light illumination;

19   premature replacement of turbo inlet and return coolant lines; coolant lines

20   leaking," as vague and overly broad. Plaintiff's definition results in a request for

21   documents not described with reasonable particularity as required by Fed. R. Civ.

22   P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

23   that are not relevant.

24   **REQUEST FOR PRODUCTION NO. 25:**

25       Please produce all documents, including but not limited to electronic data

26   and e-mails, concerning or relating in any way to any internal analysis or

27   investigation by YOU or on YOUR behalf regarding the ENGINE/OIL

28   CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,

1 │ and model as the SUBJECT VEHICLE.

2 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

3 │ BMW NA objects to this request as burdensome, cumulative and harassing

4 │ as it is identical to plaintiff's Request for Production No. 24, above. BMW NA

5 │ objects that this request seeks materials regarding vehicles other than the

6 │ SUBJECT VEHICLE, including private information of third parties, and issues not

7 │ at stake in this litigation, which are not relevant to this action. BMW NA objects

8 │ to the extent that this request seeks documents that are not relevant to this action or

9 │ proportional to the needs of this case, because whether Plaintiff is entitled to relief

10 │ under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems

11 │ with other vehicles of the same year, make, and model as the SUBJECT VEHICLE

12 │ and instead relates to whether claimed nonconformities in the SUBJECT

13 │ VEHICLE were repaired within a reasonable number of repair attempts. BMW

14 │ NA objects to this request in light of the limited amount in controversy and the

15 │ unimportance of the requested discovery in resolving the issues in this case. The

16 │ burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ.

17 │ P. 26(b)(1).

18 │ BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

19 │ as overly broad, harassing, unduly burdensome, and improperly calling for

20 │ information from third parties over whom BMW NA has no control, against whom

21 │ this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

22 │ this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

23 │ proposed definition purports to impose upon BMW NA the burden to seek

24 │ documents from agents, employees, and other entities, and materials not within

25 │ BMW NA's possession, custody or control. BMW NA responds on its own behalf

26 │ only.

27 │ BMW NA objects to the request for "all documents, including but not

28 │ limited to electronic data and e-mails, concerning or relating in any way" as vague,

EXHIBIT C
161

1  ambiguous, grossly overly broad and unduly burdensome, and to the extent that
2  Plaintiff seeks materials that are confidential and protected as proprietary, trade
3  secret, and/or commercially sensitive without prior entry of an appropriate
4  protective order, or documents protected by the attorney-client privilege and/or
5  work product doctrine.

6      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
7  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
8  drive moderately message displays; faulty low pressure fuel sensor; running rough;
9  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
10 reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
11 hose leaking oil; breather hose cracked; premature activation of all service lights;
12 check engine light illumination; car running poorly; injector 8 failure; symptoms
13 necessitating performance of the customer car package; bad psi pump; check
14 engine light still illuminating after replacing psi pump; excessive oil consumption;
15 premature replacement of crank case breathers; coolant light illumination;
16 premature replacement of turbo inlet and return coolant lines; coolant lines
17 leaking," as vague and overly broad. Plaintiff's definition results in a request for
18 documents not described with reasonable particularity as required by Fed. R. Civ.
19 P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
20 that are not relevant.

21 **REQUEST FOR PRODUCTION NO. 26:**

22      Please produce all documents, including but not limited to electronic data
23 and e-mails, concerning or relating in any way to any analysis or investigation by
24 YOU or on YOUR behalf regarding the claims, complaints, and warranty claims
25 concerning the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles
26 which are the same year, make, and model as the SUBJECT VEHICLE.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

28      BMW NA objects that this request seeks materials regarding vehicles other

than the SUBJECT VEHICLE, including private information of third parties. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

BMW NA objects that this request seeks documents regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in this litigation, which are not relevant.

BMW NA objects to the request for "all documents, including but not limited to electronic data and e-mails, concerning or relating in any way" as vague, ambiguous, grossly overly broad and unduly burdensome, and to the extent that Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate

1  protective order, or documents protected by the attorney-client privilege and/or
2  work product doctrine.
3      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
4  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;
5  drive moderately message displays; faulty low pressure fuel sensor; running rough;
6  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
7  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
8  hose leaking oil; breather hose cracked; premature activation of all service lights;
9  check engine light illumination; car running poorly; injector 8 failure; symptoms
10  necessitating performance of the customer car package; bad psi pump; check
11  engine light still illuminating after replacing psi pump; excessive oil consumption;
12  premature replacement of crank case breathers; coolant light illumination;
13  premature replacement of turbo inlet and return coolant lines; coolant lines
14  leaking," as vague and overly broad. Plaintiff's definition results in a request for
15  documents not described with reasonable particularity as required by Fed. R. Civ.
16  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
17  that are not relevant.

18  **REQUEST FOR PRODUCTION NO. 27:**
19      Please produce all documents, including but not limited to electronic data
20  and e-mails, concerning or relating in any way to any expert reports received or
21  provided by YOU concerning the ENGINE/OIL CONSUMPTION DEFECT(S) in
22  YOUR vehicles which are the same year, make, and model as the SUBJECT
23  VEHICLE in any arbitration, lawsuit or any other legal proceeding or action.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**
25      The fact that expert witnesses may have prepared reports for other cases or
26  vehicles does not make those reports relevant or otherwise discoverable in this
27  case. Facts and circumstances surrounding other lawsuits or other complaints
28  regarding other vehicles vary widely, and have no relationship to this case, and are

1  not relevant. BMW NA objects that this request seeks documents regarding

2  vehicles other than the SUBJECT VEHICLE and issues not at stake in this

3  litigation, which are not relevant.

4      BMW NA objects to this request for "all documents, including but not

5  limited to electronically stored data and e-mails, concerning or relating in any way"

6  to the requested materials as overly broad, unduly burdensome, and to the extent

7  that it seeks materials that are confidential and protected as proprietary, trade

8  secret, and/or commercially sensitive without prior entry of an appropriate

9  protective order, or documents protected by the consulting expert privilege,

10 attorney-client privilege and/or work-product doctrine.

11     BMW NA objects that this request seeks information regarding repairs to

12 vehicles other than the SUBJECT VEHICLE, including private information of

13 third parties. BMW NA objects to the extent that this request seeks documents that

14 are not relevant to this action or proportional to the needs of this case, because

15 whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty

16 Act is entirely unrelated to problems with other vehicles of the same year, make,

17 and model as the SUBJECT VEHICLE and instead relates to whether claimed

18 nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

19 number of repair attempts. BMW NA objects to this request in light of the limited

20 amount in controversy and the unimportance of the requested discovery in

21 resolving the issues in this case. The burden and expense of the discovery far

22 outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

23     BMW NA objects to Plaintiff's proposed definition of "YOU" as overly

24 broad, harassing, unduly burdensome, and improperly calling for information from

25 third parties over whom BMW NA has no control, against whom this lawsuit has

26 not been filed, for whom BMW NA is not liable, and over whom this court has no

27 jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition

28 purports to impose upon BMW NA the burden to seek documents from agents,

EXHIBIT C
165

employees, and other entities, and materials not within BMW NA's possession, custody or control.  BMW NA responds on its own behalf only.

BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT," defined by Plaintiff as "such defects which result in symptoms as:  engine shaking; drive moderately message displays; faulty low pressure fuel sensor; running rough; faulty crank case breathers; faulty internally SIB 110712; surging; surging in reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case hose leaking oil; breather hose cracked; premature activation of all service lights; check engine light illumination; car running poorly; injector 8 failure; symptoms necessitating performance of the customer car package; bad psi pump; check engine light still illuminating after replacing psi pump; excessive oil consumption; premature replacement of crank case breathers; coolant light illumination; premature replacement of turbo inlet and return coolant lines; coolant lines leaking," as vague and overly broad. Plaintiff's definition results in a request for documents not described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents that are not relevant.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all correspondence, including but not limited to letters, notes, memos, emails, and notices, between YOU and any manufacturer or material supplier concerning problems or potential problems or concerns about the ENGINE/OIL CONSUMPTION DEFECT(S) or performance of the engine used in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties.  BMW NA objects to the extent that this request seeks documents that are not

1   relevant to this action or proportional to the needs of this case, because whether

2   Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

3   entirely unrelated to problems with other vehicles of the same year, make, and

4   model as the SUBJECT VEHICLE and instead relates to whether claimed

5   nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

6   number of repair attempts. BMW NA objects to this request in light of the limited

7   amount in controversy and the unimportance of the requested discovery in

8   resolving the issues in this case. The burden and expense of the discovery far

9   outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

10      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

11  as overly broad, harassing, unduly burdensome, and improperly calling for

12  information from third parties over whom BMW NA has no control, against whom

13  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

14  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

15  proposed definition purports to impose upon BMW NA the burden to seek

16  documents from agents, employees, and other entities, and materials not within

17  BMW NA's possession, custody or control. BMW NA responds on its own behalf

18  only.

19      BMW NA objects that this request seeks documents regarding vehicles other

20  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

21  not relevant.

22      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

23  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;

24  drive moderately message displays; faulty low pressure fuel sensor; running rough;

25  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

26  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

27  hose leaking oil; breather hose cracked; premature activation of all service lights;

28  check engine light illumination; car running poorly; injector 8 failure; symptoms

1    necessitating performance of the customer car package; bad psi pump; check
2    engine light still illuminating after replacing psi pump; excessive oil consumption;
3    premature replacement of crank case breathers; coolant light illumination;
4    premature replacement of turbo inlet and return coolant lines; coolant lines
5    leaking," as vague and overly broad. Plaintiff's definition results in a request for
6    documents not described with reasonable particularity as required by Fed. R. Civ.
7    P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
8    that are not relevant.

9    **REQUEST FOR PRODUCTION NO. 29:**

10       Please produce all documents, including but not limited to electronic data
11   and e-mails, concerning any modifications that were made to the engine as a result
12   of the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles which are
13   the same year, make, and model as the SUBJECT VEHICLE.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

15       BMW NA objects that this request seeks materials regarding vehicles other
16   than the SUBJECT VEHICLE, including private information of third parties.
17   BMW NA objects to the extent that this request seeks documents that are not
18   relevant to this action or proportional to the needs of this case, because whether
19   Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
20   entirely unrelated to problems with other vehicles of the same year, make, and
21   model as the SUBJECT VEHICLE and instead relates to whether claimed
22   nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
23   number of repair attempts. BMW NA objects to this request in light of the limited
24   amount in controversy and the unimportance of the requested discovery in
25   resolving the issues in this case. The burden and expense of the discovery far
26   outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

27       BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
28   as overly broad, harassing, unduly burdensome, and improperly calling for

1   information from third parties over whom BMW NA has no control, against whom
2   this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
3   this court has no jurisdiction.  BMW NA objects to the extent that Plaintiff's
4   proposed definition purports to impose upon BMW NA the burden to seek
5   documents from agents, employees, and other entities, and materials not within
6   BMW NA's possession, custody or control.  BMW NA responds on its own behalf
7   only.

8       BMW NA objects to this request for "all documents, including but not
9   limited to electronic data and e-mails, concerning any modifications" to the
10  requested materials as overly broad, unduly burdensome, and to the extent that it
11  seeks materials that are confidential and protected as proprietary, trade secret,
12  and/or commercially sensitive without prior entry of an appropriate protective
13  order.

14      BMW NA objects that this request seeks documents regarding vehicles other
15  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
16  not relevant.

17      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
18  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;
19  drive moderately message displays; faulty low pressure fuel sensor; running rough;
20  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
21  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
22  hose leaking oil; breather hose cracked; premature activation of all service lights;
23  check engine light illumination; car running poorly; injector 8 failure; symptoms
24  necessitating performance of the customer car package; bad psi pump; check
25  engine light still illuminating after replacing psi pump; excessive oil consumption;
26  premature replacement of crank case breathers; coolant light illumination;
27  premature replacement of turbo inlet and return coolant lines; coolant lines
28  leaking," as vague and overly broad. Plaintiff's definition results in a request for

1  documents not described with reasonable particularity as required by Fed. R. Civ.

2  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

3  that are not relevant.

4  **REQUEST FOR PRODUCTION NO. 30:**

5      Please produce all documents, including but not limited to electronic data

6  and e-mails, concerning or relating in any way to any measurement, report,

7  analysis or complaint regarding the safety of the vehicle, including but not limited

8  to safety issue concerning or relating in any way to the ENGINE/OIL

9  CONSUMPTION DEFECT(S) used in YOUR vehicles which are the same year,

10  make, and model as the SUBJECT VEHICLE.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

12      BMW NA objects that this request seeks materials regarding vehicles other

13  than the SUBJECT VEHICLE, including private information of third parties.

14  BMW NA objects to the extent that this request seeks documents that are not

15  relevant to this action or proportional to the needs of this case, because whether

16  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

17  entirely unrelated to problems with other vehicles of the same year, make, and

18  model as the SUBJECT VEHICLE and instead relates to whether claimed

19  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

20  number of repair attempts. BMW NA objects to this request in light of the limited

21  amount in controversy and the unimportance of the requested discovery in

22  resolving the issues in this case. The burden and expense of the discovery far

23  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

24      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

25  as overly broad, harassing, unduly burdensome, and improperly calling for

26  information from third parties over whom BMW NA has no control, against whom

27  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

28  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

1  proposed definition purports to impose upon BMW NA the burden to seek

2  documents from agents, employees, and other entities, and materials not within

3  BMW NA's possession, custody or control.  BMW NA responds on its own behalf

4  only.

5      BMW NA objects to this request for "all documents, including but not

6  limited to electronic data and e-mails, concerning or relating in any way to any

7  measurement, report, analysis or complaint regarding the safety of the vehicle" to

8  the requested materials as overly broad, unduly burdensome, and to the extent that

9  it seeks materials that are confidential and protected as proprietary, trade secret,

10  and/or commercially sensitive without prior entry of an appropriate protective

11  order.

12      BMW NA objects that this request seeks documents regarding vehicles other

13  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

14  not relevant.

15      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

16  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;

17  drive moderately message displays; faulty low pressure fuel sensor; running rough;

18  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

19  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

20  hose leaking oil; breather hose cracked; premature activation of all service lights;

21  check engine light illumination; car running poorly; injector 8 failure; symptoms

22  necessitating performance of the customer car package; bad psi pump; check

23  engine light still illuminating after replacing psi pump; excessive oil consumption;

24  premature replacement of crank case breathers; coolant light illumination;

25  premature replacement of turbo inlet and return coolant lines; coolant lines

26  leaking," as vague and overly broad. Plaintiff's definition results in a request for

27  documents not described with reasonable particularity as required by Fed. R. Civ.

28  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

19787601v1                                           3:18-cv-00103-WQH-WVG

EXHIBIT C
171

1    that are not relevant.

2    **REQUEST FOR PRODUCTION NO. 31:**

3          Please produce all documents, including but not limited to electronic data

4    and e-mails, concerning or relating to any fixes for the ENGINE/OIL

5    CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,

6    and model as the SUBJECT VEHICLE.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

8          BMW NA objects that this request seeks materials regarding vehicles other

9    than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

10    not relevant to this action. BMW NA objects to the extent that this request seeks

11    documents that are not relevant to this action or proportional to the needs of this

12    case, because whether Plaintiff is entitled to relief under the Song-Beverly

13    Consumer Warranty Act is entirely unrelated to problems with other vehicles of the

14    same year, make, and model as the SUBJECT VEHICLE and instead relates to

15    whether claimed nonconformities in the SUBJECT VEHICLE were repaired within

16    a reasonable number of repair attempts. BMW NA objects to this request in light of

17    the limited amount in controversy and the unimportance of the requested discovery

18    in resolving the issues in this case. The burden and expense of the discovery far

19    outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

20          Further, BMW NA objects to the request for "all documents, including but

21    not limited to electronic data and e-mails, concerning or relating to any fixes" as

22    vague, ambiguous, overly broad and unduly burdensome, and to the extent that

23    Plaintiff seeks materials that are confidential and protected as proprietary, trade

24    secret, and/or commercially sensitive without prior entry of an appropriate

25    protective order, or documents protected by the attorney-client privilege and/or

26    work product doctrine.

27          BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

28    defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

EXHIBIT C
172

drive moderately message displays; faulty low pressure fuel sensor; running rough; faulty crank case breathers; faulty internally SIB 110712; surging; surging in reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case hose leaking oil; breather hose cracked; premature activation of all service lights; check engine light illumination; car running poorly; injector 8 failure; symptoms necessitating performance of the customer car package; bad psi pump; check engine light still illuminating after replacing psi pump; excessive oil consumption; premature replacement of crank case breathers; coolant light illumination; premature replacement of turbo inlet and return coolant lines; coolant lines leaking," as vague and overly broad. Plaintiff's definition results in a request for documents not described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents that are not relevant.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce all documents, including but not limited to electronic data and e-mails, concerning or relating [*sic*] any permanent fixes of the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties, and issues not at stake in this litigation, which are not relevant to this action. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.

1   BMW NA objects to this request in light of the limited amount in controversy and
2   the unimportance of the requested discovery in resolving the issues in this case.
3   The burden and expense of the discovery far outweighs its likely benefit. Fed. R.
4   Civ. P. 26(b)(1).

5       Further, BMW NA objects to the request for " all documents, including but
6   not limited to electronic data and e-mails, concerning or relating [sic] any
7   permanent fixes" as vague, ambiguous, overly broad and unduly burdensome, and
8   to the extent that Plaintiff seeks materials that are confidential and protected as
9   proprietary, trade secret, and/or commercially sensitive without prior entry of an
10  appropriate protective order, or documents protected by the attorney-client
11  privilege and/or work product doctrine. BMW NA further objects to "permanent
12  fixes" as vague and ambiguous.

13      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
14  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;
15  drive moderately message displays; faulty low pressure fuel sensor; running rough;
16  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
17  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
18  hose leaking oil; breather hose cracked; premature activation of all service lights;
19  check engine light illumination; car running poorly; injector 8 failure; symptoms
20  necessitating performance of the customer car package; bad psi pump; check
21  engine light still illuminating after replacing psi pump; excessive oil consumption;
22  premature replacement of crank case breathers; coolant light illumination;
23  premature replacement of turbo inlet and return coolant lines; coolant lines
24  leaking," as vague and overly broad. Plaintiff's definition results in a request for
25  documents not described with reasonable particularity as required by Fed. R. Civ.
26  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
27  that are not relevant.
28  **REQUEST FOR PRODUCTION NO. 33:**

1    Please produce all documents, including but not limited to electronic data

2   and e-mails relating to any decision to modify or replace the engine or related parts

3   used in the SUBJECT VEHICLE as a result of the ENGINE/OIL

4   CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,

5   and model as the SUBJECT VEHICLE.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

7    BMW NA objects that this request seeks materials regarding vehicles other

8   than the SUBJECT VEHICLE, including private information of third parties, and

9   issues not at stake in this litigation, which are not relevant to this action. BMW

10   NA objects to the extent that this request seeks documents that are not relevant to

11   this action or proportional to the needs of this case, because whether Plaintiff is

12   entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

13   unrelated to problems with other vehicles of the same year, make, and model as the

14   SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

15   the SUBJECT VEHICLE were repaired within a reasonable number of repair

16   attempts. BMW NA objects to this request in light of the limited amount in

17   controversy and the unimportance of the requested discovery in resolving the

18   issues in this case. The burden and expense of the discovery far outweighs its

19   likely benefit. Fed. R. Civ. P. 26(b)(1).

20    BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

21   broad, harassing, unduly burdensome, and improperly calling for information from

22   third parties over whom BMW NA has no control, against whom this lawsuit has

23   not been filed, for whom BMW NA is not liable, and over whom this court has no

24   jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition

25   purports to impose upon BMW NA the burden to seek documents from agents,

26   employees, and other entities, and materials not within BMW NA's possession,

27   custody or control. BMW NA responds on its own behalf only.

28    Further, BMW NA objects to the request for "all documents, including but

1  not limited to electronic data and e-mails relating to any decision to modify or

2  replace the engine or related parts" as vague, ambiguous, grossly overly broad and

3  unduly burdensome, and to the extent that Plaintiff seeks materials that are

4  confidential and protected as proprietary, trade secret, and/or commercially

5  sensitive without prior entry of an appropriate protective order, or documents

6  protected by the attorney-client privilege and/or work product doctrine.

7  　　　　BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

8  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

9  drive moderately message displays; faulty low pressure fuel sensor; running rough;

10  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

11  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

12  hose leaking oil; breather hose cracked; premature activation of all service lights;

13  check engine light illumination; car running poorly; injector 8 failure; symptoms

14  necessitating performance of the customer car package; bad psi pump; check

15  engine light still illuminating after replacing psi pump; excessive oil consumption;

16  premature replacement of crank case breathers; coolant light illumination;

17  premature replacement of turbo inlet and return coolant lines; coolant lines

18  leaking," as vague and overly broad. Plaintiff's definition results in a request for

19  documents not described with reasonable particularity as required by Fed. R. Civ.

20  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

21  that are not relevant.

22  **REQUEST FOR PRODUCTION NO. 34:**

23  　　　　Please produce all LEMON LAW DOCUMENTS relating to your policies

24  concerning whether you improperly deduct for vehicle wear and tear during Lemon

25  Law vehicle surrenders.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

27  　　　　BMW NA objects to Plaintiff's proposed definition of "LEMON LAW

28  DOCUMENTS" as overly broad, unduly burdensome, and including information

1   that is not relevant. BMW NA also objects to the extent that Plaintiff's definition
2   includes documents that are protected from disclosure by the attorney-client
3   privilege, the work product doctrine, or the consulting expert privilege. As such,
4   the definition exceeds the scope of permissible discovery. Further, BMW NA
5   objects that the definition is overly broad and unduly burdensome insofar as it is
6   intended to include documents that are not within BMW NA's possession, custody,
7   and control. Plaintiff's definition results in a request for documents not described
8   with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). BMW NA
9   also objects to the extent the definition results in a request that asks for documents
10  that are public information and therefore equally available to Plaintiff.

11  **REQUEST FOR PRODUCTION NO. 35:**

12      Please produce all documents, including but not limited to electronic data
13  and e-mails, that you have in your possession that relate to the causal or
14  contributing factors of the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR
15  vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

17      BMW NA objects that this request seeks materials regarding vehicles other
18  than the SUBJECT VEHICLE, including private information of third parties, and
19  issues not at stake in this litigation, which are not relevant to this action. BMW
20  NA objects to the extent that this request seeks documents that are not relevant to
21  this action or proportional to the needs of this case, because whether Plaintiff is
22  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
23  unrelated to problems with other vehicles of the same year, make, and model as the
24  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
25  the SUBJECT VEHICLE were repaired within a reasonable number of repair
26  attempts. BMW NA objects to this request in light of the limited amount in
27  controversy and the unimportance of the requested discovery in resolving the
28  issues in this case. The burden and expense of the discovery far outweighs its

1 | likely benefit. Fed. R. Civ. P. 26(b)(1).

2 |     Further, BMW NA objects to the request for " all documents, including but

3 | not limited to electronic data and e-mails, . . . that relate to the causal or

4 | contributing factors" as vague, ambiguous, overly broad and unduly burdensome,

5 | and to the extent that Plaintiff seeks materials that are confidential and protected as

6 | proprietary, trade secret, and/or commercially sensitive without prior entry of an

7 | appropriate protective order, or documents protected by the attorney-client

8 | privilege and/or work product doctrine.

9 |     BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

10 | defined by Plaintiff as "such defects which result in symptoms as: engine shaking;

11 | drive moderately message displays; faulty low pressure fuel sensor; running rough;

12 | faulty crank case breathers; faulty internally SIB 110712; surging; surging in

13 | reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

14 | hose leaking oil; breather hose cracked; premature activation of all service lights;

15 | check engine light illumination; car running poorly; injector 8 failure; symptoms

16 | necessitating performance of the customer car package; bad psi pump; check

17 | engine light still illuminating after replacing psi pump; excessive oil consumption;

18 | premature replacement of crank case breathers; coolant light illumination;

19 | premature replacement of turbo inlet and return coolant lines; coolant lines

20 | leaking," as vague and overly broad. Plaintiff's definition results in a request for

21 | documents not described with reasonable particularity as required by Fed. R. Civ.

22 | P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

23 | that are not relevant.

24 | **REQUEST FOR PRODUCTION NO. 36:**

25 |     Please produce the deposition transcript for all depositions of Your Person

26 | Most Qualified/ Knowledgeable relating to the ENGINE/OIL CONSUMPTION

27 | DEFECT(S) in any case.

28 |

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

2      The fact that a Person Most Qualified from BMW NA relating to alleged

3  ENGINE/OIL CONSUMPTION DEFECT has testified in another case does not

4  make those deposition transcripts relevant or otherwise discoverable in this case.

5  Facts and circumstances surrounding other lawsuits vary widely, and have no

6  relationship to this case, and are not relevant to this action.

7      BMW NA objects further that this request seeks information regarding

8  vehicles other than the SUBJECT VEHICLE and issues with no relationship to

9  Plaintiff's claims, including private information of third parties. BMW NA objects

10  to the extent that this request seeks documents that are not relevant to this action

11  because whether Plaintiff is entitled to relief under the Song-Beverly Consumer

12  Warranty Act is entirely unrelated to problems with other vehicles of the same

13  year, make, and model as the SUBJECT VEHICLE and instead relates to whether

14  claimed nonconformities in the SUBJECT VEHICLE were repaired within a

15  reasonable number of repair attempts.

16      BMW NA objects that this request seeks documents regarding vehicles other

17  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

18  not relevant to this action. Further, BMW NA objects to the extent that Plaintiff

19  seeks materials that are confidential and protected as proprietary, trade secret,

20  and/or commercially sensitive without prior entry of an appropriate protective

21  order.

22      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

23  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;

24  drive moderately message displays; faulty low pressure fuel sensor; running rough;

25  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

26  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

27  hose leaking oil; breather hose cracked; premature activation of all service lights;

28  check engine light illumination; car running poorly; injector 8 failure; symptoms

1    necessitating performance of the customer car package; bad psi pump; check
2    engine light still illuminating after replacing psi pump; excessive oil consumption;
3    premature replacement of crank case breathers; coolant light illumination;
4    premature replacement of turbo inlet and return coolant lines; coolant lines
5    leaking," as vague and overly broad. Plaintiff's definition results in a request for
6    documents not described with reasonable particularity as required by Fed. R. Civ.
7    P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
8    that are not relevant.

9    **REQUEST FOR PRODUCTION NO. 37:**

10        All documents YOU issued with respect to the AIR CONDITIONING
11   DEFECT(S) that Plaintiff has experienced with the SUBJECT VEHICLE.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

13        BMW NA objects to Plaintiff's proposed definition of "YOU" as overly
14   broad, harassing, unduly burdensome, and improperly calling for information from
15   third parties over whom BMW NA has no control, against whom this lawsuit has
16   not been filed, for whom BMW NA is not liable, and over whom this court has no
17   jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
18   purports to impose upon BMW NA the burden to seek documents from agents,
19   employees, and other entities, and materials not within BMW NA's possession,
20   custody or control. BMW NA responds on its own behalf only. BMW NA further
21   objects to this request to the extent Plaintiff seeks materials that are confidential
22   and protected as proprietary, trade secret, and/or commercially sensitive without
23   prior entry of an appropriate protective order.

24        BMW NA objects that this request seeks documents regarding vehicles other
25   than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
26   not relevant to this action or proportional to the needs of this case, because whether
27   Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
28   entirely unrelated to problems with other vehicles of the same year, make, and

1  model as the SUBJECT VEHICLE and instead relates to whether claimed
2  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
3  number of repair attempts.

4      BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
5  by Plaintiff as "such defects which result in symptoms such as: air conditioning
6  blowing erratic; faulty blower motor; air conditioning turning off and on; air
7  conditioning sounding like a motor running; loud noise when running air
8  conditioning; defective blower output stage unit; defective blower motor," as vague
9  and overly broad. Plaintiff's definition results in a request for documents not
10 described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
11 and which is overly broad, unduly burdensome, and seeks documents that are not
12 relevant or properly discoverable.

13 **REQUEST FOR PRODUCTION NO. 38:**

14     Provide each and every opinion/expert witness report that YOU used or
15 received in any proceedings with respect to the AIR CONDITIONING
16 DEFECT(S).

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

18     The fact that expert witnesses may have prepared reports for other cases
19 does not make those reports relevant or otherwise discoverable in this case. Facts
20 and circumstances surrounding other lawsuits vary widely, and have no
21 relationship to this case, and are not relevant to this action. BMW NA objects that
22 this request seeks documents regarding vehicles other than the SUBJECT
23 VEHICLE and issues not at stake in this litigation, which are not relevant to this
24 action or proportional to the needs of this case, because whether Plaintiff is entitled
25 to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to
26 problems with other vehicles of the same year, make, and model as the SUBJECT
27 VEHICLE and instead relates to whether claimed nonconformities in the
28 SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.

1    BMW NA objects to this request in light of the limited amount in controversy and

2    the unimportance of the requested discovery in resolving the issues in this case.

3    The burden and expense of the discovery far outweighs its likely benefit. Fed. R.

4    Civ. P. 26(b)(1).

5      BMW NA objects to this request to the extent that it seeks materials that are

6    confidential and protected as proprietary, trade secret, and/or commercially

7    sensitive without prior entry of an appropriate protective order, or documents

8    protected by the consulting expert privilege, attorney-client privilege and/or work-

9    product doctrine.

10      BMW NA objects further that this request seeks information regarding

11    vehicles other than the SUBJECT VEHICLE, including private information of

12    third parties.

13      BMW NA objects to Plaintiff's proposed definition of "YOU" as overly

14    broad, harassing, unduly burdensome, and improperly calling for information from

15    third parties over whom BMW NA has no control, against whom this lawsuit has

16    not been filed, for whom BMW NA is not liable, and over whom this court has no

17    jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition

18    purports to impose upon BMW NA the burden to seek documents from agents,

19    employees, and other entities, and materials not within BMW NA's possession,

20    custody or control. BMW NA responds on its own behalf only.

21      BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

22    by Plaintiff as "such defects which result in symptoms such as: air conditioning

23    blowing erratic; faulty blower motor; air conditioning turning off and on; air

24    conditioning sounding like a motor running; loud noise when running air

25    conditioning; defective blower output stage unit; defective blower motor," as vague

26    and overly broad. Plaintiff's definition results in a request for documents not

27    described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

28    and which is overly broad, unduly burdensome, and seeks documents that are not

1  relevant or properly discoverable.

2  **REQUEST FOR PRODUCTION NO. 39:**

3      Any and all documents, papers, correspondence, memos, repair orders, work

4  orders, computer print-outs, vehicle inquiry reports, documents, or receipts

5  evidencing the performance of any repair work, whether covered under YOUR

6  warranty or not, done to the SUBJECT VEHICLE.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

8      BMW NA objects to this request as burdensome, cumulative and harassing

9  as it is identical to Plaintiff's Request for Production No. 13, above. BMW NA

10  refers Plaintiff to the response of Request for Production No. 13, above and objects

11  as follows:

12      BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

13  broad, harassing, unduly burdensome, and improperly calling for documents from

14  third parties over whom BMW NA has no control, against whom this lawsuit has

15  not been filed, for whom BMW NA is not liable, and over whom this court has no

16  jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition

17  purports to impose upon BMW NA the burden to seek documents from agents,

18  employees, and other entities, and materials not within BMW NA's possession,

19  custody or control. BMW NA responds on its own behalf only.

20      BMW NA objects that Plaintiff's request seeks documents not described

21  with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). BMW NA

22  objects to this request as vague, overly broad, unduly burdensome, and seeking

23  documents that are not relevant, and to the extent that it seeks documents not

24  within BMW NA's possession, custody or control.

25  **REQUEST FOR PRODUCTION NO. 40:**

26      Any and all contract(s) between YOU and YOUR authorized dealership(s)

27  that performed repairs to the SUBJECT VEHICLE, including your franchise

28  contract and warranty policies and procedure manual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

BMW NA objects to this request as burdensome, cumulative and harassing as it is identical to plaintiff's Request for Production No. 14, above.

BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

BMW NA objects to this request as vague, overly broad, unduly burdensome, seeking documents that are not relevant to this action. BMW NA further objects to this request to the extent Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 41:**

Any lists authored by YOU that decipher any diagnostic codes or repair codes that YOU instruct YOUR authorized dealership(s) to document on the repair orders, including all diagnostic codes pertaining to the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

BMW NA objects to this demand as vague, overly broad, unduly burdensome, seeking materials that are not relevant to this action, and to the extent that it seeks information not within BMW NA's possession, custody or control. BMW NA also objects to this demand to the extent it seeks materials that are

EXHIBIT C
184

1  confidential and protected as proprietary, trade secret, and/or commercially

2  sensitive without prior entry of an appropriate protective order.

3      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

4  as overly broad, harassing, unduly burdensome, and improperly calling for

5  documents from third parties over whom BMW NA has no control, against whom

6  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

7  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

8  proposed definition purports to impose upon BMW NA the burden to seek

9  documents from agents, employees, and other entities, and materials not within

10 BMW NA's possession, custody or control.

11     BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

12 by Plaintiff as "such defects which result in symptoms such as: air conditioning

13 blowing erratic; faulty blower motor; air conditioning turning off and on; air

14 conditioning sounding like a motor running; loud noise when running air

15 conditioning; defective blower output stage unit; defective blower motor," as vague

16 and overly broad. Plaintiff's definition results in a request for documents not

17 described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

18 and which is overly broad, unduly burdensome, and seeks documents that are not

19 relevant or properly discoverable.

20 **REQUEST FOR PRODUCTION NO. 42:**

21     All documents that YOU or YOUR representatives use to evaluate

22 consumers' request for vehicle repurchase, including any all document used to

23 evaluate consumers' requests for vehicle repurchase related to the AIR

24 CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make,

25 and model as the SUBJECT VEHICLE.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

27     BMW NA objects to this request as vague, overly broad and seeking

28 documents that are not relevant to this action. In addition, BMW NA objects to

1  this request to the extent that it seeks materials that are confidential and protected

2  as proprietary, trade secret, and/or commercially sensitive without prior entry of an

3  appropriate protective order, and/or protected by the attorney-client privilege

4  and/or work-product doctrine.

5       BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

6  as overly broad, harassing, unduly burdensome, and improperly calling for

7  information from third parties over whom BMW NA has no control, against whom

8  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

9  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

10  proposed definition purports to impose upon BMW NA the burden to seek

11  documents from agents, employees, and other entities, and materials not within

12  BMW NA's possession, custody or control. BMW NA responds on its own behalf

13  only.

14       BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

15  by Plaintiff as "such defects which result in symptoms such as: air conditioning

16  blowing erratic; faulty blower motor; air conditioning turning off and on; air

17  conditioning sounding like a motor running; loud noise when running air

18  conditioning; defective blower output stage unit; defective blower motor," as vague

19  and overly broad. Plaintiff's definition results in a request for documents not

20  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

21  and which is overly broad, unduly burdensome, and seeks documents that are not

22  relevant or properly discoverable.

23  **REQUEST FOR PRODUCTION NO. 43:**

24       Please produce the Warranty Vehicle Inquiry of all 2009 through 2014

25  Model Year BMW vehicles that YOU have repurchased under the Song Beverly

26  Act in the past four years for nonconformities related to the AIR CONDITIONING

27  DEFECT(S).

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

BMW NA objects that this request seeks documents regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in this litigation, which are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

BMW NA objects to Plaintiff's proposed definition of "YOU" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

BMW NA objects to the term "AIR CONDITIONING DEFECT," defined by Plaintiff as "such defects which result in symptoms such as: air conditioning blowing erratic; faulty blower motor; air conditioning turning off and on; air conditioning sounding like a motor running; loud noise when running air conditioning; defective blower output stage unit; defective blower motor," as vague and overly broad. Plaintiff's definition results in a request for documents not described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A), and which is overly broad, unduly burdensome, and seeks documents that are not

EXHIBIT C
187

1  relevant or properly discoverable.

2  **REQUEST FOR PRODUCTION NO. 44:**

3      Please produce all documents, including but not limited to electronic data

4  and e-mails, concerning or relating to any communications YOU have had

5  regarding the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the

6  same year, make, and model as the SUBJECT VEHICLE, including the cause of

7  the defect.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

9      BMW NA objects that this request seeks materials regarding vehicles other

10  than the SUBJECT VEHICLE, including private information of third parties, and

11  issues not at stake in this litigation, which are not relevant to this action. BMW

12  NA objects to the extent that this request seeks documents that are not relevant to

13  this action or proportional to the needs of this case, because whether Plaintiff is

14  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

15  unrelated to problems with other vehicles of the same year, make, and model as the

16  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

17  the SUBJECT VEHICLE were repaired within a reasonable number of repair

18  attempts. BMW NA objects to this request in light of the limited amount in

19  controversy and the unimportance of the requested discovery in resolving the

20  issues in this case. The burden and expense of the discovery far outweighs its

21  likely benefit. Fed. R. Civ. P. 26(b)(1).

22      BMW NA objects to Plaintiff's proposed definitions of "YOU" and "YOUR"

23  as overly broad, harassing, unduly burdensome, and improperly calling for

24  information from third parties over whom BMW NA has no control, against whom

25  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

26  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

27  proposed definition purports to impose upon BMW NA the burden to seek

28  documents from agents, employees, and other entities, and materials not within

1   BMW NA's possession, custody or control.  BMW NA responds on its own behalf
2   only.
3        BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
4   by Plaintiff as "such defects which result in symptoms such as: air conditioning
5   blowing erratic; faulty blower motor; air conditioning turning off and on; air
6   conditioning sounding like a motor running; loud noise when running air
7   conditioning; defective blower output stage unit; defective blower motor," as vague
8   and overly broad. Plaintiff's definition results in a request for documents not
9   described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
10  and which is overly broad, unduly burdensome, and seeks documents that are not
11  relevant or properly discoverable.

12  **REQUEST FOR PRODUCTION NO. 45:**

13       Please produce all documents, including but not limited to electronic data
14  and e-mails, concerning or relating in any way to any decision to issue any notices,
15  letters, campaigns, warranty extensions, technical service bulletins and recalls
16  concerning the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are
17  the same year, make, and model as the SUBJECT VEHICLE, including the cause
18  of the defect.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

20       BMW NA objects to this request as "the burden, expense, or intrusiveness
21  [of this request] clearly outweighs the likelihood that the information sought will
22  lead to the discovery of admissible evidence." Code. Civ. Proc., §2017.020(a).  In
23  addition, this discovery should be limited when taking into account the amount in
24  controversy, the resources of the parties, the importance of the issues in the
25  litigation, and the importance of the requested discovery in resolving the issues.
26  See Code Civ. Proc., § 2031.060(f)(4).  BMW NA objects further that this request
27  seeks materials regarding vehicles other than the SUBJECT VEHICLE, including
28  private information of third parties.  BMW NA objects to the extent that this

request seeks documents that are not relevant to this action, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.

BMW NA objects that this request seeks documents regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in this litigation, which are not relevant to this action.

Further, BMW NA objects to the request for "all documents, including but not limited to electronic data and e-mails, concerning or relating in any way" as vague, ambiguous, grossly overly broad and unduly burdensome, and to the extent that Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order, or documents protected by the attorney-client privilege and/or work product doctrine.

BMW NA objects to the term "AIR CONDITIONING DEFECT," defined by Plaintiff as "such defects which result in symptoms such as: air conditioning blowing erratic; faulty blower motor; air conditioning turning off and on; air conditioning sounding like a motor running; loud noise when running air conditioning; defective blower output stage unit; defective blower motor," as vague and overly broad. Plaintiff's definition results in a request for documents not described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A), and which is overly broad, unduly burdensome, and seeks documents that are not relevant or properly discoverable.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce all documents, including but not limited to electronic data and e-mails, concerning or relating in any way to any decision to modify the air

EXHIBIT C
190

1    conditioning system and/or any of YOUR related parts used in YOUR vehicles

2    which are the same year, make, and model as the SUBJECT VEHICLE.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

4         BMW NA objects that this request seeks materials regarding vehicles other

5    than the SUBJECT VEHICLE, including private information of third parties, and

6    issues not at stake in this litigation, which are not relevant to this action.  BMW

7    NA objects to the extent that this request seeks documents that are not relevant to

8    this action or proportional to the needs of this case, because whether Plaintiff is

9    entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

10   unrelated to problems with other vehicles of the same year, make, and model as the

11   SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

12   the SUBJECT VEHICLE were repaired within a reasonable number of repair

13   attempts.  BMW NA objects to this request in light of the limited amount in

14   controversy and the unimportance of the requested discovery in resolving the

15   issues in this case.  The burden and expense of the discovery far outweighs its

16   likely benefit. Fed. R. Civ. P. 26(b)(1).

17        BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

18   broad, harassing, unduly burdensome, and improperly calling for information from

19   third parties over whom BMW NA has no control, against whom this lawsuit has

20   not been filed, for whom BMW NA is not liable, and over whom this court has no

21   jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition

22   purports to impose upon BMW NA the burden to seek documents from agents,

23   employees, and other entities, and materials not within BMW NA's possession,

24   custody or control.  BMW NA responds on its own behalf only.

25        Further, BMW NA objects to the request for "all documents, including but

26   not limited to electronic data and e-mails, concerning or relating in any way to any

27   decision to modify the air conditioning system and/or any of YOUR related parts"

28   as vague, ambiguous, grossly overly broad and unduly burdensome, and to the

1  extent that Plaintiff seeks materials that are confidential and protected as
2  proprietary, trade secret, and/or commercially sensitive without prior entry of an
3  appropriate protective order, or documents protected by the attorney-client
4  privilege and/or work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 47:**

6       Please produce all documents, records and data, including but not limited to
7  electronic data and e-mails, concerning customer complaints, claims, reported
8  failures, and warranty claims related to the AIR CONDITIONING DEFECT(S) in
9  YOUR vehicles which are the same year, make, and model as the SUBJECT
10  VEHICLE, including but not limited to any databases in YOUR possession with
11  information from dealers, service departments, parts departments, or warranty
12  departments, and all documents concerning YOUR response to each complaint,
13  claim or reported failure.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

15       BMW NA objects that this request seeks materials regarding vehicles other
16  than the SUBJECT VEHICLE, including private information of third parties, and
17  issues not at stake in this litigation, which are not relevant to this action. BMW
18  NA objects to the extent that this request seeks documents that are not relevant to
19  this action or proportional to the needs of this case, because whether Plaintiff is
20  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
21  unrelated to problems with other vehicles of the same year, make, and model as the
22  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
23  the SUBJECT VEHICLE were repaired within a reasonable number of repair
24  attempts. BMW NA objects to this request in light of the limited amount in
25  controversy and the unimportance of the requested discovery in resolving the
26  issues in this case. The burden and expense of the discovery far outweighs its
27  likely benefit. Fed. R. Civ. P. 26(b)(1).

28       BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

1  broad, harassing, unduly burdensome, and improperly calling for information from

2  third parties over whom BMW NA has no control, against whom this lawsuit has

3  not been filed, for whom BMW NA is not liable, and over whom this court has no

4  jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition

5  purports to impose upon BMW NA the burden to seek documents from agents,

6  employees, and other entities, and materials not within BMW NA's possession,

7  custody or control. BMW NA responds on its own behalf only.

8       Further, BMW NA objects to the request for "all documents, records and

9  data, including but not limited to electronic data and e-mails, concerning customer

10  complaints, claims, reported failures, and warranty claims related to…" as vague,

11  ambiguous, grossly overly broad and unduly burdensome, and to the extent that

12  Plaintiff seeks materials that are confidential and protected as proprietary, trade

13  secret, and/or commercially sensitive without prior entry of an appropriate

14  protective order, or documents protected by the attorney-client privilege and/or

15  work product doctrine.

16       BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

17  by Plaintiff as "such defects which result in symptoms such as: air conditioning

18  blowing erratic; faulty blower motor; air conditioning turning off and on; air

19  conditioning sounding like a motor running; loud noise when running air

20  conditioning; defective blower output stage unit; defective blower motor," as vague

21  and overly broad. Plaintiff's definition results in a request for documents not

22  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

23  and which is overly broad, unduly burdensome, and seeks documents that are not

24  relevant or properly discoverable.

25  **REQUEST FOR PRODUCTION NO. 48:**

26       Please produce all documents, records and data, including but not limited to

27  electronic data and e-mails, concerning customer complaints, claims, reported

28  failures, and warranty claims related to the AIR CONDITIONING DEFECT(S) in

1  YOUR vehicles which are the same year, make, and model as the SUBJECT

2  VEHICLE, including but not limited to any databases in YOUR possession with

3  information from dealers, service departments, parts departments, or warranty

4  departments, and all documents concerning YOUR response to each complaint,

5  claim or reported failure, as well [*sic*] number of parts replaced during this period.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

7      BMW NA objects that this request seeks materials regarding vehicles other

8  than the SUBJECT VEHICLE, including private information of third parties, and

9  issues not at stake in this litigation, which are not relevant to this action. BMW

10  NA objects to the extent that this request seeks documents that are not relevant to

11  this action or proportional to the needs of this case, because whether Plaintiff is

12  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

13  unrelated to problems with other vehicles of the same year, make, and model as the

14  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

15  the SUBJECT VEHICLE were repaired within a reasonable number of repair

16  attempts. BMW NA objects to this request in light of the limited amount in

17  controversy and the unimportance of the requested discovery in resolving the

18  issues in this case. The burden and expense of the discovery far outweighs its

19  likely benefit. Fed. R. Civ. P. 26(b)(1).

20      BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

21  broad, harassing, unduly burdensome, and improperly calling for information from

22  third parties over whom BMW NA has no control, against whom this lawsuit has

23  not been filed, for whom BMW NA is not liable, and over whom this court has no

24  jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition

25  purports to impose upon BMW NA the burden to seek documents from agents,

26  employees, and other entities, and materials not within BMW NA's possession,

27  custody or control. BMW NA responds on its own behalf only.

28      Further, BMW NA objects to the request for "all documents, records and

EXHIBIT C
194

1   data, including but not limited to electronic data and e-mails, concerning customer
2   complaints, claims, reported failures, and warranty claims related to..." as well as
3   the request for "all documents concerning YOUR response to each complaint,
4   claim or reported failure, as well [sic] number of parts replaced during this period"
5   as vague, ambiguous, grossly overly broad and unduly burdensome, and to the
6   extent that Plaintiff seeks materials that are confidential and protected as
7   proprietary, trade secret, and/or commercially sensitive without prior entry of an
8   appropriate protective order, or documents protected by the attorney-client
9   privilege and/or work product doctrine.

10      BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
11   by Plaintiff as "such defects which result in symptoms such as: air conditioning
12   blowing erratic; faulty blower motor; air conditioning turning off and on; air
13   conditioning sounding like a motor running; loud noise when running air
14   conditioning; defective blower output stage unit; defective blower motor," as vague
15   and overly broad. Plaintiff's definition results in a request for documents not
16   described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
17   and which is overly broad, unduly burdensome, and seeks documents that are not
18   relevant or properly discoverable.

19   **REQUEST FOR PRODUCTION NO. 49:**

20      Please produce each and every service bulletin, warranty extension, recall, or
21   other similar communications, notifications, correspondence or writings between
22   YOU and dealers, technicians or owners concerning the AIR CONDITIONING
23   DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
24   SUBJECT VEHICLE, whether national, regional, general, safety, voluntary or
25   mandatory, along with any related documents, data or other information
26   concerning same.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

28      BMW NA objects that this request seeks materials regarding vehicles other

than the SUBJECT VEHICLE, including private information of third parties, and issues not at stake in this litigation, which are not relevant to this action. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

Further, BMW NA objects to the request for "any related documents, data or other information concerning" these materials as vague, ambiguous, grossly overly broad and unduly burdensome, and to the extent that Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order, or documents protected by the attorney-client privilege and/or work product doctrine.

BMW NA objects to the term "AIR CONDITIONING DEFECT," defined by Plaintiff as "such defects which result in symptoms such as: air conditioning

EXHIBIT C
196

1    blowing erratic; faulty blower motor; air conditioning turning off and on; air

2    conditioning sounding like a motor running; loud noise when running air

3    conditioning; defective blower output stage unit; defective blower motor," as vague

4    and overly broad. Plaintiff's definition results in a request for documents not

5    described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

6    and which is overly broad, unduly burdensome, and seeks documents that are not

7    relevant or properly discoverable.

8    **REQUEST FOR PRODUCTION NO. 50:**

9          Please produce all documents, including but not limited to electronic data

10   and e-mails, concerning or relating in any way to any internal analysis or

11   investigation by YOU or on YOUR behalf regarding the AIR CONDITIONING

12   DEFECT(S) in YOUR vehicles which are the same year, make, and model as the

13   SUBJECT VEHICLE.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

15         BMW NA objects that this request seeks materials regarding vehicles other

16   than the SUBJECT VEHICLE, including private information of third parties, and

17   issues not at stake in this litigation, which are not relevant to this action. BMW

18   NA objects to the extent that this request seeks documents that are not relevant to

19   this action or proportional to the needs of this case, because whether Plaintiff is

20   entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

21   unrelated to problems with other vehicles of the same year, make, and model as the

22   SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

23   the SUBJECT VEHICLE were repaired within a reasonable number of repair

24   attempts. BMW NA objects to this request in light of the limited amount in

25   controversy and the unimportance of the requested discovery in resolving the

26   issues in this case. The burden and expense of the discovery far outweighs its

27   likely benefit. Fed. R. Civ. P. 26(b)(1).

28         BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

1   as overly broad, harassing, unduly burdensome, and improperly calling for
2   information from third parties over whom BMW NA has no control, against whom
3   this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
4   this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
5   proposed definition purports to impose upon BMW NA the burden to seek
6   documents from agents, employees, and other entities, and materials not within
7   BMW NA's possession, custody or control. BMW NA responds on its own behalf
8   only.

9        BMW NA objects to the request for "all documents, including but not
10  limited to electronic data and e-mails, concerning or relating in any way" as vague,
11  ambiguous, grossly overly broad and unduly burdensome, and to the extent that
12  Plaintiff seeks materials that are confidential and protected as proprietary, trade
13  secret, and/or commercially sensitive without prior entry of an appropriate
14  protective order, or documents protected by the attorney-client privilege and/or
15  work product doctrine.

16       BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
17  by Plaintiff as "such defects which result in symptoms such as: air conditioning
18  blowing erratic; faulty blower motor; air conditioning turning off and on; air
19  conditioning sounding like a motor running; loud noise when running air
20  conditioning; defective blower output stage unit; defective blower motor," as vague
21  and overly broad. Plaintiff's definition results in a request for documents not
22  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
23  and which is overly broad, unduly burdensome, and seeks documents that are not
24  relevant or properly discoverable.

25  **REQUEST FOR PRODUCTION NO. 51:**

26       Please produce all documents, including but not limited to electronic data
27  and e-mails, concerning or relating in any way to any internal analysis or
28  investigation by YOU or on YOUR behalf regarding the AIR CONDITIONING

1   DEFECT(S) in YOUR vehicles which are the same year, make, and model as the

2   SUBJECT VEHICLE.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

4        BMW NA objects to this request as burdensome, cumulative and harassing

5   as it is identical to plaintiff's Request for Production No. 50, above. BMW NA

6   objects that this request seeks materials regarding vehicles other than the

7   SUBJECT VEHICLE, including private information of third parties, and issues not

8   at stake in this litigation, which are not relevant to this action. BMW NA objects

9   to the extent that this request seeks documents that are not relevant to this action or

10  proportional to the needs of this case, because whether Plaintiff is entitled to relief

11  under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems

12  with other vehicles of the same year, make, and model as the SUBJECT VEHICLE

13  and instead relates to whether claimed nonconformities in the SUBJECT

14  VEHICLE were repaired within a reasonable number of repair attempts. BMW

15  NA objects to this request in light of the limited amount in controversy and the

16  unimportance of the requested discovery in resolving the issues in this case. The

17  burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ.

18  P. 26(b)(1).

19       BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

20  as overly broad, harassing, unduly burdensome, and improperly calling for

21  information from third parties over whom BMW NA has no control, against whom

22  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

23  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

24  proposed definition purports to impose upon BMW NA the burden to seek

25  documents from agents, employees, and other entities, and materials not within

26  BMW NA's possession, custody or control. BMW NA responds on its own behalf

27  only.

28       BMW NA objects to the request for "all documents, including but not

1   limited to electronic data and e-mails, concerning or relating in any way" as vague,

2   ambiguous, grossly overly broad and unduly burdensome, and to the extent that

3   Plaintiff seeks materials that are confidential and protected as proprietary, trade

4   secret, and/or commercially sensitive without prior entry of an appropriate

5   protective order, or documents protected by the attorney-client privilege and/or

6   work product doctrine.

7       BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

8   by Plaintiff as "such defects which result in symptoms such as: air conditioning

9   blowing erratic; faulty blower motor; air conditioning turning off and on; air

10   conditioning sounding like a motor running; loud noise when running air

11   conditioning; defective blower output stage unit; defective blower motor," as vague

12   and overly broad. Plaintiff's definition results in a request for documents not

13   described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

14   and which is overly broad, unduly burdensome, and seeks documents that are not

15   relevant or properly discoverable.

16   **REQUEST FOR PRODUCTION NO. 52:**

17       Please produce all documents, including but not limited to electronic data

18   and e-mails, concerning or relating in any way to any analysis or investigation by

19   YOU or on YOUR behalf regarding the claims, complaints, and warranty claims

20   concerning the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are

21   the same year, make, and model as the SUBJECT VEHICLE.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

23       BMW NA objects that this request seeks materials regarding vehicles other

24   than the SUBJECT VEHICLE, including private information of third parties.

25   BMW NA objects to the extent that this request seeks documents that are not

26   relevant to this action or proportional to the needs of this case, because whether

27   Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

28   entirely unrelated to problems with other vehicles of the same year, make, and

1   model as the SUBJECT VEHICLE and instead relates to whether claimed
2   nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
3   number of repair attempts. BMW NA objects to this request in light of the limited
4   amount in controversy and the unimportance of the requested discovery in
5   resolving the issues in this case. The burden and expense of the discovery far
6   outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

7           BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
8   as overly broad, harassing, unduly burdensome, and improperly calling for
9   information from third parties over whom BMW NA has no control, against whom
10  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
11  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
12  proposed definition purports to impose upon BMW NA the burden to seek
13  documents from agents, employees, and other entities, and materials not within
14  BMW NA's possession, custody or control. BMW NA responds on its own behalf
15  only.

16          BMW NA objects that this request seeks documents regarding vehicles other
17  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
18  not relevant.

19          BMW NA objects to the request for "all documents, including but not
20  limited to electronic data and e-mails, concerning or relating in any way" as vague,
21  ambiguous, grossly overly broad and unduly burdensome, and to the extent that
22  Plaintiff seeks materials that are confidential and protected as proprietary, trade
23  secret, and/or commercially sensitive without prior entry of an appropriate
24  protective order, or documents protected by the attorney-client privilege and/or
25  work product doctrine.

26          BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
27  by Plaintiff as "such defects which result in symptoms such as: air conditioning
28  blowing erratic; faulty blower motor; air conditioning turning off and on; air

1    conditioning sounding like a motor running; loud noise when running air

2    conditioning; defective blower output stage unit; defective blower motor," as vague

3    and overly broad. Plaintiff's definition results in a request for documents not

4    described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

5    and which is overly broad, unduly burdensome, and seeks documents that are not

6    relevant or properly discoverable.

7    **REQUEST FOR PRODUCTION NO. 53:**

8        Please produce all documents, including but not limited to electronic data

9    and e-mails, concerning or relating in any way to any expert reports received or

10    provided by YOU concerning the AIR CONDITIONING DEFECT(S) in YOUR

11    vehicles which are the same year, make, and model as the SUBJECT VEHICLE in

12    any arbitration, lawsuit or any other legal proceeding or action.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

14        The fact that expert witnesses may have prepared reports for other cases or

15    vehicles does not make those reports relevant or otherwise discoverable in this

16    case. Facts and circumstances surrounding other lawsuits or other complaints

17    regarding other vehicles vary widely, and have no relationship to this case, and are

18    not relevant. BMW NA objects that this request seeks documents regarding

19    vehicles other than the SUBJECT VEHICLE and issues not at stake in this

20    litigation, which are not relevant.

21        BMW NA objects to this request for "all documents, including but not

22    limited to electronically stored data and e-mails, concerning or relating in any way"

23    to the requested materials as overly broad, unduly burdensome, and to the extent

24    that it seeks materials that are confidential and protected as proprietary, trade

25    secret, and/or commercially sensitive without prior entry of an appropriate

26    protective order, or documents protected by the consulting expert privilege,

27    attorney-client privilege and/or work-product doctrine.

28        BMW NA objects that this request seeks information regarding repairs to

1   vehicles other than the SUBJECT VEHICLE, including private information of

2   third parties. BMW NA objects to the extent that this request seeks documents that

3   are not relevant to this action or proportional to the needs of this case, because

4   whether Plaintiff is entitled to relief under the Song-Berverly Consumer Warranty

5   Act is entirely unrelated to problems with other vehicles of the same year, make,

6   and model as the SUBJECT VEHICLE and instead relates to whether claimed

7   nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

8   number of repair attempts. BMW NA objects to this request in light of the limited

9   amount in controversy and the unimportance of the requested discovery in

10  resolving the issues in this case. The burden and expense of the discovery far

11  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

12      BMW NA objects to Plaintiff's proposed definition of "YOU" as overly

13  broad, harassing, unduly burdensome, and improperly calling for information from

14  third parties over whom BMW NA has no control, against whom this lawsuit has

15  not been filed, for whom BMW NA is not liable, and over whom this court has no

16  jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition

17  purports to impose upon BMW NA the burden to seek documents from agents,

18  employees, and other entities, and materials not within BMW NA's possession,

19  custody or control. BMW NA responds on its own behalf only.

20      BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

21  by Plaintiff as "such defects which result in symptoms such as: air conditioning

22  blowing erratic; faulty blower motor; air conditioning turning off and on; air

23  conditioning sounding like a motor running; loud noise when running air

24  conditioning; defective blower output stage unit; defective blower motor," as vague

25  and overly broad. Plaintiff's definition results in a request for documents not

26  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

27  and which is overly broad, unduly burdensome, and seeks documents that are not

28  relevant or properly discoverable.

**REQUEST FOR PRODUCTION NO. 54:**

Please produce all correspondence, including but not limited to letters, notes, memos, emails, and notices, between YOU and any manufacturer or material supplier concerning problems or potential problems or concerns about the AIR CONDITIONING DEFECT(S) or performance of the engine used in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

1   BMW NA objects that this request seeks documents regarding vehicles other
2   than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
3   not relevant.

4   BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
5   by Plaintiff as "such defects which result in symptoms such as: air conditioning
6   blowing erratic; faulty blower motor; air conditioning turning off and on; air
7   conditioning sounding like a motor running; loud noise when running air
8   conditioning; defective blower output stage unit; defective blower motor," as vague
9   and overly broad. Plaintiff's definition results in a request for documents not
10  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
11  and which is overly broad, unduly burdensome, and seeks documents that are not
12  relevant or properly discoverable.

13  **REQUEST FOR PRODUCTION NO. 55:**

14  Please produce all documents, including but not limited to electronic data
15  and e-mails, concerning any modifications that were made to the engine as a result
16  of the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the same
17  year, make, and model as the SUBJECT VEHICLE.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

19  BMW NA objects that this request seeks materials regarding vehicles other
20  than the SUBJECT VEHICLE, including private information of third parties.
21  BMW NA objects to the extent that this request seeks documents that are not
22  relevant to this action or proportional to the needs of this case, because whether
23  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
24  entirely unrelated to problems with other vehicles of the same year, make, and
25  model as the SUBJECT VEHICLE and instead relates to whether claimed
26  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
27  number of repair attempts. BMW NA objects to this request in light of the limited
28  amount in controversy and the unimportance of the requested discovery in

1  resolving the issues in this case. The burden and expense of the discovery far
2  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

3      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
4  as overly broad, harassing, unduly burdensome, and improperly calling for
5  information from third parties over whom BMW NA has no control, against whom
6  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
7  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
8  proposed definition purports to impose upon BMW NA the burden to seek
9  documents from agents, employees, and other entities, and materials not within
10  BMW NA's possession, custody or control. BMW NA responds on its own behalf
11  only.

12      BMW NA objects to this request for "all documents, including but not
13  limited to electronic data and e-mails, concerning any modifications" to the
14  requested materials as overly broad, unduly burdensome, and to the extent that it
15  seeks materials that are confidential and protected as proprietary, trade secret,
16  and/or commercially sensitive without prior entry of an appropriate protective
17  order.

18      BMW NA objects that this request seeks documents regarding vehicles other
19  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
20  not relevant.

21      BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
22  by Plaintiff as "such defects which result in symptoms such as: air conditioning
23  blowing erratic; faulty blower motor; air conditioning turning off and on; air
24  conditioning sounding like a motor running; loud noise when running air
25  conditioning; defective blower output stage unit; defective blower motor," as vague
26  and overly broad. Plaintiff's definition results in a request for documents not
27  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
28  and which is overly broad, unduly burdensome, and seeks documents that are not

EXHIBIT C
206

1  relevant or properly discoverable.

2  **REQUEST FOR PRODUCTION NO. 56:**

3      Please produce all documents, including but not limited to electronic data
4  and e-mails, concerning or relating in any way to any measurement, report,
5  analysis or complaint regarding the safety of the vehicle, including but not limited
6  to safety issue concerning or relating in any way to the AIR CONDITIONING
7  DEFECT(S) used in YOUR vehicles which are the same year, make, and model as
8  the SUBJECT VEHICLE.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

10      BMW NA objects that this request seeks materials regarding vehicles other
11  than the SUBJECT VEHICLE, including private information of third parties.
12  BMW NA objects to the extent that this request seeks documents that are not
13  relevant to this action or proportional to the needs of this case, because whether
14  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
15  entirely unrelated to problems with other vehicles of the same year, make, and
16  model as the SUBJECT VEHICLE and instead relates to whether claimed
17  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
18  number of repair attempts. BMW NA objects to this request in light of the limited
19  amount in controversy and the unimportance of the requested discovery in
20  resolving the issues in this case. The burden and expense of the discovery far
21  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

22      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
23  as overly broad, harassing, unduly burdensome, and improperly calling for
24  information from third parties over whom BMW NA has no control, against whom
25  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
26  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
27  proposed definition purports to impose upon BMW NA the burden to seek
28  documents from agents, employees, and other entities, and materials not within

1    BMW NA's possession, custody or control.  BMW NA responds on its own behalf
2    only.

3          BMW NA objects to this request for "all documents, including but not
4    limited to electronic data and e-mails, concerning or relating in any way to any
5    measurement, report, analysis or complaint regarding the safety of the vehicle" to
6    the requested materials as overly broad, unduly burdensome, and to the extent that
7    it seeks materials that are confidential and protected as proprietary, trade secret,
8    and/or commercially sensitive without prior entry of an appropriate protective
9    order.

10         BMW NA objects that this request seeks documents regarding vehicles other
11   than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
12   not relevant.

13         BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
14   by Plaintiff as "such defects which result in symptoms such as: air conditioning
15   blowing erratic; faulty blower motor; air conditioning turning off and on; air
16   conditioning sounding like a motor running; loud noise when running air
17   conditioning; defective blower output stage unit; defective blower motor," as vague
18   and overly broad. Plaintiff's definition results in a request for documents not
19   described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
20   and which is overly broad, unduly burdensome, and seeks documents that are not
21   relevant or properly discoverable.

22   **REQUEST FOR PRODUCTION NO. 57:**

23         Please produce all documents, including but not limited to electronic data
24   and e-mails, concerning or relating to any fixes for the AIR CONDITIONING
25   DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
26   SUBJECT VEHICLE.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

28         BMW NA objects that this request seeks materials regarding vehicles other

1 | than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
2 | not relevant to this action. BMW NA objects to the extent that this request seeks
3 | documents that are not relevant to this action or proportional to the needs of this
4 | case, because whether Plaintiff is entitled to relief under the Song-Beverly
5 | Consumer Warranty Act is entirely unrelated to problems with other vehicles of the
6 | same year, make, and model as the SUBJECT VEHICLE and instead relates to
7 | whether claimed nonconformities in the SUBJECT VEHICLE were repaired within
8 | a reasonable number of repair attempts. BMW NA objects to this request in light of
9 | the limited amount in controversy and the unimportance of the requested discovery
10 | in resolving the issues in this case. The burden and expense of the discovery far
11 | outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

12 | Further, BMW NA objects to the request for "all documents, including but
13 | not limited to electronic data and e-mails, concerning or relating to any fixes" as
14 | vague, ambiguous, overly broad and unduly burdensome, and to the extent that
15 | Plaintiff seeks materials that are confidential and protected as proprietary, trade
16 | secret, and/or commercially sensitive without prior entry of an appropriate
17 | protective order, or documents protected by the attorney-client privilege and/or
18 | work product doctrine.

19 | BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
20 | by Plaintiff as "such defects which result in symptoms such as: air conditioning
21 | blowing erratic; faulty blower motor; air conditioning turning off and on; air
22 | conditioning sounding like a motor running; loud noise when running air
23 | conditioning; defective blower output stage unit; defective blower motor," as vague
24 | and overly broad. Plaintiff's definition results in a request for documents not
25 | described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
26 | and which is overly broad, unduly burdensome, and seeks documents that are not
27 | relevant or properly discoverable.
28 |

EXHIBIT C
209

**REQUEST FOR PRODUCTION NO. 58:**

Please produce all documents, including but not limited to electronic data and e-mails, concerning or relating [sic] any permanent fixes of the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties, and issues not at stake in this litigation, which are not relevant to this action. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Further, BMW NA objects to the request for "all documents, including but not limited to electronic data and e-mails, concerning or relating [sic] any permanent fixes" as vague, ambiguous, overly broad and unduly burdensome, and to the extent that Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order, or documents protected by the attorney-client privilege and/or work product doctrine. BMW NA further objects to "permanent fixes" as vague and ambiguous.

BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

1  by Plaintiff as "such defects which result in symptoms such as: air conditioning
2  blowing erratic; faulty blower motor; air conditioning turning off and on; air
3  conditioning sounding like a motor running; loud noise when running air
4  conditioning; defective blower output stage unit; defective blower motor," as vague
5  and overly broad. Plaintiff's definition results in a request for documents not
6  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
7  and which is overly broad, unduly burdensome, and seeks documents that are not
8  relevant or properly discoverable.

9  **REQUEST FOR PRODUCTION NO. 59:**

10        Please produce all documents, including but not limited to electronic data
11  and e-mails relating to any decision to modify or replace the air conditioning
12  system or related parts used in the SUBJECT VEHICLE as a result of the AIR
13  CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make,
14  and model as the SUBJECT VEHICLE.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

16        BMW NA objects that this request seeks materials regarding vehicles other
17  than the SUBJECT VEHICLE, including private information of third parties, and
18  issues not at stake in this litigation, which are not relevant to this action. BMW
19  NA objects to the extent that this request seeks documents that are not relevant to
20  this action or proportional to the needs of this case, because whether Plaintiff is
21  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
22  unrelated to problems with other vehicles of the same year, make, and model as the
23  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
24  the SUBJECT VEHICLE were repaired within a reasonable number of repair
25  attempts. BMW NA objects to this request in light of the limited amount in
26  controversy and the unimportance of the requested discovery in resolving the
27  issues in this case. The burden and expense of the discovery far outweighs its
28  likely benefit. Fed. R. Civ. P. 26(b)(1).

EXHIBIT C

1  BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly
2  broad, harassing, unduly burdensome, and improperly calling for information from
3  third parties over whom BMW NA has no control, against whom this lawsuit has
4  not been filed, for whom BMW NA is not liable, and over whom this court has no
5  jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition
6  purports to impose upon BMW NA the burden to seek documents from agents,
7  employees, and other entities, and materials not within BMW NA's possession,
8  custody or control.  BMW NA responds on its own behalf only.

9  Further, BMW NA objects to the request for "all documents, including but
10  not limited to electronic data and e-mails relating to any decision to modify or
11  replace the air conditioning system or related parts" as vague, ambiguous, grossly
12  overly broad and unduly burdensome, and to the extent that Plaintiff seeks
13  materials that are confidential and protected as proprietary, trade secret, and/or
14  commercially sensitive without prior entry of an appropriate protective order, or
15  documents protected by the attorney-client privilege and/or work product doctrine.

16  BMW NA objects to the term "AIR CONDITIONING DEFECT," defined
17  by Plaintiff as "such defects which result in symptoms such as: air conditioning
18  blowing erratic; faulty blower motor; air conditioning turning off and on; air
19  conditioning sounding like a motor running; loud noise when running air
20  conditioning; defective blower output stage unit; defective blower motor," as vague
21  and overly broad. Plaintiff's definition results in a request for documents not
22  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
23  and which is overly broad, unduly burdensome, and seeks documents that are not
24  relevant or properly discoverable.

25  **REQUEST FOR PRODUCTION NO. 60:**

26  Please produce all documents, including but not limited to electronic data
27  and e-mails, that you have in your possession that relate to the causal or
28  contributing factors of the AIR CONDITIONING DEFECT(S) in YOUR vehicles

1 | which are the same year, make, and model as the SUBJECT VEHICLE.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

3 |   BMW NA objects that this request seeks materials regarding vehicles other

4 | than the SUBJECT VEHICLE, including private information of third parties, and

5 | issues not at stake in this litigation, which are not relevant to this action. BMW

6 | NA objects to the extent that this request seeks documents that are not relevant to

7 | this action or proportional to the needs of this case, because whether Plaintiff is

8 | entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

9 | unrelated to problems with other vehicles of the same year, make, and model as the

10 | SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

11 | the SUBJECT VEHICLE were repaired within a reasonable number of repair

12 | attempts. BMW NA objects to this request in light of the limited amount in

13 | controversy and the unimportance of the requested discovery in resolving the

14 | issues in this case. The burden and expense of the discovery far outweighs its

15 | likely benefit. Fed. R. Civ. P. 26(b)(1).

16 |   Further, BMW NA objects to the request for " all documents, including but

17 | not limited to electronic data and e-mails, . . . that relate to the causal or

18 | contributing factors" as vague, ambiguous, overly broad and unduly burdensome,

19 | and to the extent that Plaintiff seeks materials that are confidential and protected as

20 | proprietary, trade secret, and/or commercially sensitive without prior entry of an

21 | appropriate protective order, or documents protected by the attorney-client

22 | privilege and/or work product doctrine.

23 |   BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

24 | by Plaintiff as "such defects which result in symptoms such as: air conditioning

25 | blowing erratic; faulty blower motor; air conditioning turning off and on; air

26 | conditioning sounding like a motor running; loud noise when running air

27 | conditioning; defective blower output stage unit; defective blower motor," as vague

28 | and overly broad. Plaintiff's definition results in a request for documents not

EXHIBIT C
213

1   described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

2   and which is overly broad, unduly burdensome, and seeks documents that are not

3   relevant or properly discoverable.

4   **REQUEST FOR PRODUCTION NO. 61:**

5        Please produce the deposition transcript for all depositions of Your Person

6   Most Qualified/ Knowledgeable relating to the AIR CONDITIONING

7   DEFECT(S) in any case.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

9        The fact that a Person Most Qualified from BMW NA relating to alleged

10  AIR CONDITIONING DEFECT has testified in another case does not make those

11  deposition transcripts relevant or otherwise discoverable in this case. Facts and

12  circumstances surrounding other lawsuits vary widely, and have no relationship to

13  this case, and are not relevant to this action.

14       BMW NA objects further that this request seeks information regarding

15  vehicles other than the SUBJECT VEHICLE and issues with no relationship to

16  Plaintiff's claims, including private information of third parties. BMW NA objects

17  to the extent that this request seeks documents that are not relevant to this action

18  because whether Plaintiff is entitled to relief under the Song-Beverly Consumer

19  Warranty Act is entirely unrelated to problems with other vehicles of the same

20  year, make, and model as the SUBJECT VEHICLE and instead relates to whether

21  claimed nonconformities in the SUBJECT VEHICLE were repaired within a

22  reasonable number of repair attempts.

23       BMW NA objects that this request seeks documents regarding vehicles other

24  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

25  not relevant to this action. Further, BMW NA objects to the extent that Plaintiff

26  seeks materials that are confidential and protected as proprietary, trade secret,

27  and/or commercially sensitive without prior entry of an appropriate protective

28  order.

1   **REQUEST FOR PRODUCTION NO. 62:**

2       Please produce all documents, including but not limited to electronic data

3   and e-mails, concerning or relating in any way to any BMW of North America,

4   LLC, employee, subsidiary, department, and/or division reporting or organizational

5   structure and/or charts effective from 2011 to the present, including any

6   organizational chart or other documents describing any reporting or superior

7   subordinate relationship, or any policies and procedures regarding communications

8   between employees, subsidiaries, departments, and/or divisions.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

10      BMW NA objects that this request seeks documents that are not relevant to

11  this action because the identity of personnel within BMW NA who did not have

12  contacts with Plaintiff is not relevant to whether Plaintiff is entitled to relief under

13  the Song-Beverly Consumer Warranty Act.

14      Further, this request for "all documents, including but not limited to

15  electronic data and e-mails, concerning or relating in any way to any BMW of

16  North America, LLC, employee, subsidiary, department, and/or division reporting

17  or organizational structure and/or charts effective from 2011 to the present,

18  including any organizational chart or other documents describing any reporting or

19  superior subordinate relationship, or any policies and procedures regarding

20  communications between employees, subsidiaries, departments, and/or divisions"

21  is vague, not described with reasonable particularity as required by Fed. R. Civ. P.

22  34(b)(1)(A), overly broad, unduly burdensome, and seeks documents that are not

23  relevant to this action.

24      BMW NA also objects to this request to the extent that Plaintiff seeks

25  materials that are confidential and protected as proprietary, trade secret, and/or

26  commercially sensitive without prior entry of an appropriate protective order.

27  **REQUEST FOR PRODUCTION NO. 63:**

28      Please produce all documents, including but not limited to electronic data

1  and e-mails, concerning or relating in any way to the issuance of TSB SIB 11-07-

2  12 [*sic*]

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

4      BMW NA refers Plaintiff to the copy of SIB 11 07 12 that BMW NA

5  produced in response to Plaintiff's Request for Production Set One, No. 9.

6      BMW NA objects to this request for "all documents, including but not

7  limited to electronic data and e-mails, concerning or relating in any way to the

8  issuance of" the identified service bulletin as vague, ambiguous, overly broad,

9  unduly burdensome, and harassing. BMW NA objects to this request to the extent

10  it seeks materials that are confidential and protected as proprietary, trade secret,

11  and/or commercially sensitive without prior entry of an appropriate protective

12  order, and to the extent Plaintiff seeks documents not within BMW NA's

13  possession, custody or control.  BMW NA further objects to the extent that

14  Plaintiff seeks materials protected by the attorney-client privilege and the attorney

15  work-product doctrine by use of the terms "all documents, including but not

16  limited to electronic data and e-mails, concerning or relating in any way" to the

17  identified service bulletin.

18  **REQUEST FOR PRODUCTION NO. 64:**

19      Please produce all documents, including but not limited to electronic data

20  and e-mails, concerning or relating in any way to the issuance of TSB SIB 61-13-

21  05 [*sic*]

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

23      BMW NA refers Plaintiff to the copy of SIB 61 13 05 that BMW NA

24  produced in response to Plaintiff's Request for Production Set One, No. 9.

25      BMW NA objects to this request for "all documents, including but not

26  limited to electronic data and e-mails, concerning or relating in any way to the

27  issuance of" the identified service bulletin as vague, ambiguous, overly broad,

28  unduly burdensome, and harassing. BMW NA objects to this request to the extent

1 | it seeks materials that are confidential and protected as proprietary, trade secret,
2 | and/or commercially sensitive without prior entry of an appropriate protective
3 | order, and to the extent Plaintiff seeks documents not within BMW NA's
4 | possession, custody or control.   BMW NA further objects to the extent that
5 | Plaintiff seeks materials protected by the attorney-client privilege and the attorney
6 | work-product doctrine by use of the terms "all documents, including but not
7 | limited to electronic data and e-mails, concerning or relating in any way" to the
8 | identified service bulletin.

9 | **REQUEST FOR PRODUCTION NO. 65:**

10 | Please produce all documents, including but not limited to electronic data
11 | and e-mails, concerning or relating in any way to the issuance of TSB SIB 11-06-
12 | 14 [*sic*]

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

14 | BMW NA refers Plaintiff to the copy of SIB 11 06 14 that BMW NA
15 | produced in response to Plaintiff's Request for Production Set One, No. 9.

16 | BMW NA objects to this request for "all documents, including but not
17 | limited to electronic data and e-mails, concerning or relating in any way to the
18 | issuance of" the identified service bulletin as vague, ambiguous, overly broad,
19 | unduly burdensome, and harassing.  BMW NA objects to this request to the extent
20 | it seeks materials that are confidential and protected as proprietary, trade secret,
21 | and/or commercially sensitive without prior entry of an appropriate protective
22 | order, and to the extent Plaintiff seeks documents not within BMW NA's
23 | possession, custody or control.   BMW NA further objects to the extent that
24 | Plaintiff seeks materials protected by the attorney-client privilege and the attorney
25 | work-product doctrine by use of the terms "all documents, including but not
26 | limited to electronic data and e-mails, concerning or relating in any way" to the
27 | identified service bulletin.

28 |

1 | **REQUEST FOR PRODUCTION NO. 66:**

2 |     Please produce all documents, including but not limited to electronic data

3 | and e-mails, concerning or relating in any way to the issuance of TSB SIB 11-16-

4 | 14 [*sic*]

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

6 |     BMW NA refers Plaintiff to the copy of SIB 11 16 14 that BMW NA

7 | produced in response to Plaintiff's Request for Production Set One, No. 9.

8 |     BMW NA objects to this request for "all documents, including but not

9 | limited to electronic data and e-mails, concerning or relating in any way to the

10 | issuance of" the identified service bulletin as vague, ambiguous, overly broad,

11 | unduly burdensome, and harassing. BMW NA objects to this request to the extent

12 | it seeks materials that are confidential and protected as proprietary, trade secret,

13 | and/or commercially sensitive without prior entry of an appropriate protective

14 | order, and to the extent Plaintiff seeks documents not within BMW NA's

15 | possession, custody or control. BMW NA further objects to the extent that

16 | Plaintiff seeks materials protected by the attorney-client privilege and the attorney

17 | work-product doctrine by use of the terms "all documents, including but not

18 | limited to electronic data and e-mails, concerning or relating in any way" to the

19 | identified service bulletin.

20 |

21 | DATED: August 10, 2018        BOWMAN AND BROOKE LLP

22 |

23 |             By:    */s/ Michael J. Hurvitz*

24 |                   Brian Takahashi<br>Richard L. Stuhlbarg

25 |                   Michael J. Hurvitz<br>Attorneys for Defendant

26 |                   BMW OF NORTH AMERICA, LLC

27 |

28 |

**PROOF OF SERVICE**
**F.R.C.P. Rule 5(b)(2)(3)**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 B Street, Suite 1740, San Diego, CA 92101 and my e-mail address is:

On August 10, 2018, I served the foregoing documents described as **BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF DEFENDANT BMW OF NORTH AMERICA, LLC UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) AND REQUEST FOR PRODUCTION OF DOCUMENTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 30 (b)(2)** on all interested parties in this action by enclosing ☒ **a true copy** ☐ the **original** of them in an envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒      **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

☐      **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2)):** I sealed such documents in separate envelopes to each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an Express Service carrier, or delivered to an authorized carrier or driver authorized by the U.S. Postal Service or an Express service carrier to receive documents, with delivery fees paid or provided.

☐      **BY PERSONAL SERVICE (F.R.C.P. 5(2):** I delivered such envelope by hand to the addressee.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 10, 2018, at San Diego, California.

_Katie Wotherspoon_
Katie Wotherspoon

## SERVICE/MAILING LIST

### Michael Jensen v. BMW of North America, LLC, et al.

United States District Court Case No: 18-cv-00103-WQH-WVG

Christine Lee, Esq.
STRATEGIC LEGAL PRACTICES,
APC
1840 Century Park East, Suite 430
Los Angeles, California 90067

Attorneys for Plaintiff

Tel:       310/ 929-4900
Fax:      310/ 943-3838
Email:   cbbeck@slpattorney.com
            clee@slpattorney.com

1  BOWMAN AND BROOKE LLP
   Brian Takahashi (SBN: 146505)
2  Email: brian.takahashi@bowmanandbrooke.com
3  Richard L. Stuhlbarg (SBN: 180631)
   Email: richard.stuhlbarg@bowmanandbrooke.com
4  970 West 190th Street, Suite 700
   Torrance, California 90502
5  Tel No:   310/ 768-3068
6  Fax No:   310/ 719-1019

7  BOWMAN AND BROOKE LLP
   Michael J. Hurvitz (SBN: 249050)
8  Email: michael.hurvitz@bowmanandbrooke.com
9  Patrick J. Raue (SBN:  293004)
   Email: patrick.raue@bowmanandbrooke.com
10 750 B. Street, Suite 1740
   San Diego, CA 92101
11 Tel No:   619/ 376-2500
12 Fax No:  619/ 376-2501

13 Attorneys for Defendant
14 BMW OF NORTH AMERICA, LLC

15                    **UNITED STATES DISTRICT COURT**

16                **SOUTHERN DISTRICT OF CALIFORNIA**

17

18  MICHAEL JENSEN, an          )   **CASE NO.:  3:18-cv-00103-WQH-WVG**
    individual;                  )
19                               )   Judge: William Q. Hayes
            Plaintiff,           )   Magistrate:  Judge William V. Gallo
20                               )
        vs.                      )   **BMW OF NORTH AMERICA, LLC'S**
21                               )   **OBJECTION TO PLAINTIFF'S**
    BMW OF NORTH AMERICA,        )   **AMENDED NOTICE OF DEPOSITION**
22  LLC, a corporation; and DOES 1 )  **OF DEFENDANT BMW OF NORTH**
    through 10, inclusive,       )   **AMERICA, LLC UNDER FEDERAL**
23                               )   **RULE OF CIVIL PROCEDURE**
            Defendants.          )   **30(b)(6) AND REQUEST FOR**
24                               )   **PRODUCTION OF DOCUMENTS**
                                 )   **UNDER FEDERAL RULE OF CIVIL**
25                               )   **PROCEDURE 30(b)(2)**
26                               )
                                 )   Action Filed:      August 14, 2017
27                               )
28          Defendant BMW of North America, LLC ("BMW NA"), by and through its

                                    1                3:18-cv-00103-WQH-WVG
          BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
       AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
            OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
                              EXHIBIT C
                                 221

1  counsel, hereby objects to Plaintiff's Amended Notice of Deposition of BMW of

2  North America, LLC scheduled on September 6, 2018 at 10:00 a.m. at Strategic

3  Legal Practices, A Professional Corporation, located at 1840 Century Park East,

4  Suite 430, Los Angeles, California 90067, as follows:

5  <u>**GENERAL OBJECTIONS**</u>

6       BMW NA objects to this deposition notice on the grounds that it is vague,

7  overly broad, unduly burdensome, oppressive, seeks information that is not

8  relevant to and party's claims or defenses, may seek information that is protected

9  by the attorney-client privilege and/or attorney work product doctrine, may seek

10  information that may be confidential and protected as proprietary, trade secret,

11  and/or commercially sensitive without prior entry of an appropriate protective

12  order, may seek information not within BMW NA's knowledge or control, and

13  seeks information that is not relevant and not proportional to the needs of the case,

14  considering the importance of the issues at stake in this action, the amount in

15  controversy, and the parties' relative access to the information.  See Fed. R. Civ. P.

16  26(b)(1).

17       BMW NA objects to Plaintiff's document requests submitted with Plaintiff's

18  Notice as unenforceable because providing insufficient time for a Fed. R. Civ. P.

19  34 document request prior to the noticed date of the deposition.  See Fed. R. Civ.

20  P. 30(b)(2) ("notice to a party deponent may be accompanied by a request under

21  Rule 34").

22  <u>**OBJECTIONS TO DESIGNATED CATEGORIES OF TESTIMONY**</u>

23  <u>**CATEGORY NO. 1:**</u>

24       Questions relating to the nature and extent of all of the service history and

25  warranty history relating to the SUBJECT VEHICLE;

26  <u>**OBJECTION TO CATEGORY NO. 1:**</u>

27       BMW NA will produce a witness to address this category as it relates to

28  information within BMW NA's possession.

2                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C

1   BMW NA objects to this category insofar as the phrase "the nature and
2   extent of all the service history and warranty history relating to the SUBJECT
3   VEHICLE" is vague, overly broad, and seeks information that is not relevant.
4   Moreover, it seeks information that may be confidential and protected as
5   proprietary, trade secret, and/or commercially sensitive without prior entry of an
6   appropriate protective order, and seeks information not within BMW NA's
7   knowledge or control.

8   **CATEGORY NO. 2:**

9   Questions relating to all communications between YOU and Plaintiff, or
10   anyone on Plaintiff's behalf.

11   **OBJECTION TO CATEGORY NO. 2:**

12   BMW NA will produce a witness to address this category as it relates to
13   information within BMW NA's possession.

14   BMW NA objects to this category insofar as the phrase "all communications
15   between YOU and Plaintiff or anyone on Plaintiff's behalf" is vague, overly broad,
16   and seeks information that is not relevant.   Moreover, it seeks information that
17   may be confidential and protected as proprietary, trade secret, and/or commercially
18   sensitive without prior entry of an appropriate protective order and seeks
19   information not within BMW NA's knowledge or control.

20   BMW NA objects to this category on the grounds that Plaintiff's proposed
21   definition of "YOU" is overly broad, harassing, unduly burdensome, and
22   improperly calls for information from third parties over whom BMW NA has no
23   control, against whom this lawsuit has not been filed, for whom BMW NA is not
24   liable, and over whom this court has no jurisdiction.

25   **CATEGORY NO. 3:**

26   Questions relating to all communications between YOU and any other
27   PERSON regarding the SUBJECT VEHICLE.

28   ///

3                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
223

**OBJECTION TO CATEGORY NO. 3:**

BMW NA will produce a witness to address this category as it relates to information within BMW NA's possession, for the time period prior to Plaintiff's lawsuit.

BMW NA objects that this category does not "describe with reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6). BMW NA objects to this category on the grounds that Plaintiff's proposed definition of "YOU" is overly broad, harassing, unduly burdensome, and improperly calls for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA also objects to the extent Plaintiff seeks information that is protected from disclosure by the attorney-client or work product privilege. BMW NA also objects that this overly broad category includes communications unrelated to the allegations in Plaintiff's Complaint, which are not relevant.

**CATEGORY NO. 4:**

Questions relating to all service advisory notices, technical service bulletins, recalls, defect investigations, and other REPAIR DOCUMENTS relating to the SUBJECT VEHICLE;

**OBJECTION TO CATEGORY NO. 4:**

BMW NA will produce a witness to address this category as it relates to information within BMW NA's possession.

BMW NA objects that this category does not "describe with reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6). BMW NA objects to this category to the extent it seeks testimony relating to "all service advisory notices, technical service bulletins, recalls, defect investigations, and other REPAIR DOCUMENTS relating to the SUBJECT VEHICLE" because it includes vehicle issues unrelated to the allegations in Plaintiff's Complaint, and is

4                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
224

1   therefore overbroad, unduly burdensome and seeks testimony that is not relevant.

2       BMW NA objects to Plaintiff's proposed definition of "REPAIR
3   DOCUMENTS" to include "any and all documents which describe, outline, detail,
4   or otherwise specify diagnostic and repair procedures to be used by Defendant's
5   technicians. Such term shall be understood to include, relevant portions of the
6   Workshop Manual, Technical Service Bulletins, Recall Notices, Special Service
7   Messages, Campaign Bulletins, Diagnostic Flow Charts, Diagnostic Trouble Code
8   or Fault Code Diagnosis Keys, power point presentations, internal investigation
9   reports, field reports, causal factor analyses, failed component analyses, and/or any
10  other document [sic] which refer to, relate, or concern the repairs performed by
11  Defendant's technicians" as ambiguous, contrary to common usage, overly broad,
12  unduly burdensome, not reasonably particular and seeking information that is not
13  relevant.

14  **CATEGORY NO. 5:**

15      Questions relating to the process that is in place and has been in place for the
16  last three years relating to YOUR evaluations of requests by YOUR customers to
17  have vehicles repurchased pursuant to California Civil Code Section 1793.2,
18  including but not limited to any policies and procedures regarding the repurchasing
19  of SUBJECT VEHICLE due to an ENGINE/OIL CONSUMPTION DEFECT(S);

20  **OBJECTION TO CATEGORY NO. 5:**

21      BMW NA will produce a witness to address BMW NA's evaluation of
22  Plaintiff's request for repurchase for the SUBJECT VEHICLE.

23      BMW NA objects that this category does not "describe with reasonable
24  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
25  BMW NA objects to this category on the grounds that Plaintiff's proposed
26  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
27  improperly calls for information from third parties over whom BMW NA has no
28  control, against whom this lawsuit has not been filed, for whom BMW NA is not

5                 3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
225

1  liable, and over whom this court has no jurisdiction.  BMW NA also objects to the

2  extent Plaintiff seeks information protected from disclosure by the attorney-client

3  or work product privileges.

4       BMW NA objects that this category is overly broad and seeks information

5  regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in

6  this litigation, which are not relevant.  BMW NA objects to the extent that this

7  category seeks information that is not relevant because whether Plaintiff is entitled

8  to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to

9  the "process that is in place and has been in place for the last three years relating to

10  YOUR evaluations of requests by YOUR customers to have vehicles repurchased .

11  . . ."

12       BMW   NA   objects   to   the   term   "ENGINE/OIL   CONSUMPTION

13  DEFECT(S)," defined by Plaintiff as "defects which result in symptoms as: engine

14  shaking; drive moderately message displays; faulty low pressure fuel sensor;

15  running rough; faulty crank case breathers; faulty internally SIB 110712; surging;

16  surging in reverse; surging when car is cold; vacuum pump leaking oil; oil leaks;

17  crank case hose leaking oil; breather hose cracked; premature activation of all

18  service lights; check engine light illumination; car running poorly; injector 8

19  failure; symptoms necessitating performance of the customer car package; bad psi

20  pump, check engine light still illuminating after replacing psi pump; excessive oil

21  consumption; premature replacement of crank case breathers; coolant light

22  illumination; premature replacement of turbo inlet and return coolant lines; coolant

23  lines leaking," as vague and overly broad.

24  **CATEGORY NO. 6:**

25       Questions regarding the nature, extent, and substance of correspondence

26  between YOU, and other persons or entities regarding the ENGINE/OIL

27  CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,

28  and model as the SUBJECT VEHICLE;

6          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
226

**OBJECTION TO CATEGORY NO. 6:**

BMW NA will produce a witness to address the SUBJECT VEHICLE repair history.

BMW NA objects that this category does not "describe with reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6). BMW NA objects to the request for information regarding "nature, extent, and substance of correspondence" as vague, ambiguous, and overly broad and to the extent that it seeks testimony subject to the attorney-client and work product privileges. BMW NA objects to this category on the grounds that Plaintiff's proposed definition of "YOU" is overly broad, harassing, unduly burdensome, and improperly calls for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA also objects to the extent Plaintiff seeks testimony that is protected from disclosure by the attorney-client or work product privilege.

BMW NA objects that this category seeks information regarding vehicles other than the subject vehicle and issues not at stake in this litigation, which is not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.

BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT(S)," defined by Plaintiff as "defects which result in symptoms as: engine shaking; drive moderately message displays; faulty low pressure fuel sensor; running rough; faulty crank case breathers; faulty internally SIB 110712; surging; surging in reverse; surging when car is cold; vacuum pump leaking oil; oil leaks;

7                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
227

1  crank case hose leaking oil; breather hose cracked; premature activation of all
2  service lights; check engine light illumination; car running poorly; injector 8
3  failure; symptoms necessitating performance of the customer car package; bad psi
4  pump, check engine light still illuminating after replacing psi pump; excessive oil
5  consumption; premature replacement of crank case breathers; coolant light
6  illumination; premature replacement of turbo inlet and return coolant lines; coolant
7  lines leaking," as vague and overly broad.

8  **CATEGORY NO. 7:**

9      Questions regarding YOUR refusal to promptly repurchase the SUBJECT
10  VEHICLE;

11  **OBJECTION TO CATEGORY NO. 7:**

12      BMW NA will produce a witness to BMW NA's evaluation of Plaintiff's
13  request for repurchase for the SUBJECT VEHICLE.

14      BMW NA objects to this category on the grounds that Plaintiff's proposed
15  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
16  improperly calls for information from third parties over whom BMW NA has no
17  control, against whom this lawsuit has not been filed, for whom BMW NA is not
18  liable, and over whom this court has no jurisdiction. BMW NA also objects to the
19  extent Plaintiff seeks information protected from disclosure by the attorney-client
20  or work product privilege.

21  **CATEGORY NO. 8:**

22      Questions regarding the nature of the ENGINE/OIL CONSUMPTION
23  DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
24  SUBJECT VEHICLE, including the cause of the ENGINE/OIL CONSUMPTION
25  DEFECT(S), all available fixes that have been made available to your authorized
26  dealers to date, and the subsequent results of such fixes;

27  ///
28  ///

8      3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
228

1  **OBJECTION TO CATEGORY NO. 8:**

2       BMW NA will produce a witness to address the SUBJECT VEHICLE repair

3  history.

4       BMW NA objects that this category does not "describe with reasonable

5  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

6  BMW NA objects to the phrase "available fixes" as vague, ambiguous and overly

7  broad.  BMW NA objects that this category is overly broad, unduly burdensome,

8  and seeks information regarding vehicles other than the SUBJECT VEHICLE and

9  issues not at stake in this litigation, which are not relevant or proportional to the

10 needs of this case, because whether Plaintiff is entitled to relief under the Song-

11 Beverly Consumer Warranty Act is entirely unrelated to problems with other

12 vehicles of the same year, make, and model as the SUBJECT VEHICLE and

13 instead relates to whether claimed nonconformities in the SUBJECT VEHICLE

14 were repaired within a reasonable number of repair attempts.

15      BMW NA objects to the term "ENGINE/OIL CONSUMPTION

16 DEFECT(S)," defined by Plaintiff as "defects which result in symptoms as: engine

17 shaking; drive moderately message displays; faulty low pressure fuel sensor;

18 running rough; faulty crank case breathers; faulty internally SIB 110712; surging;

19 surging in reverse; surging when car is cold; vacuum pump leaking oil; oil leaks;

20 crank case hose leaking oil; breather hose cracked; premature activation of all

21 service lights; check engine light illumination; car running poorly; injector 8

22 failure; symptoms necessitating performance of the customer car package; bad psi

23 pump, check engine light still illuminating after replacing psi pump; excessive oil

24 consumption; premature replacement of crank case breathers; coolant light

25 illumination; premature replacement of turbo inlet and return coolant lines; coolant

26 lines leaking," as vague and overly broad.

27 ///

28 ///

9                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
229

**CATEGORY NO. 9:**

Questions regarding YOUR ongoing efforts to repair or remedy the ENGINE/OIL CONSUMPTION DEFECT(S), including all internal tests, investigations and the number of modification made to YOUR vehicles with the engine system used in the SUBJECT VEHICLE, including the number of such modifications made to YOUR vehicles which are the same year, make and model as the SUBJECT VEHICLE;

**OBJECTION TO CATEGORY NO. 9:**

BMW NA will produce a witness to address the SUBJECT VEHICLE repair history.

BMW NA objects that this category does not "describe with reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6). BMW NA objects to this category on the grounds that Plaintiff's proposed definition of "YOUR" is overly broad, harassing, unduly burdensome, and improperly calls for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent Plaintiff seeks information that may be confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order.

BMW NA objects that this category is overly broad, unduly burdensome, and seeks information regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in this litigation, which are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.

10                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
230

1    BMW NA objects to the term "ENGINE/OIL CONSUMPTION
2  DEFECT(S)," defined by Plaintiff as "defects which result in symptoms as: engine
3  shaking; drive moderately message displays; faulty low pressure fuel sensor;
4  running rough; faulty crank case breathers; faulty internally SIB 110712; surging;
5  surging in reverse; surging when car is cold; vacuum pump leaking oil; oil leaks;
6  crank case hose leaking oil; breather hose cracked; premature activation of all
7  service lights; check engine light illumination; car running poorly; injector 8
8  failure; symptoms necessitating performance of the customer car package; bad psi
9  pump, check engine light still illuminating after replacing psi pump; excessive oil
10  consumption; premature replacement of crank case breathers; coolant light
11  illumination; premature replacement of turbo inlet and return coolant lines; coolant
12  lines leaking," as vague and overly broad.

13  **CATEGORY NO. 10:**

14    Questions regarding the terms of YOUR Owners' manual, maintenance
15  schedule, YOUR express warranty or any extended warranty that might be in
16  effect, and as they relate to the ENGINE/OIL CONSUMPTION DEFECT(S) in
17  YOUR vehicles which are the same year, make, and model as the SUBJECT
18  VEHICLE;

19  **OBJECTION TO CATEGORY NO. 10:**

20    BMW NA will produce a witness to address this category as it relates to
21  portions of BMW NA's Owner's Manual reasonably at issue in this case for the
22  SUBJECT VEHICLE, if any.

23    BMW NA otherwise objects to this category on the grounds that Plaintiff's
24  proposed definition of "YOUR" is overly broad, harassing, unduly burdensome,
25  and improperly calls for information from third parties over whom BMW NA has
26  no control, against whom this lawsuit has not been filed, for whom BMW NA is
27  not liable, and over whom this court has no jurisdiction.

28  ///

11          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
231

1   BMW NA objects that this category is overly broad, unduly burdensome,
2   and seeks information regarding vehicles other than the SUBJECT VEHICLE and
3   issues not at stake in this litigation, which are not relevant or properly
4   discoverable.

5   BMW NA objects to the term "ENGINE/OIL CONSUMPTION
6   DEFECT(S)," defined by Plaintiff as "defects which result in symptoms as: engine
7   shaking; drive moderately message displays; faulty low pressure fuel sensor;
8   running rough; faulty crank case breathers; faulty internally SIB 110712; surging;
9   surging in reverse; surging when car is cold; vacuum pump leaking oil; oil leaks;
10  crank case hose leaking oil; breather hose cracked; premature activation of all
11  service lights; check engine light illumination; car running poorly; injector 8
12  failure; symptoms necessitating performance of the customer car package; bad psi
13  pump, check engine light still illuminating after replacing psi pump; excessive oil
14  consumption; premature replacement of crank case breathers; coolant light
15  illumination; premature replacement of turbo inlet and return coolant lines; coolant
16  lines leaking," as vague and overly broad.

17  **CATEGORY NO. 11:**

18  Questions regarding all REPAIR DOCUMENTS that YOU have issued to
19  YOUR dealers and/or consumers regarding the ENGINE/OIL CONSUMPTION
20  DEFECT(S) or other non-conformities experienced by Plaintiff with respect to the
21  SUBJECT VEHICLE;

22  **OBJECTION TO CATEGORY NO. 11:**

23  BMW NA will produce a witness to address the SUBJECT VEHICLE repair
24  history.

25  BMW NA objects that this category does not "describe with reasonable
26  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
27  BMW NA objects to this category on the grounds that Plaintiff's proposed
28  definitions of "YOU" and "YOUR" are overly broad, harassing, unduly

12          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
232

1   burdensome, and improperly call for information from third parties over whom

2   BMW NA has no control, against whom this lawsuit has not been filed, for whom

3   BMW NA is not liable, and over whom this court has no jurisdiction.

4       BMW NA objects to Plaintiff's proposed definition of "REPAIR

5   DOCUMENTS" to include "any and all documents which describe, outline, detail,

6   or otherwise specify diagnostic and repair procedures to be used by Defendant's

7   technicians. Such term shall be understood to include, relevant portions of the

8   Workshop Manual, Technical Service Bulletins, Recall Notices, Special Service

9   Messages, Campaign Bulletins, Diagnostic Flow Charts, Diagnostic Trouble Code

10  or Fault Code Diagnosis Keys, power point presentations, internal investigation

11  reports, field reports, causal factor analyses, failed component analyses, and/or any

12  other document [sic] which refer to, relate, or concern the repairs performed by

13  Defendant's technicians" as ambiguous, contrary to common usage, overly broad,

14  unduly burdensome, not reasonably particular and seeking information that is not

15  relevant or properly discoverable.

16      BMW NA objects to the term "ENGINE/OIL CONSUMPTION

17  DEFECT(S)," defined by Plaintiff as "defects which result in symptoms as: engine

18  shaking; drive moderately message displays; faulty low pressure fuel sensor;

19  running rough; faulty crank case breathers; faulty internally SIB 110712; surging;

20  surging in reverse; surging when car is cold; vacuum pump leaking oil; oil leaks;

21  crank case hose leaking oil; breather hose cracked; premature activation of all

22  service lights; check engine light illumination; car running poorly; injector 8

23  failure; symptoms necessitating performance of the customer car package; bad psi

24  pump, check engine light still illuminating after replacing psi pump; excessive oil

25  consumption; premature replacement of crank case breathers; coolant light

26  illumination; premature replacement of turbo inlet and return coolant lines; coolant

27  lines leaking," as vague and overly broad.

28  ///

13          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
233

1 **CATEGORY NO. 12:**

2    Questions  regarding  all  available  repairs  for  the  ENGINE/OIL

3 CONSUMPTION DEFECT(S) and approximate dates on which those repair [*sic*]

4 were made available to your dealers;

5 **OBJECTION TO CATEGORY NO. 12:**

6    BMW NA will produce a witness to address the SUBJECT VEHICLE repair

7 history.

8    BMW NA objects that this category does not "describe with reasonable

9 particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

10 BMW NA objects that this category is overly broad, unduly burdensome, and seeks

11 information regarding vehicles other than the SUBJECT VEHICLE and issues not

12 at stake in this litigation, which are not relevant or proportional to the needs of this

13 case, because whether Plaintiff is entitled to relief under the Song-Beverly

14 Consumer Warranty Act is entirely unrelated to problems with other vehicles of the

15 same year, make, and model as the SUBJECT VEHICLE and instead relates to

16 whether claimed nonconformities in the SUBJECT VEHICLE were repaired within

17 a reasonable number of repair attempts.

18    BMW  NA  objects  to  the  term  "ENGINE/OIL  CONSUMPTION

19 DEFECT(S)," defined by Plaintiff as "defects which result in symptoms as: engine

20 shaking;  drive  moderately  message  displays;  faulty  low  pressure  fuel  sensor;

21 running rough; faulty crank case breathers; faulty internally SIB 110712; surging;

22 surging in reverse; surging when car is cold; vacuum pump leaking oil; oil leaks;

23 crank  case  hose  leaking  oil;  breather  hose  cracked;  premature  activation  of  all

24 service  lights;  check  engine  light  illumination;  car  running  poorly;  injector  8

25 failure; symptoms necessitating performance of the customer car package; bad psi

26 pump, check engine light still illuminating after replacing psi pump; excessive oil

27 consumption; premature replacement of crank case breathers; coolant light

28 ///

14          3:18-cv-00103-WQH-WVG

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C

1  illumination; premature replacement of turbo inlet and return coolant lines; coolant
2  lines leaking," as vague and overly broad.
3  **CATEGORY NO. 13:**
4        Questions regarding YOUR third-party dispute resolution program;
5  **OBJECTION TO CATEGORY NO. 13:**
6        BMW NA will produce a witness to address this category generally.
7        BMW NA objects to this category on the grounds that Plaintiff's proposed
8  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
9  improperly calls for information from third parties over whom BMW NA has no
10 control, against whom this lawsuit has not been filed, for whom BMW NA is not
11 liable, and over whom this court has no jurisdiction.  BMW NA also objects to the
12 extent Plaintiff seeks information that is protected from disclosure by the attorney-
13 client or work product privileges.
14 **CATEGORY NO. 14:**
15       Questions regarding any communications concerning the ENGINE/OIL
16 CONSUMPTION DEFECT(S), including the cause of the ENGINE/OIL
17 CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,
18 and model as the SUBJECT VEHICLE, all available remedies, and discussions of
19 any and all modifications of YOUR vehicles' engine and related parts provided to
20 date, and the efficacy of those modifications;
21 **OBJECTION TO CATEGORY NO. 14:**
22       BMW NA will produce a witness to address the SUBJECT VEHICLE repair
23 history.
24       BMW NA objects that this category does not "describe with reasonable
25 particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
26 BMW NA objects to the request for information regarding "any communications
27 concerning" as vague, ambiguous, and overly broad and to the extent it seeks
28 information protected from disclosure by the attorney-client and work product

15                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
235

1   privileges. BMW NA objects to the extent Plaintiff seeks information that may be
2   confidential and protected as proprietary, trade secret, and/or commercially
3   sensitive without prior entry of an appropriate protective order. BMW NA objects
4   to the extent that Plaintiff seeks to invade and violates privacy rights of undefined
5   individuals under common law, under state and federal statutes, and under state
6   and federal constitutional provisions. BMW NA objects that this category is overly
7   broad, unduly burdensome, and seeks information regarding vehicles other than the
8   SUBJECT VEHICLE and issues not at stake in this litigation, which are not
9   relevant to this action or proportional to the needs of this case, because whether
10  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
11  entirely unrelated to problems with other vehicles of the same year, make, and
12  model as the SUBJECT VEHICLE and instead relates to whether claimed
13  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
14  number of repair attempts.

15      BMW NA objects to this category on the grounds that Plaintiff's proposed
16  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
17  improperly calls for information from third parties over whom BMW NA has no
18  control, against whom this lawsuit has not been filed, for whom BMW NA is not
19  liable, and over whom this court has no jurisdiction. BMW NA also objects to the
20  extent Plaintiff seeks information that is protected from disclosure by the attorney-
21  client or work product privileges.

22      BMW NA objects to the term "ENGINE/OIL CONSUMPTION
23  DEFECT(S)," defined by Plaintiff as "defects which result in symptoms as: engine
24  shaking; drive moderately message displays; faulty low pressure fuel sensor;
25  running rough; faulty crank case breathers; faulty internally SIB 110712; surging;
26  surging in reverse; surging when car is cold; vacuum pump leaking oil; oil leaks;
27  crank case hose leaking oil; breather hose cracked; premature activation of all
28  service lights; check engine light illumination; car running poorly; injector 8

16                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
236

1  failure; symptoms necessitating performance of the customer car package; bad psi

2  pump, check engine light still illuminating after replacing psi pump; excessive oil

3  consumption; premature replacement of crank case breathers; coolant light

4  illumination; premature replacement of turbo inlet and return coolant lines; coolant

5  lines leaking," as vague and overly broad.

6  **CATEGORY NO. 15:**

7      Questions    regarding    any    available    fix    for    the    ENGINE/OIL

8  CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,

9  and model as the SUBJECT VEHICLE;

10  **OBJECTION TO CATEGORY NO. 15:**

11      BMW NA will produce a witness to address the SUBJECT VEHICLE repair

12  history.

13      BMW NA objects that this category does not "describe with reasonable

14  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

15  BMW NA objects to the phrase "available fix" as vague, ambiguous and overly

16  broad. BMW NA objects that this category is overly broad, unduly burdensome,

17  and seeks information regarding vehicles other than the SUBJECT VEHICLE and

18  issues not at stake in this litigation, which are not relevant to this action or

19  proportional to the needs of this case, because whether Plaintiff is entitled to relief

20  under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems

21  with other vehicles of the same year, make, and model as the SUBJECT VEHICLE

22  and instead · relates to whether claimed nonconformities in the SUBJECT

23  VEHICLE were repaired within a reasonable number of repair attempts.

24      BMW NA objects to this category on the grounds that Plaintiff's proposed

25  definition of "YOUR" is overly broad, harassing, unduly burdensome, and

26  improperly calls for information from third parties over whom BMW NA has no

27  control, against whom this lawsuit has not been filed, for whom BMW NA is not

28  liable, and over whom this court has no jurisdiction.  BMW NA also objects to the

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C

1 | extent Plaintiff seeks information that is protected from disclosure by the attorney-
2 | client or work product privileges.

3 |     BMW NA objects to the term "ENGINE/OIL CONSUMPTION
4 | DEFECT(S)," defined by Plaintiff as "defects which result in symptoms as: engine
5 | shaking; drive moderately message displays; faulty low pressure fuel sensor;
6 | running rough; faulty crank case breathers; faulty internally SIB 110712; surging;
7 | surging in reverse; surging when car is cold; vacuum pump leaking oil; oil leaks;
8 | crank case hose leaking oil; breather hose cracked; premature activation of all
9 | service lights; check engine light illumination; car running poorly; injector 8
10 | failure; symptoms necessitating performance of the customer car package; bad psi
11 | pump, check engine light still illuminating after replacing psi pump; excessive oil
12 | consumption; premature replacement of crank case breathers; coolant light
13 | illumination; premature replacement of turbo inlet and return coolant lines; coolant
14 | lines leaking," as vague and overly broad.

15 | **CATEGORY NO. 16:**

16 |     Questions regarding the nature, extent, and substance of correspondence
17 | between YOU, and other persons or entities regarding the AIR CONDITIONING
18 | DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
19 | SUBJECT VEHICLE;

20 | **OBJECTION TO CATEGORY NO. 16:**

21 |     BMW NA will produce a witness to address the SUBJECT VEHICLE repair
22 | history.

23 |     BMW NA objects that this category does not "describe with reasonable
24 | particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
25 | BMW NA objects to the request for information regarding "nature, extent, and
26 | substance of correspondence" as vague, ambiguous, and overly broad and to the
27 | extent that it seeks testimony subject to the attorney-client and work product
28 | privileges.   BMW NA objects to this category on the grounds that Plaintiff's

18                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
238

1  proposed definition of "YOU" is overly broad, harassing, unduly burdensome, and

2  improperly calls for information from third parties over whom BMW NA has no

3  control, against whom this lawsuit has not been filed, for whom BMW NA is not

4  liable, and over whom this court has no jurisdiction.  BMW NA also objects to the

5  extent Plaintiff seeks testimony that is protected from disclosure by the attorney-

6  client or work product privilege.

7       BMW NA objects that this category seeks information regarding vehicles

8  other than the subject vehicle and issues not at stake in this litigation, which is not

9  relevant to this action or proportional to the needs of this case, because whether

10 Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

11 entirely unrelated to problems with other vehicles of the same year, make, and

12 model as the SUBJECT VEHICLE and instead relates to whether claimed

13 nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

14 number of repair attempts.

15      BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"

16 defined by Plaintiff as "defects which result in symptoms such as: air conditioning

17 blowing erratic; faulty blower motor; air conditioning turning off and on; air

18 conditioning sounding like a motor running; loud noise when running air

19 conditioning; defective blower output stage unit; defective blower motor," as vague

20 and overly broad.

21 **CATEGORY NO. 17:**

22      Questions regarding the nature of the AIR CONDITIONING DEFECT(S) in

23 YOUR vehicles which are the same year, make, and model as the SUBJECT

24 VEHICLE, including the cause of the AIR CONDITIONING DEFECT(S), all

25 available fixes that have been made available to your authorized dealers to date,

26 and the subsequent results of such fixes;

27 ///

28 ///

19                           3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
239

1    **OBJECTION TO CATEGORY NO. 17:**

2          BMW NA will produce a witness to address the SUBJECT VEHICLE repair

3    history.

4          BMW NA objects that this category does not "describe with reasonable

5    particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

6    BMW NA objects to the phrase "available fixes" as vague, ambiguous and overly

7    broad.  BMW NA objects that this category is overly broad, unduly burdensome,

8    and seeks information regarding vehicles other than the SUBJECT VEHICLE and

9    issues not at stake in this litigation, which are not relevant or proportional to the

10   needs of this case, because whether Plaintiff is entitled to relief under the Song-

11   Beverly Consumer Warranty Act is entirely unrelated to problems with other

12   vehicles of the same year, make, and model as the SUBJECT VEHICLE and

13   instead relates to whether claimed nonconformities in the SUBJECT VEHICLE

14   were repaired within a reasonable number of repair attempts.

15         BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"

16   defined by Plaintiff as "defects which result in symptoms such as: air conditioning

17   blowing erratic; faulty blower motor; air conditioning turning off and on; air

18   conditioning sounding like a motor running; loud noise when running air

19   conditioning; defective blower output stage unit; defective blower motor," as vague

20   and overly broad.

21   **CATEGORY NO. 18:**

22         Questions regarding YOUR ongoing efforts to repair or remedy the AIR

23   CONDITIONING DEFECT(S), including all internal tests, investigations and the

24   number of modification made to YOUR vehicles with the air conditioning system

25   used in the SUBJECT VEHICLE, including the number of such modifications

26   made to YOUR vehicles which are the same year, make and model as the

27   SUBJECT VEHICLE;

28   ///

                                    20              3:18-cv-00103-WQH-WVG
              BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
        AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
              OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
                            EXHIBIT C
                              240

**OBJECTION TO CATEGORY NO. 18:**

BMW NA will produce a witness to address the SUBJECT VEHICLE repair history.

BMW NA objects that this category does not "describe with reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6). BMW NA objects to this category on the grounds that Plaintiff's proposed definition of "YOUR" is overly broad, harassing, unduly burdensome, and improperly calls for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent Plaintiff seeks information that may be confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order.

BMW NA objects that this category is overly broad, unduly burdensome, and seeks information regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in this litigation, which are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.

BMW NA objects to the term "AIR CONDITIONING DEFECT(S)," defined by Plaintiff as "defects which result in symptoms such as: air conditioning blowing erratic; faulty blower motor; air conditioning turning off and on; air conditioning sounding like a motor running; loud noise when running air conditioning; defective blower output stage unit; defective blower motor," as vague and overly broad.

///

21                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
241

**CATEGORY NO. 19**:

Questions regarding the terms of YOUR Owners' manual, maintenance schedule, YOUR express warranty or any extended warranty that might be in effect, and as they relate to the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE;

**OBJECTION TO CATEGORY NO. 19**:

BMW NA will produce a witness to address this category as it relates to portions of BMW NA's Owner's Manual reasonably at issue in this case for the SUBJECT VEHICLE, if any.

BMW NA otherwise objects to this category on the grounds that Plaintiff's proposed definition of "YOUR" is overly broad, harassing, unduly burdensome, and improperly calls for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction.

BMW NA objects that this category is overly broad, unduly burdensome, and seeks information regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in this litigation, which are not relevant or properly discoverable.

BMW NA objects to the term "AIR CONDITIONING DEFECT(S)," defined by Plaintiff as "defects which result in symptoms such as: air conditioning blowing erratic; faulty blower motor; air conditioning turning off and on; air conditioning sounding like a motor running; loud noise when running air conditioning; defective blower output stage unit; defective blower motor," as vague and overly broad.

///
///
///
///

22        3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
242

1  **CATEGORY NO. 20:**

2       Questions regarding all REPAIR DOCUMENTS that YOU have issued to

3  YOUR dealers and/or consumers regarding the AIR CONDITIONING

4  DEFECT(S) or other non-conformities experienced by Plaintiff with respect to the

5  SUBJECT VEHICLE;

6  **OBJECTION TO CATEGORY NO. 20:**

7       BMW NA will produce a witness to address the SUBJECT VEHICLE repair

8  history.

9       BMW NA objects that this category does not "describe with reasonable

10 particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

11 BMW NA objects to this category on the grounds that Plaintiff's proposed

12 definitions of "YOU" and "YOUR" are overly broad, harassing, unduly

13 burdensome, and improperly call for information from third parties over whom

14 BMW NA has no control, against whom this lawsuit has not been filed, for whom

15 BMW NA is not liable, and over whom this court has no jurisdiction.

16      BMW NA objects to Plaintiff's proposed definition of "REPAIR

17 DOCUMENTS" to include "any and all documents which describe, outline, detail,

18 or otherwise specify diagnostic and repair procedures to be used by Defendant's

19 technicians. Such term shall be understood to include, relevant portions of the

20 Workshop Manual, Technical Service Bulletins, Recall Notices, Special Service

21 Messages, Campaign Bulletins, Diagnostic Flow Charts, Diagnostic Trouble Code

22 or Fault Code Diagnosis Keys, power point presentations, internal investigation

23 reports, field reports, causal factor analyses, failed component analyses, and/or any

24 other document [sic] which refer to, relate, or concern the repairs performed by

25 Defendant's technicians" as ambiguous, contrary to common usage, overly broad,

26 unduly burdensome, not reasonably particular and seeking information that is not

27 relevant or properly discoverable.

28 ///

23                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
243

1   BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
2   defined by Plaintiff as "defects which result in symptoms such as: air conditioning
3   blowing erratic; faulty blower motor; air conditioning turning off and on; air
4   conditioning sounding like a motor running; loud noise when running air
5   conditioning; defective blower output stage unit; defective blower motor," as vague
6   and overly broad.

7   **CATEGORY NO. 21:**

8   Questions regarding all available repairs for the AIR CONDITIONING
9   DEFECT(S) and approximate dates on which those repair [*sic*] were made
10  available to your dealers;

11  **OBJECTION TO CATEGORY NO. 21:**

12  BMW NA will produce a witness to address the SUBJECT VEHICLE repair
13  history.

14  BMW NA objects that this category does not "describe with reasonable
15  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
16  BMW NA objects that this category is overly broad, unduly burdensome, and seeks
17  information regarding vehicles other than the SUBJECT VEHICLE and issues not
18  at stake in this litigation, which are not relevant or proportional to the needs of this
19  case, because whether Plaintiff is entitled to relief under the Song-Beverly
20  Consumer Warranty Act is entirely unrelated to problems with other vehicles of the
21  same year, make, and model as the SUBJECT VEHICLE and instead relates to
22  whether claimed nonconformities in the SUBJECT VEHICLE were repaired within
23  a reasonable number of repair attempts.

24  BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
25  defined by Plaintiff as "defects which result in symptoms such as: air conditioning
26  blowing erratic; faulty blower motor; air conditioning turning off and on; air
27  conditioning sounding like a motor running; loud noise when running air
28  ///

24                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
244

1    conditioning; defective blower output stage unit; defective blower motor," as vague
2    and overly broad.

3    **CATEGORY NO. 22:**

4        Questions regarding any communications concerning the AIR
5    CONDITIONING DEFECT(S), including the cause of the AIR CONDITIONING
6    DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
7    SUBJECT VEHICLE, all available remedies, and discussions of any and all
8    modifications of YOUR vehicles' air conditioning system and related parts
9    provided to date, and the efficacy of those modifications;

10   **OBJECTION TO CATEGORY NO. 22:**

11       BMW NA objects that this category does not "describe with reasonable
12   particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
13   BMW NA objects to the request for information regarding "any communications
14   concerning" as vague, ambiguous, and overly broad and to the extent it seeks
15   information protected from disclosure by the attorney-client and work product
16   privileges. BMW NA objects to the extent Plaintiff seeks information that may be
17   confidential and protected as proprietary, trade secret, and/or commercially
18   sensitive without prior entry of an appropriate protective order. BMW NA objects
19   to the extent that Plaintiff seeks to invade and violates privacy rights of undefined
20   individuals under common law, under state and federal statutes, and under state
21   and federal constitutional provisions. BMW NA objects that this category is overly
22   broad, unduly burdensome, and seeks information regarding vehicles other than the
23   SUBJECT VEHICLE and issues not at stake in this litigation, which are not
24   relevant to this action or proportional to the needs of this case, because whether
25   Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
26   entirely unrelated to problems with other vehicles of the same year, make, and
27   model as the SUBJECT VEHICLE and instead relates to whether claimed
28   ///

                          25              3:18-cv-00103-WQH-WVG
         BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
      OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
                        EXHIBIT C
                          245

1  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
2  number of repair attempts.

3     BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
4  defined by Plaintiff as "defects which result in symptoms such as: air conditioning
5  blowing erratic; faulty blower motor; air conditioning turning off and on; air
6  conditioning sounding like a motor running; loud noise when running air
7  conditioning; defective blower output stage unit; defective blower motor," as vague
8  and overly broad.

9  **CATEGORY NO. 23:**

10    Questions regarding any available fix for the AIR CONDITIONING
11  DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
12  SUBJECT VEHICLE;

13  **OBJECTION TO CATEGORY NO. 23:**

14    BMW NA will produce a witness to address the SUBJECT VEHICLE repair
15  history.

16    BMW NA objects that this category does not "describe with reasonable
17  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
18  BMW NA objects to the phrase "available fix" as vague, ambiguous and overly
19  broad. BMW NA objects that this category is overly broad, unduly burdensome,
20  and seeks information regarding vehicles other than the SUBJECT VEHICLE and
21  issues not at stake in this litigation, which are not relevant to this action or
22  proportional to the needs of this case, because whether Plaintiff is entitled to relief
23  under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems
24  with other vehicles of the same year, make, and model as the SUBJECT VEHICLE
25  and instead relates to whether claimed nonconformities in the SUBJECT
26  VEHICLE were repaired within a reasonable number of repair attempts.

27    BMW NA objects to this category on the grounds that Plaintiff's proposed
28  definition of "YOUR" is overly broad, harassing, unduly burdensome, and

26                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
246

1   improperly calls for information from third parties over whom BMW NA has no
2   control, against whom this lawsuit has not been filed, for whom BMW NA is not
3   liable, and over whom this court has no jurisdiction.  BMW NA also objects to the
4   extent Plaintiff seeks information that is protected from disclosure by the attorney-
5   client or work product privileges.

6       BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
7   defined by Plaintiff as "defects which result in symptoms such as: air conditioning
8   blowing erratic; faulty blower motor; air conditioning turning off and on; air
9   conditioning sounding like a motor running; loud noise when running air
10  conditioning; defective blower output stage unit; defective blower motor," as vague
11  and overly broad.

12  **CATEGORY NO. 24:**

13      Questions regarding YOUR policies and procedures to ensure you are in
14  compliance with the requirements of the Song Beverly Consumer Warranty Act;

15  **OBJECTION TO CATEGORY NO. 24:**

16      BMW NA objects that this category does not "describe with reasonable
17  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
18  BMW NA objects to this category on the grounds that Plaintiff's proposed
19  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
20  improperly calls for information from third parties over whom BMW NA has no
21  control, against whom this lawsuit has not been filed, for whom BMW NA is not
22  liable, and over whom this court has no jurisdiction.  BMW NA also objects to the
23  extent Plaintiff seeks information protected from disclosure by the attorney-client
24  or work product privilege.

25      BMW NA objects that this category seeks information regarding vehicles
26  other than the SUBJECT VEHICLE and issues not at stake in this litigation.
27  BMW NA objects to the extent that this category seeks information that is not
28  relevant because whether Plaintiff is entitled to relief under the Song-Beverly

27                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
247

1  Consumer Warranty Act is entirely unrelated to "policies and procedures to ensure
2  you are in compliance with the requirements of the Song Beverly Consumer
3  Warranty Act."

4  **CATEGORY NO. 25:**

5      Questions regarding your procedures to implement YOUR compliance with
6  the requirements of the Song Beverly Consumer Warranty Act;

7  **OBJECTION TO CATEGORY NO. 25:**

8      BMW NA objects that this category does not "describe with reasonable
9  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
10  BMW NA objects to this category on the grounds that Plaintiff's proposed
11  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
12  improperly calls for information from third parties over whom BMW NA has no
13  control, against whom this lawsuit has not been filed, for whom BMW NA is not
14  liable, and over whom this court has no jurisdiction.  BMW NA also objects to the
15  extent Plaintiff seeks information that is protected from disclosure by the attorney-
16  client or work product privilege.

17      BMW NA objects that this category seeks information regarding vehicles
18  other than the SUBJECT VEHICLE and issues not at stake in this litigation.
19  BMW NA objects to the extent that this category seeks information that is not
20  relevant because whether Plaintiff is entitled to relief under the Song-Beverly
21  Consumer Warranty Act is entirely unrelated to "procedures to implement YOUR
22  compliance with the requirements of the Song Beverly Consumer Warranty Act."

23  **CATEGORY NO. 26:**

24      Questions concerning how YOU calculate restitution offered to consumers
25  pursuant to the Song Beverly Consumer Warranty Act;

26  **OBJECTION TO CATEGORY NO. 26:**

27      BMW NA objects to this category on the grounds that Plaintiff's proposed
28  definition of "YOU" is overly broad, harassing, unduly burdensome, and

28                          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
248

1   improperly calls for information from third parties over whom BMW NA has no
2   control, against whom this lawsuit has not been filed, for whom BMW NA is not
3   liable, and over whom this court has no jurisdiction.

4        BMW NA objects that this category seeks information regarding vehicles
5   other than the subject vehicle and issues not at stake in this litigation.  BMW NA
6   objects to the extent that this category seeks information that is not relevant
7   because whether Plaintiff is entitled to relief under the Song-Beverly Consumer
8   Warranty Act is entirely unrelated to how restitution is calculated, if warranted,
9   under Song Beverly Consumer Warranty Act.

10  **CATEGORY NO. 27:**

11       Questions regarding YOUR efforts to preserve relevant and discoverable
12  information in this matter, including, but not limited to, any preservation letters,
13  the custodians upon whom such preservation letters were sent, the efforts
14  undertaken to prevent against the deletion or destruction of information, etc.

15  **OBJECTION TO CATEGORY NO. 27:**

16       BMW NA objects that this category does not "describe with reasonable
17  particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).
18   BMW NA objects to this category on the grounds that Plaintiff's proposed
19  definition of "YOUR" is overly broad, harassing, unduly burdensome, and
20  improperly calls for information from third parties over whom BMW NA has no
21  control, against whom this lawsuit has not been filed, for whom BMW NA is not
22  liable, and over whom this court has no jurisdiction.  BMW NA also objects to the
23  extent Plaintiff seeks information protected from disclosure by the attorney-client
24  or work product privilege. BMW NA further objects that this category seeks
25  information which is not relevant.

26  **CATEGORY NO. 28:**

27       Questions regarding YOUR efforts to search for documents and information
28  responsive to Plaintiff's discovery requests in this matter, including, but not limited

29        3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

1    to, the sources of information (both hard copy and electronic databases) searched,

2    the search methods employed, the search terms employed, the identification of

3    custodians for such sources of information, etc.

4    **OBJECTION TO CATEGORY NO. 28:**

5        BMW NA objects that this category does not "describe with reasonable

6    particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

7    BMW NA objects to this category on the grounds that Plaintiff's proposed

8    definition of "YOUR" is overly broad, harassing, unduly burdensome, and

9    improperly calls for information from third parties over whom BMW NA has no

10    control, against whom this lawsuit has not been filed, for whom BMW NA is not

11    liable, and over whom this court has no jurisdiction. BMW NA also objects to the

12    extent Plaintiff seeks information protected from disclosure by the attorney-client

13    or work product privilege. BMW NA further objects that this category seeks

14    information which is not relevant.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30      3:18-cv-00103-WQH-WVG

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

250

**RESPONSES TO ITEMS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

All post-delivery and pre-delivery repair orders pertaining to the SUBJECT VEHICLE in your possession and control, including all technicians' and/or mechanics' notes pertaining to the vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

BMW NA refers Plaintiff to the repair records currently in BMW NA's possession, applicable to the SUBJECT VEHICLE, which BMW NA previously produced to Plaintiff with its Initial Disclosures.

To the extent Plaintiff seeks a further response, BMW NA objects to this request as vague, overly broad, unduly burdensome, and seeking documents that are not relevant, as it encompasses issues not at stake in this litigation. BMW NA objects to the extent Plaintiff seeks information and documents not within BMW NA's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 2:**

The warranty repair history relating to the vehicle as kept in its ordinary course of business by YOU and/or YOUR authorized repair facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

BMW NA refers Plaintiff to the Warranty Vehicle Inquiry that BMW NA previously produced to Plaintiff with its Initial Disclosures.

To the extent Plaintiff seeks a further response, BMW NA objects to Plaintiff's proposed definitions of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for documents from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control.

31  3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
251

1  BMW NA responds on its own behalf only.

2  **REQUEST FOR PRODUCTION NO. 3:**

3      All internal reports, memoranda, correspondence and regional field reports

4  pertaining to the SUBJECT VEHICLE.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

6      BMW NA refers Plaintiff to the Customer Care Specialist File, Customer

7  Relations File and PuMA Case No. 59070616, which BMW NA previously

8  produced to Plaintiff with its Initial Disclosures.

9      To the extent Plaintiff seeks a further response, BMW NA objects to this

10  request as vague, overly broad, unduly burdensome, seeking documents that are

11  not relevant, and to the extent that it seeks documents not within BMW NA's

12  possession, custody or control. BMW NA also objects to this request to the extent

13  it seeks materials that are confidential and protected as proprietary, trade secret,

14  and/or commercially sensitive without prior entry of an appropriate protective

15  order, or documents protected by the attorney-client privilege and/or work product

16  doctrine.

17  **REQUEST FOR PRODUCTION NO. 4:**

18      All reports, memoranda, correspondence, zone office reports and/or any

19  other documentation created by YOU or YOUR authorized dealership(s) due to

20  Plaintiff's contact with YOU or YOUR authorized dealership(s) by way of either

21  writing, telephone or in person.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

23      BMW NA objects to the extent that it seeks materials not within BMW NA's

24  possession, custody or control. BMW NA also objects to this request to the extent

25  it seeks materials that are confidential and protected as proprietary, trade secret,

26  and/or commercially sensitive without prior entry of an appropriate protective

27  order, or documents protected by the attorney-client privilege and/or work product

28  doctrine.

32              3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
252

1    BMW NA objects to Plaintiff's proposed definitions of "YOU" and

2  "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling

3  for documents from third parties over whom BMW NA has no control, against

4  whom this lawsuit has not been filed, for whom BMW NA is not liable, and over

5  whom this court has no jurisdiction.  BMW NA objects to the extent that Plaintiff's

6  proposed definition purports to impose upon BMW NA the burden to seek

7  documents from agents, employees, and other entities, and materials not within

8  BMW NA's possession, custody or control.  BMW NA responds on its own behalf

9  only.

10 **REQUEST FOR PRODUCTION NO. 5:**

11    All records, invoices, and other documentation relating to the purchase of

12 the SUBJECT VEHICLE.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

14    BMW NA refers Plaintiff to the Owner's Manual, Retail Installment Sale

15 Contract and Service and Warranty Information Booklet applicable to the

16 SUBJECT VEHICLE, which BMW NA previously produced to Plaintiff with its

17 Initial Disclosures.

18    To the extent Plaintiff seeks a further response, BMW NA objects to this

19 request as vague, overly broad, unduly burdensome, and seeking materials that are

20 not relevant, and to the extent that it seeks materials not within BMW NA's

21 possession, custody or control.

22 **REQUEST FOR PRODUCTION NO. 6:**

23    All copies of all written warranties issued by YOU and/or its authorized

24 dealership(s) regarding the vehicle. This request is being made to obtain an

25 authentic, unaltered copy.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

27    BMW NA refers Plaintiff to the Service and Warranty Information Booklet

28 and Warranty extensions applicable to the SUBJECT VEHICLE, which BMW NA

33                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
253

1    previously produced to Plaintiff with its Initial Disclosures.

2        To the extent Plaintiff seeks a further response, BMW NA objects to this
3    request as vague, overly broad, unduly burdensome, and seeking documents that
4    are not relevant to this action, as it encompasses issues not at stake in this
5    litigation.

6        BMW NA objects to Plaintiff's proposed definition of "YOU" as overly
7    broad, harassing, unduly burdensome, and improperly calling for documents from
8    third parties over whom BMW NA has no control, against whom this lawsuit has
9    not been filed, for whom BMW NA is not liable, and over whom this court has no
10   jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
11   purports to impose upon BMW NA the burden to seek documents from agents,
12   employees, and other entities, and materials not within BMW NA's possession,
13   custody or control. BMW NA responds on its own behalf only.

14   **REQUEST FOR PRODUCTION NO. 7:**

15       Any and all documents relied upon by YOU in formulating YOUR Answer
16   and affirmative defenses.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18       BMW NA refers Plaintiff to the Service History Recap; Customer Relations
19   file; Warranty Vehicle Inquiry; Customer Care Specialist file; Retail Installment
20   Sales Contract; PuMA Case No. 59070616; and repair records currently in BMW
21   NA's possession, applicable to the SUBJECT VEHICLE during Plaintiff's
22   ownership of the SUBJECT VEHICLE, previously produced to Plaintiff with
23   BMW NA's Initial Disclosures.

24       BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
25   as overly broad, harassing, unduly burdensome, and improperly calling for
26   information from third parties over whom BMW NA has no control, against whom
27   this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
28   this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

34                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C

1  proposed definition purports to impose upon BMW NA the burden to seek

2  documents from agents, employees, and other entities, and materials not within

3  BMW NA's possession, custody or control. BMW NA responds on its own behalf

4  only.

5        BMW NA further objects to this request to the extent Plaintiff seeks

6  materials that are confidential and protected as proprietary, trade secret, and/or

7  commercially sensitive without prior entry of an appropriate protective order, or

8  documents protected by the attorney-client privilege and/or work product doctrine.

9  **REQUEST FOR PRODUCTION NO. 8:**

10        All portions of your repair manual relating to the engine in the SUBJECT

11  VEHICLE (or vehicles of the same year, make, and model as the SUBJECT

12  VEHICLE), as well as any and all related diagnostic and/or repair procedures.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14        BMW NA objects to this request to the extent Plaintiff seeks materials that

15  are confidential and protected as proprietary, trade secret, and/or commercially

16  sensitive without prior entry of an appropriate protective order. BMW NA objects

17  that this request seeks materials regarding vehicles other than the SUBJECT

18  VEHICLE and issues not at stake in this litigation, which are not relevant to this

19  action.

20  **REQUEST FOR PRODUCTION NO. 9:**

21        All portions of your repair manual relating to the air conditioning system in

22  the SUBJECT VEHICLE (or vehicles of the same year, make, and model as the

23  SUBJECT VEHICLE), as well as any and all related diagnostic and/or repair

24  procedures.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

26        BMW NA objects to this request to the extent Plaintiff seeks materials that

27  are confidential and protected as proprietary, trade secret, and/or commercially

28  sensitive without prior entry of an appropriate protective order. BMW NA objects

35      3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
255

1 that this request seeks materials regarding vehicles other than the SUBJECT
2 VEHICLE and issues not at stake in this litigation, which are not relevant to this
3 action.

4      BMW NA further objects to this request as vague and ambiguous as to the
5 phrase "relating to the air conditioning system."

6 **REQUEST FOR PRODUCTION NO. 10:**

7      All documents upon which YOU rely in believing that YOUR failure to
8 promptly repurchase the SUBJECT VEHICLE was not willful.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

10      BMW NA refers Plaintiff to the Service History Recap; Customer Relations
11 file; Warranty Vehicle Inquiry; Customer Care Specialist file; Retail Installment
12 Sales Contract; PuMA Case No. 59070616; and repair records currently in BMW
13 NA's possession, applicable to the SUBJECT VEHICLE during Plaintiff's
14 ownership of the SUBJECT VEHICLE previously produced to Plaintiff with
15 BMW NA's Initial Disclosures.

16      BMW NA objects to "willful" in the context of this request as vague,
17 ambiguous, and argumentative. BMW NA objects to Plaintiff's proposed
18 definitions of "YOU" and "YOUR" as overly broad, harassing, unduly
19 burdensome, and improperly calling for information from third parties over whom
20 BMW NA has no control, against whom this lawsuit has not been filed, for whom
21 BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA
22 objects to the extent that Plaintiff's proposed definition purports to impose upon
23 BMW NA the burden to seek documents from agents, employees, and other
24 entities, and materials not within BMW NA's possession, custody or control.

25 **REQUEST FOR PRODUCTION NO. 11:**

26      All documents YOU issued with respect to the ENGINE/OIL
27 CONSUMPTION DEFECT(S) that Plaintiff has experienced with the SUBJECT
28 VEHICLE.

36    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
256

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

BMW NA objects to Plaintiff's proposed definition of "YOU" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only. BMW NA further objects to this request to the extent Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order.

BMW NA objects that this request seeks documents regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in this litigation, which are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.

BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT(S)," defined by Plaintiff as "defects which result in symptoms as: engine shaking; drive moderately message displays; faulty low pressure fuel sensor; running rough; faulty crank case breathers; faulty internally SIB 110712; surging; surging in reverse; surging when car is cold; vacuum pump leaking oil; oil leaks; crank case hose leaking oil; breather hose cracked; premature activation of all service lights; check engine light illumination; car running poorly; injector 8 failure; symptoms necessitating performance of the customer car package; bad psi

37          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
257

1  pump, check engine light still illuminating after replacing psi pump; excessive oil

2  consumption; premature replacement of crank case breathers; coolant light

3  illumination; premature replacement of turbo inlet and return coolant lines; coolant

4  lines leaking," as vague and overly broad. Plaintiff's definition results in a request

5  for documents not described with reasonable particularity as required by Fed. R.

6  Civ. P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks

7  documents that are not relevant.

8  **REQUEST FOR PRODUCTION NO. 12:**

9      Provide each and every opinion/expert witness report that YOU used or

10  received in any proceedings with respect to the ENGINE/OIL CONSUMPTION

11  DEFECT(S).

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

13      The fact that expert witnesses may have prepared reports for other cases

14  does not make those reports relevant or otherwise discoverable in this case. Facts

15  and circumstances surrounding other lawsuits vary widely, and have no

16  relationship to this case, and are not relevant to this action. BMW NA objects that

17  this request seeks documents regarding vehicles other than the SUBJECT

18  VEHICLE and issues not at stake in this litigation, which are not relevant to this

19  action or proportional to the needs of this case, because whether Plaintiff is entitled

20  to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to

21  problems with other vehicles of the same year, make, and model as the SUBJECT

22  VEHICLE and instead relates to whether claimed nonconformities in the

23  SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.

24  BMW NA objects to this request in light of the limited amount in controversy and

25  the unimportance of the requested discovery in resolving the issues in this case.

26  The burden and expense of the discovery far outweighs its likely benefit. Fed. R.

27  Civ. P. 26(b)(1).

28  ///

38          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
258

1   BMW NA objects to this request to the extent that it seeks materials that are
2   confidential and protected as proprietary, trade secret, and/or commercially
3   sensitive without prior entry of an appropriate protective order, or documents
4   protected by the consulting expert privilege, attorney-client privilege and/or work-
5   product doctrine.

6   BMW NA objects further that this request seeks information regarding
7   vehicles other than the SUBJECT VEHICLE, including private information of
8   third parties.

9   BMW NA objects to Plaintiff's proposed definition of "YOU" as overly
10   broad, harassing, unduly burdensome, and improperly calling for information from
11   third parties over whom BMW NA has no control, against whom this lawsuit has
12   not been filed, for whom BMW NA is not liable, and over whom this court has no
13   jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
14   purports to impose upon BMW NA the burden to seek documents from agents,
15   employees, and other entities, and materials not within BMW NA's possession,
16   custody or control. BMW NA responds on its own behalf only.

17   BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
18   defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
19   drive moderately message displays; faulty low pressure fuel sensor; running rough;
20   faulty crank case breathers; faulty internally SIB 110712; surging; surging in
21   reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
22   hose leaking oil; breather hose cracked; premature activation of all service lights;
23   check engine light illumination; car running poorly; injector 8 failure; symptoms
24   necessitating performance of the customer car package; bad psi pump; check
25   engine light still illuminating after replacing psi pump; excessive oil consumption;
26   premature replacement of crank case breathers; coolant light illumination;
27   premature replacement of turbo inlet and return coolant lines; coolant lines
28   leaking," as vague and overly broad. Plaintiff's definition results in a request for

39          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
259

1  documents not described with reasonable particularity as required by Fed. R. Civ.

2  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

3  that are not relevant.

4  **REQUEST FOR PRODUCTION NO. 13:**

5      Any and all documents, papers, correspondence, memos, repair orders, work

6  orders, computer print-outs, vehicle inquiry reports, documents, or receipts

7  evidencing the performance of any repair work, whether covered under YOUR

8  warranty or not, done to the SUBJECT VEHICLE.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

10      BMW NA refers Plaintiff to the repair records currently in BMW NA's

11  possession applicable to the SUBJECT VEHICLE and PuMA Case No.

12  59070616, which BMW NA previously produced to Plaintiff with its Initial

13  Disclosures.

14      To the extent plaintiff seeks a further response, BMW NA objects to

15  Plaintiff's proposed definition of "YOUR" as overly broad, harassing, unduly

16  burdensome, and improperly calling for documents from third parties over whom

17  BMW NA has no control, against whom this lawsuit has not been filed, for whom

18  BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA

19  objects to the extent that Plaintiff's proposed definition purports to impose upon

20  BMW NA the burden to seek documents from agents, employees, and other

21  entities, and materials not within BMW NA's possession, custody or control.

22  BMW NA responds on its own behalf only.

23      BMW NA objects that Plaintiff's request seeks documents not described

24  with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). BMW NA

25  objects to this request as vague, overly broad, unduly burdensome, and seeking

26  documents that are not relevant, and to the extent that it seeks documents not

27  within BMW NA's possession, custody or control.

28  ///

40    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
260

**REQUEST FOR PRODUCTION NO. 14:**

Any and all contract(s) between YOU and YOUR authorized dealership(s) that performed repairs to the SUBJECT VEHICLE, including your franchise contract and warranty policies and procedure manual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

BMW NA objects to this request as vague, overly broad, unduly burdensome, seeking documents that are not relevant to this action. BMW NA further objects to this request to the extent Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 15:**

Any lists authored by YOU that decipher any diagnostic codes or repair codes that YOU instruct YOUR authorized dealership(s) to document on the repair orders, including all diagnostic codes pertaining to the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

BMW NA objects to this demand as vague, overly broad, unduly burdensome, seeking materials that are not relevant to this action, and to the extent

41                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
261

1  that it seeks information not within BMW NA's possession, custody or control.
2  BMW NA also objects to this demand to the extent it seeks materials that are
3  confidential and protected as proprietary, trade secret, and/or commercially
4  sensitive without prior entry of an appropriate protective order.

5      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
6  as overly broad, harassing, unduly burdensome, and improperly calling for
7  documents from third parties over whom BMW NA has no control, against whom
8  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
9  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
10  proposed definition purports to impose upon BMW NA the burden to seek
11  documents from agents, employees, and other entities, and materials not within
12  BMW NA's possession, custody or control.

13      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
14  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
15  drive moderately message displays; faulty low pressure fuel sensor; running rough;
16  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
17  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
18  hose leaking oil; breather hose cracked; premature activation of all service lights;
19  check engine light illumination; car running poorly; injector 8 failure; symptoms
20  necessitating performance of the customer car package; bad psi pump; check
21  engine light still illuminating after replacing psi pump; excessive oil consumption;
22  premature replacement of crank case breathers; coolant light illumination;
23  premature replacement of turbo inlet and return coolant lines; coolant lines
24  leaking," as vague and overly broad. Plaintiff's definition results in a request for
25  documents not described with reasonable particularity as required by Fed. R. Civ.
26  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
27  that are not relevant.
28  ///

42          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
262

**REQUEST FOR PRODUCTION NO. 16:**

All documents that YOU or YOUR representatives use to evaluate consumers' request for vehicle repurchase, including any all document used to evaluate consumers' requests for vehicle repurchase related to the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

BMW NA objects to this request as vague, overly broad and seeking documents that are not relevant to this action. In addition, BMW NA objects to this request to the extent that it seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order, and/or protected by the attorney-client privilege and/or work-product doctrine.

BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT," defined by Plaintiff as "such defects which result in symptoms as: engine shaking; drive moderately message displays; faulty low pressure fuel sensor; running rough; faulty crank case breathers; faulty internally SIB 110712; surging; surging in reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case hose leaking oil; breather hose cracked; premature activation of all service lights;

43                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
263

1  check engine light illumination; car running poorly; injector 8 failure; symptoms
2  necessitating performance of the customer car package; bad psi pump; check
3  engine light still illuminating after replacing psi pump; excessive oil consumption;
4  premature replacement of crank case breathers; coolant light illumination;
5  premature replacement of turbo inlet and return coolant lines; coolant lines
6  leaking," as vague and overly broad. Plaintiff's definition results in a request for
7  documents not described with reasonable particularity as required by Fed. R. Civ.
8  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
9  that are not relevant.

10  **REQUEST FOR PRODUCTION NO. 17:**

11  Please produce the Warranty Vehicle Inquiry of all 2009 through 2014
12  Model Year BMW vehicles that YOU have repurchased under the Song Beverly
13  Act in the past four years for nonconformities related to the ENGINE/OIL
14  CONSUMPTION DEFECT(S).

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

16  BMW NA objects that this request seeks documents regarding vehicles other
17  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
18  not relevant to this action or proportional to the needs of this case, because whether
19  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
20  entirely unrelated to problems with other vehicles of the same year, make, and
21  model as the SUBJECT VEHICLE and instead relates to whether claimed
22  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
23  number of repair attempts. BMW NA objects to this request in light of the limited
24  amount in controversy and the unimportance of the requested discovery in
25  resolving the issues in this case. The burden and expense of the discovery far
26  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

27  BMW NA objects to Plaintiff's proposed definition of "YOU" as overly
28  broad, harassing, unduly burdensome, and improperly calling for information from

44                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
264

1  third parties over whom BMW NA has no control, against whom this lawsuit has

2  not been filed, for whom BMW NA is not liable, and over whom this court has no

3  jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition

4  purports to impose upon BMW NA the burden to seek documents from agents,

5  employees, and other entities, and materials not within BMW NA's possession,

6  custody or control. BMW NA responds on its own behalf only.

7  BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

8  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;

9  drive moderately message displays; faulty low pressure fuel sensor; running rough;

10  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

11  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

12  hose leaking oil; breather hose cracked; premature activation of all service lights;

13  check engine light illumination; car running poorly; injector 8 failure; symptoms

14  necessitating performance of the customer car package; bad psi pump; check

15  engine light still illuminating after replacing psi pump; excessive oil consumption;

16  premature replacement of crank case breathers; coolant light illumination;

17  premature replacement of turbo inlet and return coolant lines; coolant lines

18  leaking," as vague and overly broad. Plaintiff's definition results in a request for

19  documents not described with reasonable particularity as required by Fed. R. Civ.

20  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

21  that are not relevant.

22  **REQUEST FOR PRODUCTION NO. 18:**

23  Please produce all documents, including but not limited to electronic data

24  and e-mails, concerning or relating to any communications YOU have had

25  regarding the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles

26  which are the same year, make, and model as the SUBJECT VEHICLE, including

27  the cause of the defect.

28  ///

45          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)
EXHIBIT C
265

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

2      BMW NA objects that this request seeks materials regarding vehicles other

3  than the SUBJECT VEHICLE, including private information of third parties, and

4  issues not at stake in this litigation, which are not relevant to this action. BMW

5  NA objects to the extent that this request seeks documents that are not relevant to

6  this action or proportional to the needs of this case, because whether Plaintiff is

7  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

8  unrelated to problems with other vehicles of the same year, make, and model as the

9  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

10  the SUBJECT VEHICLE were repaired within a reasonable number of repair

11  attempts. BMW NA objects to this request in light of the limited amount in

12  controversy and the unimportance of the requested discovery in resolving the

13  issues in this case. The burden and expense of the discovery far outweighs its

14  likely benefit. Fed. R. Civ. P. 26(b)(1).

15      BMW NA objects to Plaintiff's proposed definitions of "YOU" and "YOUR"

16  as overly broad, harassing, unduly burdensome, and improperly calling for

17  information from third parties over whom BMW NA has no control, against whom

18  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

19  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

20  proposed definition purports to impose upon BMW NA the burden to seek

21  documents from agents, employees, and other entities, and materials not within

22  BMW NA's possession, custody or control. BMW NA responds on its own behalf

23  only.

24      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

25  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;

26  drive moderately message displays; faulty low pressure fuel sensor; running rough;

27  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

28  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

**EXHIBIT C**
266

1  hose leaking oil; breather hose cracked; premature activation of all service lights;
2  check engine light illumination; car running poorly; injector 8 failure; symptoms
3  necessitating performance of the customer car package; bad psi pump; check
4  engine light still illuminating after replacing psi pump; excessive oil consumption;
5  premature replacement of crank case breathers; coolant light illumination;
6  premature replacement of turbo inlet and return coolant lines; coolant lines
7  leaking," as vague and overly broad. Plaintiff's definition results in a request for
8  documents not described with reasonable particularity as required by Fed. R. Civ.
9  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
10  that are not relevant.

11  **REQUEST FOR PRODUCTION NO. 19:**

12  Please produce all documents, including but not limited to electronic data
13  and e-mails, concerning or relating in any way to any decision to issue any notices,
14  letters, campaigns, warranty extensions, technical service bulletins and recalls
15  concerning the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles
16  which are the same year, make, and model as the SUBJECT VEHICLE, including
17  the cause of the defect.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

19  BMW NA objects that this request seeks materials regarding vehicles other
20  than the SUBJECT VEHICLE, including private information of third parties, and
21  issues not at stake in this litigation, which are not relevant to this action. BMW
22  NA objects to the extent that this request seeks documents that are not relevant to
23  this action or proportional to the needs of this case, because whether Plaintiff is
24  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
25  unrelated to problems with other vehicles of the same year, make, and model as the
26  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
27  the SUBJECT VEHICLE were repaired within a reasonable number of repair
28  attempts. BMW NA objects to this request in light of the limited amount in

47        3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
267

1   controversy and the unimportance of the requested discovery in resolving the

2   issues in this case.  The burden and expense of the discovery far outweighs its

3   likely benefit.  Fed. R. Civ. P. 26(b)(1).

4       BMW NA objects that this request seeks documents regarding vehicles other

5   than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

6   not relevant to this action.

7       Further, BMW NA objects to the request for "all documents, including but

8   not limited to electronic data and e-mails, concerning or relating in any way" as

9   vague, ambiguous, grossly overly broad and unduly burdensome, and to the extent

10   that Plaintiff seeks materials that are confidential and protected as proprietary,

11   trade secret, and/or commercially sensitive without prior entry of an appropriate

12   protective order, or documents protected by the attorney-client privilege and/or

13   work product doctrine.

14       BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

15   defined by Plaintiff as "such defects which result in symptoms as: engine shaking;

16   drive moderately message displays; faulty low pressure fuel sensor; running rough;

17   faulty crank case breathers; faulty internally SIB 110712; surging; surging in

18   reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

19   hose leaking oil; breather hose cracked; premature activation of all service lights;

20   check engine light illumination; car running poorly; injector 8 failure; symptoms

21   necessitating performance of the customer car package; bad psi pump; check

22   engine light still illuminating after replacing psi pump; excessive oil consumption;

23   premature replacement of crank case breathers; coolant light illumination;

24   premature replacement of turbo inlet and return coolant lines; coolant lines

25   leaking," as vague and overly broad. Plaintiff's definition results in a request for

26   documents not described with reasonable particularity as required by Fed. R. Civ.

27   P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

28   that are not relevant.

48    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
268

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents, including but not limited to electronic data and e-mails, concerning or relating in any way to any decision to modify the engine/oil consumption system and/or any of YOUR related parts used in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties, and issues not at stake in this litigation, which are not relevant to this action. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

///

49          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
269

1    Further, BMW NA objects to the request for "all documents, including but
2  not limited to electronic data and e-mails, concerning or relating in any way to any
3  decision to modify the engine/oil consumption system and/or any of YOUR related
4  parts" as vague, ambiguous, grossly overly broad and unduly burdensome, and to
5  the extent that Plaintiff seeks materials that are confidential and protected as
6  proprietary, trade secret, and/or commercially sensitive without prior entry of an
7  appropriate protective order, or documents protected by the attorney-client
8  privilege and/or work product doctrine.

9  **REQUEST FOR PRODUCTION NO. 21:**

10    Please produce all documents, records and data, including but not limited to
11  electronic data and e-mails, concerning customer complaints, claims, reported
12  failures, and warranty claims related to the ENGINE/OIL CONSUMPTION
13  DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
14  SUBJECT VEHICLE, including but not limited to any databases in YOUR
15  possession with information from dealers, service departments, parts departments,
16  or warranty departments, and all documents concerning YOUR response to each
17  complaint, claim or reported failure.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

19    BMW NA objects that this request seeks materials regarding vehicles other
20  than the SUBJECT VEHICLE, including private information of third parties, and
21  issues not at stake in this litigation, which are not relevant to this action. BMW
22  NA objects to the extent that this request seeks documents that are not relevant to
23  this action or proportional to the needs of this case, because whether Plaintiff is
24  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
25  unrelated to problems with other vehicles of the same year, make, and model as the
26  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
27  the SUBJECT VEHICLE were repaired within a reasonable number of repair
28  attempts. BMW NA objects to this request in light of the limited amount in

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

1  controversy and the unimportance of the requested discovery in resolving the

2  issues in this case.  The burden and expense of the discovery far outweighs its

3  likely benefit. Fed. R. Civ. P. 26(b)(1).

4      BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

5  broad, harassing, unduly burdensome, and improperly calling for information from

6  third parties over whom BMW NA has no control, against whom this lawsuit has

7  not been filed, for whom BMW NA is not liable, and over whom this court has no

8  jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition

9  purports to impose upon BMW NA the burden to seek documents from agents,

10  employees, and other entities, and materials not within BMW NA's possession,

11  custody or control.  BMW NA responds on its own behalf only.

12      Further, BMW NA objects to the request for "all documents, records and

13  data, including but not limited to electronic data and e-mails, concerning customer

14  complaints, claims, reported failures, and warranty claims related to..." as vague,

15  ambiguous, grossly overly broad and unduly burdensome, and to the extent that

16  Plaintiff seeks materials that are confidential and protected as proprietary, trade

17  secret, and/or commercially sensitive without prior entry of an appropriate

18  protective order, or documents protected by the attorney-client privilege and/or

19  work product doctrine.

20      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

21  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

22  drive moderately message displays; faulty low pressure fuel sensor; running rough;

23  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

24  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

25  hose leaking oil; breather hose cracked; premature activation of all service lights;

26  check engine light illumination; car running poorly; injector 8 failure; symptoms

27  necessitating performance of the customer car package; bad psi pump; check

28  engine light still illuminating after replacing psi pump; excessive oil consumption;

51                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
271

1  premature replacement of crank case breathers; coolant light illumination;
2  premature replacement of turbo inlet and return coolant lines; coolant lines
3  leaking," as vague and overly broad. Plaintiff's definition results in a request for
4  documents not described with reasonable particularity as required by Fed. R. Civ.
5  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
6  that are not relevant.

7  **REQUEST FOR PRODUCTION NO. 22:**

8      Please produce all documents, records and data, including but not limited to
9  electronic data and e-mails, concerning customer complaints, claims, reported
10  failures, and warranty claims related to the ENGINE/OIL CONSUMPTION
11  DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
12  SUBJECT VEHICLE, including but not limited to any databases in YOUR
13  possession with information from dealers, service departments, parts departments,
14  or warranty departments, and all documents concerning YOUR response to each
15  complaint, claim or reported failure, as well number of parts replaced during this
16  period.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

18      BMW NA objects that this request seeks materials regarding vehicles other
19  than the SUBJECT VEHICLE, including private information of third parties, and
20  issues not at stake in this litigation, which are not relevant to this action. BMW
21  NA objects to the extent that this request seeks documents that are not relevant to
22  this action or proportional to the needs of this case, because whether Plaintiff is
23  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
24  unrelated to problems with other vehicles of the same year, make, and model as the
25  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
26  the SUBJECT VEHICLE were repaired within a reasonable number of repair
27  attempts. BMW NA objects to this request in light of the limited amount in
28  controversy and the unimportance of the requested discovery in resolving the

52                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
272

1   issues in this case.  The burden and expense of the discovery far outweighs its
2   likely benefit. Fed. R. Civ. P. 26(b)(1).
3       BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly
4   broad, harassing, unduly burdensome, and improperly calling for information from
5   third parties over whom BMW NA has no control, against whom this lawsuit has
6   not been filed, for whom BMW NA is not liable, and over whom this court has no
7   jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition
8   purports to impose upon BMW NA the burden to seek documents from agents,
9   employees, and other entities, and materials not within BMW NA's possession,
10  custody or control.  BMW NA responds on its own behalf only.
11      Further, BMW NA objects to the request for "all documents, records and
12  data, including but not limited to electronic data and e-mails, concerning customer
13  complaints, claims, reported failures, and warranty claims related to..." as well as
14  the request for "all documents concerning YOUR response to each complaint,
15  claim or reported failure, as well [sic] number of parts replaced during this period"
16  as vague, ambiguous, grossly overly broad and unduly burdensome, and to the
17  extent that Plaintiff seeks materials that are confidential and protected as
18  proprietary, trade secret, and/or commercially sensitive without prior entry of an
19  appropriate protective order, or documents protected by the attorney-client
20  privilege and/or work product doctrine.
21      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
22  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;
23  drive moderately message displays; faulty low pressure fuel sensor; running rough;
24  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
25  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
26  hose leaking oil; breather hose cracked; premature activation of all service lights;
27  check engine light illumination; car running poorly; injector 8 failure; symptoms
28  necessitating performance of the customer car package; bad psi pump; check

EXHIBIT C

1   engine light still illuminating after replacing psi pump; excessive oil consumption;
2   premature replacement of crank case breathers; coolant light illumination;
3   premature replacement of turbo inlet and return coolant lines; coolant lines
4   leaking," as vague and overly broad. Plaintiff's definition results in a request for
5   documents not described with reasonable particularity as required by Fed. R. Civ.
6   P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
7   that are not relevant.

8   **REQUEST FOR PRODUCTION NO. 23:**

9       Please produce each and every service bulletin, warranty extension, recall, or
10  other similar communications, notifications, correspondence or writings between
11  YOU and dealers, technicians or owners concerning the ENGINE/OIL
12  CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,
13  and model as the SUBJECT VEHICLE, whether national, regional, general, safety,
14  voluntary or mandatory, along with any related documents, data or other
15  information concerning same.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

17      BMW NA objects that this request seeks materials regarding vehicles other
18  than the SUBJECT VEHICLE, including private information of third parties, and
19  issues not at stake in this litigation, which are not relevant to this action. BMW
20  NA objects to the extent that this request seeks documents that are not relevant to
21  this action or proportional to the needs of this case, because whether Plaintiff is
22  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
23  unrelated to problems with other vehicles of the same year, make, and model as the
24  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
25  the SUBJECT VEHICLE were repaired within a reasonable number of repair
26  attempts. BMW NA objects to this request in light of the limited amount in
27  controversy and the unimportance of the requested discovery in resolving the
28  ///

EXHIBIT C
274

1  issues in this case.  The burden and expense of the discovery far outweighs its
2  likely benefit. Fed. R. Civ. P. 26(b)(1).
3      BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly
4  broad, harassing, unduly burdensome, and improperly calling for information from
5  third parties over whom BMW NA has no control, against whom this lawsuit has
6  not been filed, for whom BMW NA is not liable, and over whom this court has no
7  jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition
8  purports to impose upon BMW NA the burden to seek documents from agents,
9  employees, and other entities, and materials not within BMW NA's possession,
10 custody or control. BMW NA responds on its own behalf only.
11     Further, BMW NA objects to the request for "any related documents, data or
12 other information concerning" these materials as vague, ambiguous, grossly overly
13 broad and unduly burdensome, and to the extent that Plaintiff seeks materials that
14 are confidential and protected as proprietary, trade secret, and/or commercially
15 sensitive without prior entry of an appropriate protective order, or documents
16 protected by the attorney-client privilege and/or work product doctrine.
17     BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
18 defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;
19 drive moderately message displays; faulty low pressure fuel sensor; running rough;
20 faulty crank case breathers; faulty internally SIB 110712; surging; surging in
21 reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
22 hose leaking oil; breather hose cracked; premature activation of all service lights;
23 check engine light illumination; car running poorly; injector 8 failure; symptoms
24 necessitating performance of the customer car package; bad psi pump; check
25 engine light still illuminating after replacing psi pump; excessive oil consumption;
26 premature replacement of crank case breathers; coolant light illumination;
27 premature replacement of turbo inlet and return coolant lines; coolant lines
28 leaking," as vague and overly broad. Plaintiff's definition results in a request for

55                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
275

1    documents not described with reasonable particularity as required by Fed. R. Civ.

2    P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

3    that are not relevant.

4    **REQUEST FOR PRODUCTION NO. 24:**

5        Please produce all documents, including but not limited to electronic data

6    and e-mails, concerning or relating in any way to any internal analysis or

7    investigation by YOU or on YOUR behalf regarding the ENGINE/OIL

8    CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,

9    and model as the SUBJECT VEHICLE.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

11       BMW NA objects that this request seeks materials regarding vehicles other

12   than the SUBJECT VEHICLE, including private information of third parties, and

13   issues not at stake in this litigation, which are not relevant to this action. BMW

14   NA objects to the extent that this request seeks documents that are not relevant to

15   this action or proportional to the needs of this case, because whether Plaintiff is

16   entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

17   unrelated to problems with other vehicles of the same year, make, and model as the

18   SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

19   the SUBJECT VEHICLE were repaired within a reasonable number of repair

20   attempts. BMW NA objects to this request in light of the limited amount in

21   controversy and the unimportance of the requested discovery in resolving the

22   issues in this case. The burden and expense of the discovery far outweighs its

23   likely benefit. Fed. R. Civ. P. 26(b)(1).

24       BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

25   as overly broad, harassing, unduly burdensome, and improperly calling for

26   information from third parties over whom BMW NA has no control, against whom

27   this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

28   this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

56                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
276

1  proposed definition purports to impose upon BMW NA the burden to seek

2  documents from agents, employees, and other entities, and materials not within

3  BMW NA's possession, custody or control. BMW NA responds on its own behalf

4  only.

5       BMW NA objects to the request for "all documents, including but not

6  limited to electronic data and e-mails, concerning or relating in any way" as vague,

7  ambiguous, grossly overly broad and unduly burdensome, and to the extent that

8  Plaintiff seeks materials that are confidential and protected as proprietary, trade

9  secret, and/or commercially sensitive without prior entry of an appropriate

10  protective order, or documents protected by the attorney-client privilege and/or

11  work product doctrine.

12       BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

13  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;

14  drive moderately message displays; faulty low pressure fuel sensor; running rough;

15  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

16  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

17  hose leaking oil; breather hose cracked; premature activation of all service lights;

18  check engine light illumination; car running poorly; injector 8 failure; symptoms

19  necessitating performance of the customer car package; bad psi pump; check

20  engine light still illuminating after replacing psi pump; excessive oil consumption;

21  premature replacement of crank case breathers; coolant light illumination;

22  premature replacement of turbo inlet and return coolant lines; coolant lines

23  leaking," as vague and overly broad. Plaintiff's definition results in a request for

24  documents not described with reasonable particularity as required by Fed. R. Civ.

25  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

26  that are not relevant.

27  ///

28  ///

57      3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 25:**

Please produce all documents, including but not limited to electronic data and e-mails, concerning or relating in any way to any internal analysis or investigation by YOU or on YOUR behalf regarding the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

BMW NA objects to this request as burdensome, cumulative and harassing as it is identical to plaintiff's Request for Production No. 24, above. BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties, and issues not at stake in this litigation, which are not relevant to this action. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek

58          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
278

1  documents from agents, employees, and other entities, and materials not within

2  BMW NA's possession, custody or control. BMW NA responds on its own behalf

3  only.

4      BMW NA objects to the request for "all documents, including but not

5  limited to electronic data and e-mails, concerning or relating in any way" as vague,

6  ambiguous, grossly overly broad and unduly burdensome, and to the extent that

7  Plaintiff seeks materials that are confidential and protected as proprietary, trade

8  secret, and/or commercially sensitive without prior entry of an appropriate

9  protective order, or documents protected by the attorney-client privilege and/or

10  work product doctrine.

11      BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

12  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

13  drive moderately message displays; faulty low pressure fuel sensor; running rough;

14  faulty crank case breathers; faulty internally SIB 110712; surging; surging in

15  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

16  hose leaking oil; breather hose cracked; premature activation of all service lights;

17  check engine light illumination; car running poorly; injector 8 failure; symptoms

18  necessitating performance of the customer car package; bad psi pump; check

19  engine light still illuminating after replacing psi pump; excessive oil consumption;

20  premature replacement of crank case breathers; coolant light illumination;

21  premature replacement of turbo inlet and return coolant lines; coolant lines

22  leaking," as vague and overly broad. Plaintiff's definition results in a request for

23  documents not described with reasonable particularity as required by Fed. R. Civ.

24  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

25  that are not relevant.

26  **REQUEST FOR PRODUCTION NO. 26:**

27      Please produce all documents, including but not limited to electronic data

28  and e-mails, concerning or relating in any way to any analysis or investigation by

59                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
279

1  YOU or on YOUR behalf regarding the claims, complaints, and warranty claims

2  concerning the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles

3  which are the same year, make, and model as the SUBJECT VEHICLE.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

5      BMW NA objects that this request seeks materials regarding vehicles other

6  than the SUBJECT VEHICLE, including private information of third parties.

7  BMW NA objects to the extent that this request seeks documents that are not

8  relevant to this action or proportional to the needs of this case, because whether

9  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

10  entirely unrelated to problems with other vehicles of the same year, make, and

11  model as the SUBJECT VEHICLE and instead relates to whether claimed

12  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

13  number of repair attempts. BMW NA objects to this request in light of the limited

14  amount in controversy and the unimportance of the requested discovery in

15  resolving the issues in this case. The burden and expense of the discovery far

16  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

17      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

18  as overly broad, harassing, unduly burdensome, and improperly calling for

19  information from third parties over whom BMW NA has no control, against whom

20  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

21  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

22  proposed definition purports to impose upon BMW NA the burden to seek

23  documents from agents, employees, and other entities, and materials not within

24  BMW NA's possession, custody or control. BMW NA responds on its own behalf

25  only.

26      BMW NA objects that this request seeks documents regarding vehicles other

27  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

28  not relevant.

60          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
280

1   BMW NA objects to the request for "all documents, including but not
2   limited to electronic data and e-mails, concerning or relating in any way" as vague,
3   ambiguous, grossly overly broad and unduly burdensome, and to the extent that
4   Plaintiff seeks materials that are confidential and protected as proprietary, trade
5   secret, and/or commercially sensitive without prior entry of an appropriate
6   protective order, or documents protected by the attorney-client privilege and/or
7   work product doctrine.

8   BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
9   defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
10  drive moderately message displays; faulty low pressure fuel sensor; running rough;
11  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
12  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
13  hose leaking oil; breather hose cracked; premature activation of all service lights;
14  check engine light illumination; car running poorly; injector 8 failure; symptoms
15  necessitating performance of the customer car package; bad psi pump; check
16  engine light still illuminating after replacing psi pump; excessive oil consumption;
17  premature replacement of crank case breathers; coolant light illumination;
18  premature replacement of turbo inlet and return coolant lines; coolant lines
19  leaking," as vague and overly broad. Plaintiff's definition results in a request for
20  documents not described with reasonable particularity as required by Fed. R. Civ.
21  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
22  that are not relevant.

23  **REQUEST FOR PRODUCTION NO. 27:**

24  Please produce all documents, including but not limited to electronic data
25  and e-mails, concerning or relating in any way to any expert reports received or
26  provided by YOU concerning the ENGINE/OIL CONSUMPTION DEFECT(S) in
27  YOUR vehicles which are the same year, make, and model as the SUBJECT
28  VEHICLE in any arbitration, lawsuit or any other legal proceeding or action.

61          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
281

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The fact that expert witnesses may have prepared reports for other cases or vehicles does not make those reports relevant or otherwise discoverable in this case. Facts and circumstances surrounding other lawsuits or other complaints regarding other vehicles vary widely, and have no relationship to this case, and are not relevant. BMW NA objects that this request seeks documents regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in this litigation, which are not relevant.

BMW NA objects to this request for "all documents, including but not limited to electronically stored data and e-mails, concerning or relating in any way" to the requested materials as overly broad, unduly burdensome, and to the extent that it seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order, or documents protected by the consulting expert privilege, attorney-client privilege and/or work-product doctrine.

BMW NA objects that this request seeks information regarding repairs to vehicles other than the SUBJECT VEHICLE, including private information of third parties. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

///

62                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
282

1    BMW NA objects to Plaintiff's proposed definition of "YOU" as overly
2  broad, harassing, unduly burdensome, and improperly calling for information from
3  third parties over whom BMW NA has no control, against whom this lawsuit has
4  not been filed, for whom BMW NA is not liable, and over whom this court has no
5  jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition
6  purports to impose upon BMW NA the burden to seek documents from agents,
7  employees, and other entities, and materials not within BMW NA's possession,
8  custody or control.  BMW NA responds on its own behalf only.
9    BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
10  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;
11  drive moderately message displays; faulty low pressure fuel sensor; running rough;
12  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
13  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
14  hose leaking oil; breather hose cracked; premature activation of all service lights;
15  check engine light illumination; car running poorly; injector 8 failure; symptoms
16  necessitating performance of the customer car package; bad psi pump; check
17  engine light still illuminating after replacing psi pump; excessive oil consumption;
18  premature replacement of crank case breathers; coolant light illumination;
19  premature replacement of turbo inlet and return coolant lines; coolant lines
20  leaking," as vague and overly broad. Plaintiff's definition results in a request for
21  documents not described with reasonable particularity as required by Fed. R. Civ.
22  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
23  that are not relevant.

24  **REQUEST FOR PRODUCTION NO. 28:**

25    Please produce all correspondence, including but not limited to letters, notes,
26  memos, emails, and notices, between YOU and any manufacturer or material
27  supplier concerning problems or potential problems or concerns about the
28  ENGINE/OIL CONSUMPTION DEFECT(S) or performance of the engine used in

63          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
283

1  YOUR vehicles which are the same year, make, and model as the SUBJECT

2  VEHICLE.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

4      BMW NA objects that this request seeks materials regarding vehicles other

5  than the SUBJECT VEHICLE, including private information of third parties.

6  BMW NA objects to the extent that this request seeks documents that are not

7  relevant to this action or proportional to the needs of this case, because whether

8  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

9  entirely unrelated to problems with other vehicles of the same year, make, and

10 model as the SUBJECT VEHICLE and instead relates to whether claimed

11 nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

12 number of repair attempts. BMW NA objects to this request in light of the limited

13 amount in controversy and the unimportance of the requested discovery in

14 resolving the issues in this case. The burden and expense of the discovery far

15 outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

16     BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

17 as overly broad, harassing, unduly burdensome, and improperly calling for

18 information from third parties over whom BMW NA has no control, against whom

19 this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

20 this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

21 proposed definition purports to impose upon BMW NA the burden to seek

22 documents from agents, employees, and other entities, and materials not within

23 BMW NA's possession, custody or control. BMW NA responds on its own behalf

24 only.

25     BMW NA objects that this request seeks documents regarding vehicles other

26 than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

27 not relevant.

28 *///*

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

1    BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
2   defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
3   drive moderately message displays; faulty low pressure fuel sensor; running rough;
4   faulty crank case breathers; faulty internally SIB 110712; surging; surging in
5   reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
6   hose leaking oil; breather hose cracked; premature activation of all service lights;
7   check engine light illumination; car running poorly; injector 8 failure; symptoms
8   necessitating performance of the customer car package; bad psi pump; check
9   engine light still illuminating after replacing psi pump; excessive oil consumption;
10   premature replacement of crank case breathers; coolant light illumination;
11   premature replacement of turbo inlet and return coolant lines; coolant lines
12   leaking," as vague and overly broad. Plaintiff's definition results in a request for
13   documents not described with reasonable particularity as required by Fed. R. Civ.
14   P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
15   that are not relevant.

16   **REQUEST FOR PRODUCTION NO. 29:**

17    Please produce all documents, including but not limited to electronic data
18   and e-mails, concerning any modifications that were made to the engine as a result
19   of the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles which are
20   the same year, make, and model as the SUBJECT VEHICLE.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

22    BMW NA objects that this request seeks materials regarding vehicles other
23   than the SUBJECT VEHICLE, including private information of third parties.
24   BMW NA objects to the extent that this request seeks documents that are not
25   relevant to this action or proportional to the needs of this case, because whether
26   Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
27   entirely unrelated to problems with other vehicles of the same year, make, and
28   model as the SUBJECT VEHICLE and instead relates to whether claimed

65        3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
285

1    nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
2    number of repair attempts. BMW NA objects to this request in light of the limited
3    amount in controversy and the unimportance of the requested discovery in
4    resolving the issues in this case. The burden and expense of the discovery far
5    outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

6         BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
7    as overly broad, harassing, unduly burdensome, and improperly calling for
8    information from third parties over whom BMW NA has no control, against whom
9    this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
10   this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
11   proposed definition purports to impose upon BMW NA the burden to seek
12   documents from agents, employees, and other entities, and materials not within
13   BMW NA's possession, custody or control. BMW NA responds on its own behalf
14   only.

15        BMW NA objects to this request for "all documents, including but not
16   limited to electronic data and e-mails, concerning any modifications" to the
17   requested materials as overly broad, unduly burdensome, and to the extent that it
18   seeks materials that are confidential and protected as proprietary, trade secret,
19   and/or commercially sensitive without prior entry of an appropriate protective
20   order.

21        BMW NA objects that this request seeks documents regarding vehicles other
22   than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
23   not relevant.

24        BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
25   defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
26   drive moderately message displays; faulty low pressure fuel sensor; running rough;
27   faulty crank case breathers; faulty internally SIB 110712; surging; surging in
28   reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
286

1  hose leaking oil; breather hose cracked; premature activation of all service lights;
2  check engine light illumination; car running poorly; injector 8 failure; symptoms
3  necessitating performance of the customer car package; bad psi pump; check
4  engine light still illuminating after replacing psi pump; excessive oil consumption;
5  premature replacement of crank case breathers; coolant light illumination;
6  premature replacement of turbo inlet and return coolant lines; coolant lines
7  leaking," as vague and overly broad. Plaintiff's definition results in a request for
8  documents not described with reasonable particularity as required by Fed. R. Civ.
9  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
10 that are not relevant.

11 **REQUEST FOR PRODUCTION NO. 30:**

12      Please produce all documents, including but not limited to electronic data
13 and e-mails, concerning or relating in any way to any measurement, report,
14 analysis or complaint regarding the safety of the vehicle, including but not limited
15 to safety issue concerning or relating in any way to the ENGINE/OIL
16 CONSUMPTION DEFECT(S) used in YOUR vehicles which are the same year,
17 make, and model as the SUBJECT VEHICLE.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

19      BMW NA objects that this request seeks materials regarding vehicles other
20 than the SUBJECT VEHICLE, including private information of third parties.
21 BMW NA objects to the extent that this request seeks documents that are not
22 relevant to this action or proportional to the needs of this case, because whether
23 Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
24 entirely unrelated to problems with other vehicles of the same year, make, and
25 model as the SUBJECT VEHICLE and instead relates to whether claimed
26 nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
27 number of repair attempts. BMW NA objects to this request in light of the limited
28 amount in controversy and the unimportance of the requested discovery in

67            3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
287

1  resolving the issues in this case. The burden and expense of the discovery far
2  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

3  BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
4  as overly broad, harassing, unduly burdensome, and improperly calling for
5  information from third parties over whom BMW NA has no control, against whom
6  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
7  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
8  proposed definition purports to impose upon BMW NA the burden to seek
9  documents from agents, employees, and other entities, and materials not within
10  BMW NA's possession, custody or control. BMW NA responds on its own behalf
11  only.

12  BMW NA objects to this request for "all documents, including but not
13  limited to electronic data and e-mails, concerning or relating in any way to any
14  measurement, report, analysis or complaint regarding the safety of the vehicle" to
15  the requested materials as overly broad, unduly burdensome, and to the extent that
16  it seeks materials that are confidential and protected as proprietary, trade secret,
17  and/or commercially sensitive without prior entry of an appropriate protective
18  order.

19  BMW NA objects that this request seeks documents regarding vehicles other
20  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
21  not relevant.

22  BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
23  defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;
24  drive moderately message displays; faulty low pressure fuel sensor; running rough;
25  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
26  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
27  hose leaking oil; breather hose cracked; premature activation of all service lights;
28  check engine light illumination; car running poorly; injector 8 failure; symptoms

68                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
288

1   necessitating performance of the customer car package; bad psi pump; check
2   engine light still illuminating after replacing psi pump; excessive oil consumption;
3   premature replacement of crank case breathers; coolant light illumination;
4   premature replacement of turbo inlet and return coolant lines; coolant lines
5   leaking," as vague and overly broad. Plaintiff's definition results in a request for
6   documents not described with reasonable particularity as required by Fed. R. Civ.
7   P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
8   that are not relevant.

9   **REQUEST FOR PRODUCTION NO. 31:**

10      Please produce all documents, including but not limited to electronic data
11  and e-mails, concerning or relating to any fixes for the ENGINE/OIL
12  CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,
13  and model as the SUBJECT VEHICLE.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

15      BMW NA objects that this request seeks materials regarding vehicles other
16  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
17  not relevant to this action. BMW NA objects to the extent that this request seeks
18  documents that are not relevant to this action or proportional to the needs of this
19  case, because whether Plaintiff is entitled to relief under the Song-Beverly
20  Consumer Warranty Act is entirely unrelated to problems with other vehicles of the
21  same year, make, and model as the SUBJECT VEHICLE and instead relates to
22  whether claimed nonconformities in the SUBJECT VEHICLE were repaired within
23  a reasonable number of repair attempts. BMW NA objects to this request in light of
24  the limited amount in controversy and the unimportance of the requested discovery
25  in resolving the issues in this case. The burden and expense of the discovery far
26  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

27      Further, BMW NA objects to the request for "all documents, including but
28  not limited to electronic data and e-mails, concerning or relating to any fixes" as

69          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
289

1   vague, ambiguous, overly broad and unduly burdensome, and to the extent that
2   Plaintiff seeks materials that are confidential and protected as proprietary, trade
3   secret, and/or commercially sensitive without prior entry of an appropriate
4   protective order, or documents protected by the attorney-client privilege and/or
5   work product doctrine.
6        BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
7   defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;
8   drive moderately message displays; faulty low pressure fuel sensor; running rough;
9   faulty crank case breathers; faulty internally SIB 110712; surging; surging in
10  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
11  hose leaking oil; breather hose cracked; premature activation of all service lights;
12  check engine light illumination; car running poorly; injector 8 failure; symptoms
13  necessitating performance of the customer car package; bad psi pump; check
14  engine light still illuminating after replacing psi pump; excessive oil consumption;
15  premature replacement of crank case breathers; coolant light illumination;
16  premature replacement of turbo inlet and return coolant lines; coolant lines
17  leaking," as vague and overly broad. Plaintiff's definition results in a request for
18  documents not described with reasonable particularity as required by Fed. R. Civ.
19  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
20  that are not relevant.
21  **REQUEST FOR PRODUCTION NO. 32:**
22       Please produce all documents, including but not limited to electronic data
23  and e-mails, concerning or relating [*sic*] any permanent fixes of the ENGINE/OIL
24  CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,
25  and model as the SUBJECT VEHICLE.
26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**
27       BMW NA objects that this request seeks materials regarding vehicles other
28  than the SUBJECT VEHICLE, including private information of third parties, and

70            3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
290

1    issues not at stake in this litigation, which are not relevant to this action. BMW NA

2    objects to the extent that this request seeks documents that are not relevant to this

3    action or proportional to the needs of this case, because whether Plaintiff is entitled

4    to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to

5    problems with other vehicles of the same year, make, and model as the SUBJECT

6    VEHICLE and instead relates to whether claimed nonconformities in the

7    SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.

8    BMW NA objects to this request in light of the limited amount in controversy and

9    the unimportance of the requested discovery in resolving the issues in this case.

10   The burden and expense of the discovery far outweighs its likely benefit. Fed. R.

11   Civ. P. 26(b)(1).

12       Further, BMW NA objects to the request for " all documents, including but

13   not limited to electronic data and e-mails, concerning or relating [sic] any

14   permanent fixes" as vague, ambiguous, overly broad and unduly burdensome, and

15   to the extent that Plaintiff seeks materials that are confidential and protected as

16   proprietary, trade secret, and/or commercially sensitive without prior entry of an

17   appropriate protective order, or documents protected by the attorney-client

18   privilege and/or work product doctrine. BMW NA further objects to "permanent

19   fixes" as vague and ambiguous.

20       BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"

21   defined by Plaintiff as "such defects which result in symptoms as:  engine shaking;

22   drive moderately message displays; faulty low pressure fuel sensor; running rough;

23   faulty crank case breathers; faulty internally SIB 110712; surging; surging in

24   reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case

25   hose leaking oil; breather hose cracked; premature activation of all service lights;

26   check engine light illumination; car running poorly; injector 8 failure; symptoms

27   necessitating performance of the customer car package; bad psi pump; check

28   engine light still illuminating after replacing psi pump; excessive oil consumption;

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

1    premature replacement of crank case breathers; coolant light illumination;

2    premature replacement of turbo inlet and return coolant lines; coolant lines

3    leaking," as vague and overly broad. Plaintiff's definition results in a request for

4    documents not described with reasonable particularity as required by Fed. R. Civ.

5    P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents

6    that are not relevant.

7    **REQUEST FOR PRODUCTION NO. 33:**

8          Please produce all documents, including but not limited to electronic data

9    and e-mails relating to any decision to modify or replace the engine or related parts

10   used in the SUBJECT VEHICLE as a result of the ENGINE/OIL

11   CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make,

12   and model as the SUBJECT VEHICLE.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

14         BMW NA objects that this request seeks materials regarding vehicles other

15   than the SUBJECT VEHICLE, including private information of third parties, and

16   issues not at stake in this litigation, which are not relevant to this action. BMW

17   NA objects to the extent that this request seeks documents that are not relevant to

18   this action or proportional to the needs of this case, because whether Plaintiff is

19   entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

20   unrelated to problems with other vehicles of the same year, make, and model as the

21   SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

22   the SUBJECT VEHICLE were repaired within a reasonable number of repair

23   attempts. BMW NA objects to this request in light of the limited amount in

24   controversy and the unimportance of the requested discovery in resolving the

25   issues in this case. The burden and expense of the discovery far outweighs its

26   likely benefit. Fed. R. Civ. P. 26(b)(1).

27         BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

28   broad, harassing, unduly burdensome, and improperly calling for information from

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
292

third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

Further, BMW NA objects to the request for "all documents, including but not limited to electronic data and e-mails relating to any decision to modify or replace the engine or related parts" as vague, ambiguous, grossly overly broad and unduly burdensome, and to the extent that Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order, or documents protected by the attorney-client privilege and/or work product doctrine.

BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT," defined by Plaintiff as "such defects which result in symptoms as: engine shaking; drive moderately message displays; faulty low pressure fuel sensor; running rough; faulty crank case breathers; faulty internally SIB 110712; surging; surging in reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case hose leaking oil; breather hose cracked; premature activation of all service lights; check engine light illumination; car running poorly; injector 8 failure; symptoms necessitating performance of the customer car package; bad psi pump; check engine light still illuminating after replacing psi pump; excessive oil consumption; premature replacement of crank case breathers; coolant light illumination; premature replacement of turbo inlet and return coolant lines; coolant lines leaking," as vague and overly broad. Plaintiff's definition results in a request for documents not described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents that are not relevant.

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 34:**

Please produce all LEMON LAW DOCUMENTS relating to your policies concerning whether you improperly deduct for vehicle wear and tear during Lemon Law vehicle surrenders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

BMW NA objects to Plaintiff's proposed definition of "LEMON LAW DOCUMENTS" as overly broad, unduly burdensome, and including information that is not relevant. BMW NA also objects to the extent that Plaintiff's definition includes documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or the consulting expert privilege. As such, the definition exceeds the scope of permissible discovery. Further, BMW NA objects that the definition is overly broad and unduly burdensome insofar as it is intended to include documents that are not within BMW NA's possession, custody, and control. Plaintiff's definition results in a request for documents not described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). BMW NA also objects to the extent the definition results in a request that asks for documents that are public information and therefore equally available to Plaintiff.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce all documents, including but not limited to electronic data and e-mails, that you have in your possession that relate to the causal or contributing factors of the ENGINE/OIL CONSUMPTION DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties, and issues not at stake in this litigation, which are not relevant to this action. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is

74                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
294

1   entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
2   unrelated to problems with other vehicles of the same year, make, and model as the
3   SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
4   the SUBJECT VEHICLE were repaired within a reasonable number of repair
5   attempts. BMW NA objects to this request in light of the limited amount in
6   controversy and the unimportance of the requested discovery in resolving the
7   issues in this case. The burden and expense of the discovery far outweighs its
8   likely benefit. Fed. R. Civ. P. 26(b)(1).

9        Further, BMW NA objects to the request for " all documents, including but
10  not limited to electronic data and e-mails, . . . that relate to the causal or
11  contributing factors" as vague, ambiguous, overly broad and unduly burdensome,
12  and to the extent that Plaintiff seeks materials that are confidential and protected as
13  proprietary, trade secret, and/or commercially sensitive without prior entry of an
14  appropriate protective order, or documents protected by the attorney-client
15  privilege and/or work product doctrine.

16       BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
17  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
18  drive moderately message displays; faulty low pressure fuel sensor; running rough;
19  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
20  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
21  hose leaking oil; breather hose cracked; premature activation of all service lights;
22  check engine light illumination; car running poorly; injector 8 failure; symptoms
23  necessitating performance of the customer car package; bad psi pump; check
24  engine light still illuminating after replacing psi pump; excessive oil consumption;
25  premature replacement of crank case breathers; coolant light illumination;
26  premature replacement of turbo inlet and return coolant lines; coolant lines
27  leaking," as vague and overly broad. Plaintiff's definition results in a request for
28  documents not described with reasonable particularity as required by Fed. R. Civ.

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

1  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
2  that are not relevant.

3  **REQUEST FOR PRODUCTION NO. 36:**

4       Please produce the deposition transcript for all depositions of Your Person
5  Most Qualified/ Knowledgeable relating to the ENGINE/OIL CONSUMPTION
6  DEFECT(S) in any case.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

8       The fact that a Person Most Qualified from BMW NA relating to alleged
9  ENGINE/OIL CONSUMPTION DEFECT has testified in another case does not
10  make those deposition transcripts relevant or otherwise discoverable in this case.
11  Facts and circumstances surrounding other lawsuits vary widely, and have no
12  relationship to this case, and are not relevant to this action.

13       BMW NA objects further that this request seeks information regarding
14  vehicles other than the SUBJECT VEHICLE and issues with no relationship to
15  Plaintiff's claims, including private information of third parties. BMW NA objects
16  to the extent that this request seeks documents that are not relevant to this action
17  because whether Plaintiff is entitled to relief under the Song-Beverly Consumer
18  Warranty Act is entirely unrelated to problems with other vehicles of the same
19  year, make, and model as the SUBJECT VEHICLE and instead relates to whether
20  claimed nonconformities in the SUBJECT VEHICLE were repaired within a
21  reasonable number of repair attempts.

22       BMW NA objects that this request seeks documents regarding vehicles other
23  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
24  not relevant to this action. Further, BMW NA objects to the extent that Plaintiff
25  seeks materials that are confidential and protected as proprietary, trade secret,
26  and/or commercially sensitive without prior entry of an appropriate protective
27  order.

28  ///

76                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
296

1  BMW NA objects to the term "ENGINE/OIL CONSUMPTION DEFECT,"
2  defined by Plaintiff as "such defects which result in symptoms as: engine shaking;
3  drive moderately message displays; faulty low pressure fuel sensor; running rough;
4  faulty crank case breathers; faulty internally SIB 110712; surging; surging in
5  reverse; surging when car is cold; vacuum pump leaking oil, oil leaks; crank case
6  hose leaking oil; breather hose cracked; premature activation of all service lights;
7  check engine light illumination; car running poorly; injector 8 failure; symptoms
8  necessitating performance of the customer car package; bad psi pump; check
9  engine light still illuminating after replacing psi pump; excessive oil consumption;
10  premature replacement of crank case breathers; coolant light illumination;
11  premature replacement of turbo inlet and return coolant lines; coolant lines
12  leaking," as vague and overly broad. Plaintiff's definition results in a request for
13  documents not described with reasonable particularity as required by Fed. R. Civ.
14  P. 34(b)(1)(A) and overly broad, unduly burdensome, and that seeks documents
15  that are not relevant.

16  **REQUEST FOR PRODUCTION NO. 37:**

17  All documents YOU issued with respect to the AIR CONDITIONING
18  DEFECT(S) that Plaintiff has experienced with the SUBJECT VEHICLE.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

20  BMW NA objects to Plaintiff's proposed definition of "YOU" as overly
21  broad, harassing, unduly burdensome, and improperly calling for information from
22  third parties over whom BMW NA has no control, against whom this lawsuit has
23  not been filed, for whom BMW NA is not liable, and over whom this court has no
24  jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
25  purports to impose upon BMW NA the burden to seek documents from agents,
26  employees, and other entities, and materials not within BMW NA's possession,
27  custody or control. BMW NA responds on its own behalf only. BMW NA further
28  objects to this request to the extent Plaintiff seeks materials that are confidential

77          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
297

1    and protected as proprietary, trade secret, and/or commercially sensitive without

2    prior entry of an appropriate protective order.

3          BMW NA objects that this request seeks documents regarding vehicles other

4    than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

5    not relevant to this action or proportional to the needs of this case, because whether

6    Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

7    entirely unrelated to problems with other vehicles of the same year, make, and

8    model as the SUBJECT VEHICLE and instead relates to whether claimed

9    nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

10    number of repair attempts.

11          BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"

12    defined by Plaintiff as "such defects which result in symptoms such as: air

13    conditioning blowing erratic; faulty blower motor; air conditioning turning off and

14    on; air conditioning sounding like a motor running; loud noise when running air

15    conditioning; defective blower output stage unit; defective blower motor," as vague

16    and overly broad. Plaintiff's definition results in a request for documents not

17    described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

18    and which is overly broad, unduly burdensome, and seeks documents that are not

19    relevant or properly discoverable.

20    **REQUEST FOR PRODUCTION NO. 38:**

21          Provide each and every opinion/expert witness report that YOU used or

22    received in any proceedings with respect to the AIR CONDITIONING

23    DEFECT(S).

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

25          The fact that expert witnesses may have prepared reports for other cases

26    does not make those reports relevant or otherwise discoverable in this case. Facts

27    and circumstances surrounding other lawsuits vary widely, and have no

28    relationship to this case, and are not relevant to this action. BMW NA objects that

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
298

1  this request seeks documents regarding vehicles other than the SUBJECT
2  VEHICLE and issues not at stake in this litigation, which are not relevant to this
3  action or proportional to the needs of this case, because whether Plaintiff is entitled
4  to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to
5  problems with other vehicles of the same year, make, and model as the SUBJECT
6  VEHICLE and instead relates to whether claimed nonconformities in the
7  SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.
8  BMW NA objects to this request in light of the limited amount in controversy and
9  the unimportance of the requested discovery in resolving the issues in this case.
10  The burden and expense of the discovery far outweighs its likely benefit. Fed. R.
11  Civ. P. 26(b)(1).
12      BMW NA objects to this request to the extent that it seeks materials that are
13  confidential and protected as proprietary, trade secret, and/or commercially
14  sensitive without prior entry of an appropriate protective order, or documents
15  protected by the consulting expert privilege, attorney-client privilege and/or work-
16  product doctrine.
17      BMW NA objects further that this request seeks information regarding
18  vehicles other than the SUBJECT VEHICLE, including private information of
19  third parties.
20      BMW NA objects to Plaintiff's proposed definition of "YOU" as overly
21  broad, harassing, unduly burdensome, and improperly calling for information from
22  third parties over whom BMW NA has no control, against whom this lawsuit has
23  not been filed, for whom BMW NA is not liable, and over whom this court has no
24  jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
25  purports to impose upon BMW NA the burden to seek documents from agents,
26  employees, and other entities, and materials not within BMW NA's possession,
27  custody or control. BMW NA responds on its own behalf only.
28  ///

79                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
299

1   BMW NA objects to the term "AIR CONDITIONING DEFECT(S)," 
2 defined by Plaintiff as "such defects which result in symptoms such as: air 
3 conditioning blowing erratic; faulty blower motor; air conditioning turning off and 
4 on; air conditioning sounding like a motor running; loud noise when running air 
5 conditioning; defective blower output stage unit; defective blower motor," as vague 
6 and overly broad. Plaintiff's definition results in a request for documents not 
7 described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A), 
8 and which is overly broad, unduly burdensome, and seeks documents that are not 
9 relevant or properly discoverable.

10 **REQUEST FOR PRODUCTION NO. 39:**

11   Any and all documents, papers, correspondence, memos, repair orders, work 
12 orders, computer print-outs, vehicle inquiry reports, documents, or receipts 
13 evidencing the performance of any repair work, whether covered under YOUR 
14 warranty or not, done to the SUBJECT VEHICLE.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

16   BMW NA objects to this request as burdensome, cumulative and harassing 
17 as it is identical to Plaintiff's Request for Production No. 13, above. BMW NA 
18 refers Plaintiff to the response of Request for Production No. 13, above and objects 
19 as follows:

20   BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly 
21 broad, harassing, unduly burdensome, and improperly calling for documents from 
22 third parties over whom BMW NA has no control, against whom this lawsuit has 
23 not been filed, for whom BMW NA is not liable, and over whom this court has no 
24 jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition 
25 purports to impose upon BMW NA the burden to seek documents from agents, 
26 employees, and other entities, and materials not within BMW NA's possession, 
27 custody or control.  BMW NA responds on its own behalf only.
28 ///

80   3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
300

1      BMW NA objects that Plaintiff's request seeks documents not described

2  with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). BMW NA

3  objects to this request as vague, overly broad, unduly burdensome, and seeking

4  documents that are not relevant, and to the extent that it seeks documents not

5  within BMW NA's possession, custody or control.

6  **REQUEST FOR PRODUCTION NO. 40:**

7      Any and all contract(s) between YOU and YOUR authorized dealership(s)

8  that performed repairs to the SUBJECT VEHICLE, including your franchise

9  contract and warranty policies and procedure manual.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

11      BMW NA objects to this request as burdensome, cumulative and harassing

12  as it is identical to Plaintiff's Request for Production No. 14, above.

13      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

14  as overly broad, harassing, unduly burdensome, and improperly calling for

15  information from third parties over whom BMW NA has no control, against whom

16  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

17  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

18  proposed definition purports to impose upon BMW NA the burden to seek

19  documents from agents, employees, and other entities, and materials not within

20  BMW NA's possession, custody or control. BMW NA responds on its own behalf

21  only.

22      BMW NA objects to this request as vague, overly broad, unduly

23  burdensome, seeking documents that are not relevant to this action. BMW NA

24  further objects to this request to the extent Plaintiff seeks materials that are

25  confidential and protected as proprietary, trade secret, and/or commercially

26  sensitive without prior entry of an appropriate protective order.

27  ///

28  ///

81    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
301

**REQUEST FOR PRODUCTION NO. 41:**

Any lists authored by YOU that decipher any diagnostic codes or repair codes that YOU instruct YOUR authorized dealership(s) to document on the repair orders, including all diagnostic codes pertaining to the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

BMW NA objects to this demand as vague, overly broad, unduly burdensome, seeking materials that are not relevant to this action, and to the extent that it seeks information not within BMW NA's possession, custody or control. BMW NA also objects to this demand to the extent it seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order.

BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for documents from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control.

BMW NA objects to the term "AIR CONDITIONING DEFECT(S)," defined by Plaintiff as "such defects which result in symptoms such as: air conditioning blowing erratic; faulty blower motor; air conditioning turning off and on; air conditioning sounding like a motor running; loud noise when running air conditioning; defective blower output stage unit; defective blower motor," as vague and overly broad. Plaintiff's definition results in a request for documents not described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

EXHIBIT C
302

1   and which is overly broad, unduly burdensome, and seeks documents that are not
2   relevant or properly discoverable.

3   **REQUEST FOR PRODUCTION NO. 42:**

4   All documents that YOU or YOUR representatives use to evaluate
5   consumers' request for vehicle repurchase, including any all document used to
6   evaluate consumers' requests for vehicle repurchase related to the AIR
7   CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make,
8   and model as the SUBJECT VEHICLE.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

10  BMW NA objects to this request as vague, overly broad and seeking
11  documents that are not relevant to this action. In addition, BMW NA objects to
12  this request to the extent that it seeks materials that are confidential and protected
13  as proprietary, trade secret, and/or commercially sensitive without prior entry of an
14  appropriate protective order, and/or protected by the attorney-client privilege
15  and/or work-product doctrine.

16  BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
17  as overly broad, harassing, unduly burdensome, and improperly calling for
18  information from third parties over whom BMW NA has no control, against whom
19  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
20  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
21  proposed definition purports to impose upon BMW NA the burden to seek
22  documents from agents, employees, and other entities, and materials not within
23  BMW NA's possession, custody or control. BMW NA responds on its own behalf
24  only.

25  BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
26  defined by Plaintiff as "such defects which result in symptoms such as: air
27  conditioning blowing erratic; faulty blower motor; air conditioning turning off and
28  on; air conditioning sounding like a motor running; loud noise when running air

83                3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
303

1  conditioning; defective blower output stage unit; defective blower motor," as vague
2  and overly broad. Plaintiff's definition results in a request for documents not
3  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
4  and which is overly broad, unduly burdensome, and seeks documents that are not
5  relevant or properly discoverable.

6  **REQUEST FOR PRODUCTION NO. 43:**

7  Please produce the Warranty Vehicle Inquiry of all 2009 through 2014
8  Model Year BMW vehicles that YOU have repurchased under the Song Beverly
9  Act in the past four years for nonconformities related to the AIR CONDITIONING
10  DEFECT(S).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

12  BMW NA objects that this request seeks documents regarding vehicles other
13  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
14  not relevant to this action or proportional to the needs of this case, because whether
15  Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
16  entirely unrelated to problems with other vehicles of the same year, make, and
17  model as the SUBJECT VEHICLE and instead relates to whether claimed
18  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
19  number of repair attempts. BMW NA objects to this request in light of the limited
20  amount in controversy and the unimportance of the requested discovery in
21  resolving the issues in this case. The burden and expense of the discovery far
22  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

23  BMW NA objects to Plaintiff's proposed definition of "YOU" as overly
24  broad, harassing, unduly burdensome, and improperly calling for information from
25  third parties over whom BMW NA has no control, against whom this lawsuit has
26  not been filed, for whom BMW NA is not liable, and over whom this court has no
27  jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
28  purports to impose upon BMW NA the burden to seek documents from agents,

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

1 | employees, and other entities, and materials not within BMW NA's possession,
2 | custody or control. BMW NA responds on its own behalf only.

3 |     BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
4 | defined by Plaintiff as "such defects which result in symptoms such as: air
5 | conditioning blowing erratic; faulty blower motor; air conditioning turning off and
6 | on; air conditioning sounding like a motor running; loud noise when running air
7 | conditioning; defective blower output stage unit; defective blower motor," as vague
8 | and overly broad. Plaintiff's definition results in a request for documents not
9 | described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
10 | and which is overly broad, unduly burdensome, and seeks documents that are not
11 | relevant or properly discoverable.

12 | **REQUEST FOR PRODUCTION NO. 44:**

13 |     Please produce all documents, including but not limited to electronic data
14 | and e-mails, concerning or relating to any communications YOU have had
15 | regarding the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the
16 | same year, make, and model as the SUBJECT VEHICLE, including the cause of
17 | the defect.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

19 |     BMW NA objects that this request seeks materials regarding vehicles other
20 | than the SUBJECT VEHICLE, including private information of third parties, and
21 | issues not at stake in this litigation, which are not relevant to this action. BMW
22 | NA objects to the extent that this request seeks documents that are not relevant to
23 | this action or proportional to the needs of this case, because whether Plaintiff is
24 | entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
25 | unrelated to problems with other vehicles of the same year, make, and model as the
26 | SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
27 | the SUBJECT VEHICLE were repaired within a reasonable number of repair
28 | attempts. BMW NA objects to this request in light of the limited amount in

85      3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
305

1  controversy and the unimportance of the requested discovery in resolving the
2  issues in this case. The burden and expense of the discovery far outweighs its
3  likely benefit. Fed. R. Civ. P. 26(b)(1).

4       BMW NA objects to Plaintiff's proposed definitions of "YOU" and "YOUR"
5  as overly broad, harassing, unduly burdensome, and improperly calling for
6  information from third parties over whom BMW NA has no control, against whom
7  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
8  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
9  proposed definition purports to impose upon BMW NA the burden to seek
10 documents from agents, employees, and other entities, and materials not within
11 BMW NA's possession, custody or control. BMW NA responds on its own behalf
12 only.

13      BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
14 defined by Plaintiff as "such defects which result in symptoms such as: air
15 conditioning blowing erratic; faulty blower motor; air conditioning turning off and
16 on; air conditioning sounding like a motor running; loud noise when running air
17 conditioning; defective blower output stage unit; defective blower motor," as vague
18 and overly broad. Plaintiff's definition results in a request for documents not
19 described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
20 and which is overly broad, unduly burdensome, and seeks documents that are not
21 relevant or properly discoverable.

22 **REQUEST FOR PRODUCTION NO. 45:**

23      Please produce all documents, including but not limited to electronic data
24 and e-mails, concerning or relating in any way to any decision to issue any notices,
25 letters, campaigns, warranty extensions, technical service bulletins and recalls
26 concerning the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are
27 the same year, make, and model as the SUBJECT VEHICLE, including the cause
28 of the defect.

EXHIBIT C
306

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties, and issues not at stake in this litigation, which are not relevant to this action. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

BMW NA objects that this request seeks documents regarding vehicles other than the SUBJECT VEHICLE and issues not at stake in this litigation, which are not relevant to this action.

Further, BMW NA objects to the request for "all documents, including but not limited to electronic data and e-mails, concerning or relating in any way" as vague, ambiguous, grossly overly broad and unduly burdensome, and to the extent that Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order, or documents protected by the attorney-client privilege and/or work product doctrine.

BMW NA objects to the term "AIR CONDITIONING DEFECT(S)," defined by Plaintiff as "such defects which result in symptoms such as: air conditioning blowing erratic; faulty blower motor; air conditioning turning off and on; air conditioning sounding like a motor running; loud noise when running air

EXHIBIT C
307

1  conditioning; defective blower output stage unit; defective blower motor," as vague

2  and overly broad. Plaintiff's definition results in a request for documents not

3  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

4  and which is overly broad, unduly burdensome, and seeks documents that are not

5  relevant or properly discoverable.

6  **REQUEST FOR PRODUCTION NO. 46:**

7      Please produce all documents, including but not limited to electronic data

8  and e-mails, concerning or relating in any way to any decision to modify the air

9  conditioning system and/or any of YOUR related parts used in YOUR vehicles

10  which are the same year, make, and model as the SUBJECT VEHICLE.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

12      BMW NA objects that this request seeks materials regarding vehicles other

13  than the SUBJECT VEHICLE, including private information of third parties, and

14  issues not at stake in this litigation, which are not relevant to this action. BMW

15  NA objects to the extent that this request seeks documents that are not relevant to

16  this action or proportional to the needs of this case, because whether Plaintiff is

17  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

18  unrelated to problems with other vehicles of the same year, make, and model as the

19  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

20  the SUBJECT VEHICLE were repaired within a reasonable number of repair

21  attempts. BMW NA objects to this request in light of the limited amount in

22  controversy and the unimportance of the requested discovery in resolving the

23  issues in this case. The burden and expense of the discovery far outweighs its

24  likely benefit. Fed. R. Civ. P. 26(b)(1).

25      BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

26  broad, harassing, unduly burdensome, and improperly calling for information from

27  third parties over whom BMW NA has no control, against whom this lawsuit has

28  not been filed, for whom BMW NA is not liable, and over whom this court has no

88                          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
308

1 │ jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition

2 │ purports to impose upon BMW NA the burden to seek documents from agents,

3 │ employees, and other entities, and materials not within BMW NA's possession,

4 │ custody or control. BMW NA responds on its own behalf only.

5 │      Further, BMW NA objects to the request for "all documents, including but

6 │ not limited to electronic data and e-mails, concerning or relating in any way to any

7 │ decision to modify the air conditioning system and/or any of YOUR related parts"

8 │ as vague, ambiguous, grossly overly broad and unduly burdensome, and to the

9 │ extent that Plaintiff seeks materials that are confidential and protected as

10 │ proprietary, trade secret, and/or commercially sensitive without prior entry of an

11 │ appropriate protective order, or documents protected by the attorney-client

12 │ privilege and/or work product doctrine.

13 │      BMW NA further objects to this request as vague and ambiguous as to the

14 │ phrase "the air conditioning system."

15 │ **REQUEST FOR PRODUCTION NO. 47:**

16 │      Please produce all documents, records and data, including but not limited to

17 │ electronic data and e-mails, concerning customer complaints, claims, reported

18 │ failures, and warranty claims related to the AIR CONDITIONING DEFECT(S) in

19 │ YOUR vehicles which are the same year, make, and model as the SUBJECT

20 │ VEHICLE, including but not limited to any databases in YOUR possession with

21 │ information from dealers, service departments, parts departments, or warranty

22 │ departments, and all documents concerning YOUR response to each complaint,

23 │ claim or reported failure.

24 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

25 │      BMW NA objects that this request seeks materials regarding vehicles other

26 │ than the SUBJECT VEHICLE, including private information of third parties, and

27 │ issues not at stake in this litigation, which are not relevant to this action. BMW

28 │ NA objects to the extent that this request seeks documents that are not relevant to

89          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
309

1  this action or proportional to the needs of this case, because whether Plaintiff is

2  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

3  unrelated to problems with other vehicles of the same year, make, and model as the

4  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

5  the SUBJECT VEHICLE were repaired within a reasonable number of repair

6  attempts.  BMW NA objects to this request in light of the limited amount in

7  controversy and the unimportance of the requested discovery in resolving the

8  issues in this case.  The burden and expense of the discovery far outweighs its

9  likely benefit. Fed. R. Civ. P. 26(b)(1).

10      BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

11  broad, harassing, unduly burdensome, and improperly calling for information from

12  third parties over whom BMW NA has no control, against whom this lawsuit has

13  not been filed, for whom BMW NA is not liable, and over whom this court has no

14  jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition

15  purports to impose upon BMW NA the burden to seek documents from agents,

16  employees, and other entities, and materials not within BMW NA's possession,

17  custody or control.  BMW NA responds on its own behalf only.

18      Further, BMW NA objects to the request for "all documents, records and

19  data, including but not limited to electronic data and e-mails, concerning customer

20  complaints, claims, reported failures, and warranty claims related to…" as vague,

21  ambiguous, grossly overly broad and unduly burdensome, and to the extent that

22  Plaintiff seeks materials that are confidential and protected as proprietary, trade

23  secret, and/or commercially sensitive without prior entry of an appropriate

24  protective order, or documents protected by the attorney-client privilege and/or

25  work product doctrine.

26      BMW NA objects to the term "AIR CONDITIONING DEFECT," defined

27  by Plaintiff as "such defects which result in symptoms such as: air conditioning

28  blowing erratic; faulty blower motor; air conditioning turning off and on; air

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

1  conditioning sounding like a motor running; loud noise when running air
2  conditioning; defective blower output stage unit; defective blower motor," as vague
3  and overly broad. Plaintiff's definition results in a request for documents not
4  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
5  and which is overly broad, unduly burdensome, and seeks documents that are not
6  relevant or properly discoverable.

7  **REQUEST FOR PRODUCTION NO. 48:**

8        Please produce all documents, records and data, including but not limited to
9  electronic data and e-mails, concerning customer complaints, claims, reported
10  failures, and warranty claims related to the AIR CONDITIONING DEFECT(S) in
11  YOUR vehicles which are the same year, make, and model as the SUBJECT
12  VEHICLE, including but not limited to any databases in YOUR possession with
13  information from dealers, service departments, parts departments, or warranty
14  departments, and all documents concerning YOUR response to each complaint,
15  claim or reported failure, as well number of parts replaced during this period.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

17        BMW NA objects that this request seeks materials regarding vehicles other
18  than the SUBJECT VEHICLE, including private information of third parties, and
19  issues not at stake in this litigation, which are not relevant to this action. BMW
20  NA objects to the extent that this request seeks documents that are not relevant to
21  this action or proportional to the needs of this case, because whether Plaintiff is
22  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely
23  unrelated to problems with other vehicles of the same year, make, and model as the
24  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in
25  the SUBJECT VEHICLE were repaired within a reasonable number of repair
26  attempts. BMW NA objects to this request in light of the limited amount in
27  controversy and the unimportance of the requested discovery in resolving the
28  ///

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C

1  issues in this case.  The burden and expense of the discovery far outweighs its
2  likely benefit.  Fed. R. Civ. P. 26(b)(1).
3      BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly
4  broad, harassing, unduly burdensome, and improperly calling for information from
5  third parties over whom BMW NA has no control, against whom this lawsuit has
6  not been filed, for whom BMW NA is not liable, and over whom this court has no
7  jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition
8  purports to impose upon BMW NA the burden to seek documents from agents,
9  employees, and other entities, and materials not within BMW NA's possession,
10  custody or control.  BMW NA responds on its own behalf only.
11      Further, BMW NA objects to the request for "all documents, records and
12  data, including but not limited to electronic data and e-mails, concerning customer
13  complaints, claims, reported failures, and warranty claims related to..." as well as
14  the request for "all documents concerning YOUR response to each complaint,
15  claim or reported failure, as well [sic] number of parts replaced during this period"
16  as vague, ambiguous, grossly overly broad and unduly burdensome, and to the
17  extent that Plaintiff seeks materials that are confidential and protected as
18  proprietary, trade secret, and/or commercially sensitive without prior entry of an
19  appropriate protective order, or documents protected by the attorney-client
20  privilege and/or work product doctrine.
21      BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
22  defined by Plaintiff as "such defects which result in symptoms such as: air
23  conditioning blowing erratic; faulty blower motor; air conditioning turning off and
24  on; air conditioning sounding like a motor running; loud noise when running air
25  conditioning; defective blower output stage unit; defective blower motor," as vague
26  and overly broad.  Plaintiff's definition results in a request for documents not
27  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
28  ///

92        3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
312

1    and which is overly broad, unduly burdensome, and seeks documents that are not

2    relevant or properly discoverable.

3    **REQUEST FOR PRODUCTION NO. 49:**

4         Please produce each and every service bulletin, warranty extension, recall, or

5    other similar communications, notifications, correspondence or writings between

6    YOU and dealers, technicians or owners concerning the AIR CONDITIONING

7    DEFECT(S) in YOUR vehicles which are the same year, make, and model as the

8    SUBJECT VEHICLE, whether national, regional, general, safety, voluntary or

9    mandatory, along with any related documents, data or other information

10   concerning same.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

12        BMW NA objects that this request seeks materials regarding vehicles other

13   than the SUBJECT VEHICLE, including private information of third parties, and

14   issues not at stake in this litigation, which are not relevant to this action.  BMW

15   NA objects to the extent that this request seeks documents that are not relevant to

16   this action or proportional to the needs of this case, because whether Plaintiff is

17   entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

18   unrelated to problems with other vehicles of the same year, make, and model as the

19   SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

20   the SUBJECT VEHICLE were repaired within a reasonable number of repair

21   attempts.  BMW NA objects to this request in light of the limited amount in

22   controversy and the unimportance of the requested discovery in resolving the

23   issues in this case.  The burden and expense of the discovery far outweighs its

24   likely benefit. Fed. R. Civ. P. 26(b)(1).

25        BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly

26   broad, harassing, unduly burdensome, and improperly calling for information from

27   third parties over whom BMW NA has no control, against whom this lawsuit has

28   not been filed, for whom BMW NA is not liable, and over whom this court has no

EXHIBIT C
313

1  jurisdiction.  BMW NA objects to the extent that Plaintiff's proposed definition
2  purports to impose upon BMW NA the burden to seek documents from agents,
3  employees, and other entities, and materials not within BMW NA's possession,
4  custody or control. BMW NA responds on its own behalf only.

5      Further, BMW NA objects to the request for "any related documents, data or
6  other information concerning" these materials as vague, ambiguous, grossly overly
7  broad and unduly burdensome, and to the extent that Plaintiff seeks materials that
8  are confidential and protected as proprietary, trade secret, and/or commercially
9  sensitive without prior entry of an appropriate protective order, or documents
10  protected by the attorney-client privilege and/or work product doctrine.

11      BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
12  defined by Plaintiff as "such defects which result in symptoms such as: air
13  conditioning blowing erratic; faulty blower motor; air conditioning turning off and
14  on; air conditioning sounding like a motor running; loud noise when running air
15  conditioning; defective blower output stage unit; defective blower motor," as vague
16  and overly broad. Plaintiff's definition results in a request for documents not
17  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
18  and which is overly broad, unduly burdensome, and seeks documents that are not
19  relevant or properly discoverable.

20  **REQUEST FOR PRODUCTION NO. 50:**

21      Please produce all documents, including but not limited to electronic data
22  and e-mails, concerning or relating in any way to any internal analysis or
23  investigation by YOU or on YOUR behalf regarding the AIR CONDITIONING
24  DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
25  SUBJECT VEHICLE.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

27      BMW NA objects that this request seeks materials regarding vehicles other
28  than the SUBJECT VEHICLE, including private information of third parties, and

94      3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
314

1   issues not at stake in this litigation, which are not relevant to this action. BMW

2   NA objects to the extent that this request seeks documents that are not relevant to

3   this action or proportional to the needs of this case, because whether Plaintiff is

4   entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

5   unrelated to problems with other vehicles of the same year, make, and model as the

6   SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

7   the SUBJECT VEHICLE were repaired within a reasonable number of repair

8   attempts. BMW NA objects to this request in light of the limited amount in

9   controversy and the unimportance of the requested discovery in resolving the

10  issues in this case. The burden and expense of the discovery far outweighs its

11  likely benefit. Fed. R. Civ. P. 26(b)(1).

12      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

13  as overly broad, harassing, unduly burdensome, and improperly calling for

14  information from third parties over whom BMW NA has no control, against whom

15  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

16  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

17  proposed definition purports to impose upon BMW NA the burden to seek

18  documents from agents, employees, and other entities, and materials not within

19  BMW NA's possession, custody or control. BMW NA responds on its own behalf

20  only.

21      BMW NA objects to the request for "all documents, including but not

22  limited to electronic data and e-mails, concerning or relating in any way" as vague,

23  ambiguous, grossly overly broad and unduly burdensome, and to the extent that

24  Plaintiff seeks materials that are confidential and protected as proprietary, trade

25  secret, and/or commercially sensitive without prior entry of an appropriate

26  protective order, or documents protected by the attorney-client privilege and/or

27  work product doctrine.

28  ///

95                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
315

1    BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
2  defined by Plaintiff as "such defects which result in symptoms such as: air
3  conditioning blowing erratic; faulty blower motor; air conditioning turning off and
4  on; air conditioning sounding like a motor running; loud noise when running air
5  conditioning; defective blower output stage unit; defective blower motor," as vague
6  and overly broad. Plaintiff's definition results in a request for documents not
7  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
8  and which is overly broad, unduly burdensome, and seeks documents that are not
9  relevant or properly discoverable.

10 **REQUEST FOR PRODUCTION NO. 51:**

11    Please produce all documents, including but not limited to electronic data
12 and e-mails, concerning or relating in any way to any internal analysis or
13 investigation by YOU or on YOUR behalf regarding the AIR CONDITIONING
14 DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
15 SUBJECT VEHICLE.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

17    BMW NA objects to this request as burdensome, cumulative and harassing
18 as it is identical to plaintiff's Request for Production No. 50, above. BMW NA
19 objects that this request seeks materials regarding vehicles other than the
20 SUBJECT VEHICLE, including private information of third parties, and issues not
21 at stake in this litigation, which are not relevant to this action. BMW NA objects
22 to the extent that this request seeks documents that are not relevant to this action or
23 proportional to the needs of this case, because whether Plaintiff is entitled to relief
24 under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems
25 with other vehicles of the same year, make, and model as the SUBJECT VEHICLE
26 and instead relates to whether claimed nonconformities in the SUBJECT
27 VEHICLE were repaired within a reasonable number of repair attempts. BMW
28 NA objects to this request in light of the limited amount in controversy and the

96          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
316

1  unimportance of the requested discovery in resolving the issues in this case. The
2  burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ.
3  P. 26(b)(1).
4      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
5  as overly broad, harassing, unduly burdensome, and improperly calling for
6  information from third parties over whom BMW NA has no control, against whom
7  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
8  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
9  proposed definition purports to impose upon BMW NA the burden to seek
10 documents from agents, employees, and other entities, and materials not within
11 BMW NA's possession, custody or control. BMW NA responds on its own behalf
12 only.
13     BMW NA objects to the request for "all documents, including but not
14 limited to electronic data and e-mails, concerning or relating in any way" as vague,
15 ambiguous, grossly overly broad and unduly burdensome, and to the extent that
16 Plaintiff seeks materials that are confidential and protected as proprietary, trade
17 secret, and/or commercially sensitive without prior entry of an appropriate
18 protective order, or documents protected by the attorney-client privilege and/or
19 work product doctrine.
20     BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
21 defined by Plaintiff as "such defects which result in symptoms such as: air
22 conditioning blowing erratic; faulty blower motor; air conditioning turning off and
23 on; air conditioning sounding like a motor running; loud noise when running air
24 conditioning; defective blower output stage unit; defective blower motor," as vague
25 and overly broad. Plaintiff's definition results in a request for documents not
26 described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
27 and which is overly broad, unduly burdensome, and seeks documents that are not
28 relevant or properly discoverable.

EXHIBIT C
317

**REQUEST FOR PRODUCTION NO. 52:**

Please produce all documents, including but not limited to electronic data and e-mails, concerning or relating in any way to any analysis or investigation by YOU or on YOUR behalf regarding the claims, complaints, and warranty claims concerning the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
318

1   BMW NA objects that this request seeks documents regarding vehicles other

2   than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

3   not relevant.

4   BMW NA objects to the request for "all documents, including but not

5   limited to electronic data and e-mails, concerning or relating in any way" as vague,

6   ambiguous, grossly overly broad and unduly burdensome, and to the extent that

7   Plaintiff seeks materials that are confidential and protected as proprietary, trade

8   secret, and/or commercially sensitive without prior entry of an appropriate

9   protective order, or documents protected by the attorney-client privilege and/or

10  work product doctrine.

11  BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"

12  defined by Plaintiff as "such defects which result in symptoms such as: air

13  conditioning blowing erratic; faulty blower motor; air conditioning turning off and

14  on; air conditioning sounding like a motor running; loud noise when running air

15  conditioning; defective blower output stage unit; defective blower motor," as vague

16  and overly broad. Plaintiff's definition results in a request for documents not

17  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

18  and which is overly broad, unduly burdensome, and seeks documents that are not

19  relevant or properly discoverable.

20  **REQUEST FOR PRODUCTION NO. 53:**

21  Please produce all documents, including but not limited to electronic data

22  and e-mails, concerning or relating in any way to any expert reports received or

23  provided by YOU concerning the AIR CONDITIONING DEFECT(S) in YOUR

24  vehicles which are the same year, make, and model as the SUBJECT VEHICLE in

25  any arbitration, lawsuit or any other legal proceeding or action.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

27  The fact that expert witnesses may have prepared reports for other cases or

28  vehicles does not make those reports relevant or otherwise discoverable in this

99                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
319

1  case. Facts and circumstances surrounding other lawsuits or other complaints

2  regarding other vehicles vary widely, and have no relationship to this case, and are

3  not relevant. BMW NA objects that this request seeks documents regarding

4  vehicles other than the SUBJECT VEHICLE and issues not at stake in this

5  litigation, which are not relevant.

6      BMW NA objects to this request for "all documents, including but not

7  limited to electronically stored data and e-mails, concerning or relating in any way"

8  to the requested materials as overly broad, unduly burdensome, and to the extent

9  that it seeks materials that are confidential and protected as proprietary, trade

10 secret, and/or commercially sensitive without prior entry of an appropriate

11 protective order, or documents protected by the consulting expert privilege,

12 attorney-client privilege and/or work-product doctrine.

13     BMW NA objects that this request seeks information regarding repairs to

14 vehicles other than the SUBJECT VEHICLE, including private information of

15 third parties. BMW NA objects to the extent that this request seeks documents that

16 are not relevant to this action or proportional to the needs of this case, because

17 whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty

18 Act is entirely unrelated to problems with other vehicles of the same year, make,

19 and model as the SUBJECT VEHICLE and instead relates to whether claimed

20 nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

21 number of repair attempts. BMW NA objects to this request in light of the limited

22 amount in controversy and the unimportance of the requested discovery in

23 resolving the issues in this case. The burden and expense of the discovery far

24 outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

25     BMW NA objects to Plaintiff's proposed definition of "YOU" as overly

26 broad, harassing, unduly burdensome, and improperly calling for information from

27 third parties over whom BMW NA has no control, against whom this lawsuit has

28 not been filed, for whom BMW NA is not liable, and over whom this court has no

EXHIBIT C
320

1    jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition
2    purports to impose upon BMW NA the burden to seek documents from agents,
3    employees, and other entities, and materials not within BMW NA's possession,
4    custody or control. BMW NA responds on its own behalf only.

5      BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
6    defined by Plaintiff as "such defects which result in symptoms such as: air
7    conditioning blowing erratic; faulty blower motor; air conditioning turning off and
8    on; air conditioning sounding like a motor running; loud noise when running air
9    conditioning; defective blower output stage unit; defective blower motor," as vague
10   and overly broad. Plaintiff's definition results in a request for documents not
11   described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
12   and which is overly broad, unduly burdensome, and seeks documents that are not
13   relevant or properly discoverable.

14   **REQUEST FOR PRODUCTION NO. 54:**

15     Please produce all correspondence, including but not limited to letters, notes,
16   memos, emails, and notices, between YOU and any manufacturer or material
17   supplier concerning problems or potential problems or concerns about the AIR
18   CONDITIONING DEFECT(S) or performance of the engine used in YOUR
19   vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

21     BMW NA objects that this request seeks materials regarding vehicles other
22   than the SUBJECT VEHICLE, including private information of third parties.
23   BMW NA objects to the extent that this request seeks documents that are not
24   relevant to this action or proportional to the needs of this case, because whether
25   Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
26   entirely unrelated to problems with other vehicles of the same year, make, and
27   model as the SUBJECT VEHICLE and instead relates to whether claimed
28   nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

101   3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
321

1  number of repair attempts. BMW NA objects to this request in light of the limited

2  amount in controversy and the unimportance of the requested discovery in

3  resolving the issues in this case. The burden and expense of the discovery far

4  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

5      BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

6  as overly broad, harassing, unduly burdensome, and improperly calling for

7  information from third parties over whom BMW NA has no control, against whom

8  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

9  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

10  proposed definition purports to impose upon BMW NA the burden to seek

11  documents from agents, employees, and other entities, and materials not within

12  BMW NA's possession, custody or control. BMW NA responds on its own behalf

13  only.

14      BMW NA objects that this request seeks documents regarding vehicles other

15  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are

16  not relevant.

17      BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"

18  defined by Plaintiff as "such defects which result in symptoms such as: air

19  conditioning blowing erratic; faulty blower motor; air conditioning turning off and

20  on; air conditioning sounding like a motor running; loud noise when running air

21  conditioning; defective blower output stage unit; defective blower motor," as vague

22  and overly broad. Plaintiff's definition results in a request for documents not

23  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

24  and which is overly broad, unduly burdensome, and seeks documents that are not

25  relevant or properly discoverable.

26  **REQUEST FOR PRODUCTION NO. 55:**

27      Please produce all documents, including but not limited to electronic data

28  and e-mails, concerning any modifications that were made to the engine as a result

102                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
322

1    of the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the same

2    year, make, and model as the SUBJECT VEHICLE.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

4        BMW NA objects that this request seeks materials regarding vehicles other

5    than the SUBJECT VEHICLE, including private information of third parties.

6    BMW NA objects to the extent that this request seeks documents that are not

7    relevant to this action or proportional to the needs of this case, because whether

8    Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is

9    entirely unrelated to problems with other vehicles of the same year, make, and

10    model as the SUBJECT VEHICLE and instead relates to whether claimed

11    nonconformities in the SUBJECT VEHICLE were repaired within a reasonable

12    number of repair attempts. BMW NA objects to this request in light of the limited

13    amount in controversy and the unimportance of the requested discovery in

14    resolving the issues in this case. The burden and expense of the discovery far

15    outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

16        BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"

17    as overly broad, harassing, unduly burdensome, and improperly calling for

18    information from third parties over whom BMW NA has no control, against whom

19    this lawsuit has not been filed, for whom BMW NA is not liable, and over whom

20    this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's

21    proposed definition purports to impose upon BMW NA the burden to seek

22    documents from agents, employees, and other entities, and materials not within

23    BMW NA's possession, custody or control. BMW NA responds on its own behalf

24    only.

25        BMW NA objects to this request for "all documents, including but not

26    limited to electronic data and e-mails, concerning any modifications" to the

27    requested materials as overly broad, unduly burdensome, and to the extent that it

28    seeks materials that are confidential and protected as proprietary, trade secret,

103           3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
323

1 and/or commercially sensitive without prior entry of an appropriate protective
2 order.

3       BMW NA objects that this request seeks documents regarding vehicles other
4 than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
5 not relevant.

6       BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
7 defined by Plaintiff as "such defects which result in symptoms such as: air
8 conditioning blowing erratic; faulty blower motor; air conditioning turning off and
9 on; air conditioning sounding like a motor running; loud noise when running air
10 conditioning; defective blower output stage unit; defective blower motor," as vague
11 and overly broad. Plaintiff's definition results in a request for documents not
12 described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
13 and which is overly broad, unduly burdensome, and seeks documents that are not
14 relevant or properly discoverable.

15 **REQUEST FOR PRODUCTION NO. 56:**

16       Please produce all documents, including but not limited to electronic data
17 and e-mails, concerning or relating in any way to any measurement, report,
18 analysis or complaint regarding the safety of the vehicle, including but not limited
19 to safety issue concerning or relating in any way to the AIR CONDITIONING
20 DEFECT(S) used in YOUR vehicles which are the same year, make, and model as
21 the SUBJECT VEHICLE.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

23       BMW NA objects that this request seeks materials regarding vehicles other
24 than the SUBJECT VEHICLE, including private information of third parties.
25 BMW NA objects to the extent that this request seeks documents that are not
26 relevant to this action or proportional to the needs of this case, because whether
27 Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is
28 entirely unrelated to problems with other vehicles of the same year, make, and

104      3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
324

1  model as the SUBJECT VEHICLE and instead relates to whether claimed
2  nonconformities in the SUBJECT VEHICLE were repaired within a reasonable
3  number of repair attempts. BMW NA objects to this request in light of the limited
4  amount in controversy and the unimportance of the requested discovery in
5  resolving the issues in this case. The burden and expense of the discovery far
6  outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

7       BMW NA objects to Plaintiff's proposed definition of "YOU" and "YOUR"
8  as overly broad, harassing, unduly burdensome, and improperly calling for
9  information from third parties over whom BMW NA has no control, against whom
10  this lawsuit has not been filed, for whom BMW NA is not liable, and over whom
11  this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's
12  proposed definition purports to impose upon BMW NA the burden to seek
13  documents from agents, employees, and other entities, and materials not within
14  BMW NA's possession, custody or control. BMW NA responds on its own behalf
15  only.

16       BMW NA objects to this request for "all documents, including but not
17  limited to electronic data and e-mails, concerning or relating in any way to any
18  measurement, report, analysis or complaint regarding the safety of the vehicle" to
19  the requested materials as overly broad, unduly burdensome, and to the extent that
20  it seeks materials that are confidential and protected as proprietary, trade secret,
21  and/or commercially sensitive without prior entry of an appropriate protective
22  order.

23       BMW NA objects that this request seeks documents regarding vehicles other
24  than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
25  not relevant.

26       BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
27  defined by Plaintiff as "such defects which result in symptoms such as: air
28  conditioning blowing erratic; faulty blower motor; air conditioning turning off and

105                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
325

1    on; air conditioning sounding like a motor running; loud noise when running air
2    conditioning; defective blower output stage unit; defective blower motor," as vague
3    and overly broad. Plaintiff's definition results in a request for documents not
4    described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
5    and which is overly broad, unduly burdensome, and seeks documents that are not
6    relevant or properly discoverable.
7    **REQUEST FOR PRODUCTION NO. 57:**
8        Please produce all documents, including but not limited to electronic data
9    and e-mails, concerning or relating to any fixes for the AIR CONDITIONING
10   DEFECT(S) in YOUR vehicles which are the same year, make, and model as the
11   SUBJECT VEHICLE.
12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**
13       BMW NA objects that this request seeks materials regarding vehicles other
14   than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
15   not relevant to this action. BMW NA objects to the extent that this request seeks
16   documents that are not relevant to this action or proportional to the needs of this
17   case, because whether Plaintiff is entitled to relief under the Song-Beverly
18   Consumer Warranty Act is entirely unrelated to problems with other vehicles of the
19   same year, make, and model as the SUBJECT VEHICLE and instead relates to
20   whether claimed nonconformities in the SUBJECT VEHICLE were repaired within
21   a reasonable number of repair attempts. BMW NA objects to this request in light of
22   the limited amount in controversy and the unimportance of the requested discovery
23   in resolving the issues in this case. The burden and expense of the discovery far
24   outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).
25       Further, BMW NA objects to the request for "all documents, including but
26   not limited to electronic data and e-mails, concerning or relating to any fixes" as
27   vague, ambiguous, overly broad and unduly burdensome, and to the extent that
28   Plaintiff seeks materials that are confidential and protected as proprietary, trade

EXHIBIT C
326

1   secret, and/or commercially sensitive without prior entry of an appropriate
2   protective order, or documents protected by the attorney-client privilege and/or
3   work product doctrine.
4          BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
5   defined by Plaintiff as "such defects which result in symptoms such as: air
6   conditioning blowing erratic; faulty blower motor; air conditioning turning off and
7   on; air conditioning sounding like a motor running; loud noise when running air
8   conditioning; defective blower output stage unit; defective blower motor," as vague
9   and overly broad. Plaintiff's definition results in a request for documents not
10  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
11  and which is overly broad, unduly burdensome, and seeks documents that are not
12  relevant or properly discoverable.
13  **REQUEST FOR PRODUCTION NO. 58:**
14         Please produce all documents, including but not limited to electronic data
15  and e-mails, concerning or relating [*sic*] any permanent fixes of the AIR
16  CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make,
17  and model as the SUBJECT VEHICLE.
18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**
19         BMW NA objects that this request seeks materials regarding vehicles other
20  than the SUBJECT VEHICLE, including private information of third parties, and
21  issues not at stake in this litigation, which are not relevant to this action. BMW NA
22  objects to the extent that this request seeks documents that are not relevant to this
23  action or proportional to the needs of this case, because whether Plaintiff is entitled
24  to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to
25  problems with other vehicles of the same year, make, and model as the SUBJECT
26  VEHICLE and instead relates to whether claimed nonconformities in the
27  SUBJECT VEHICLE were repaired within a reasonable number of repair attempts.
28  BMW NA objects to this request in light of the limited amount in controversy and

107          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
327

the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Further, BMW NA objects to the request for "all documents, including but not limited to electronic data and e-mails, concerning or relating [sic] any permanent fixes" as vague, ambiguous, overly broad and unduly burdensome, and to the extent that Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or commercially sensitive without prior entry of an appropriate protective order, or documents protected by the attorney-client privilege and/or work product doctrine. BMW NA further objects to "permanent fixes" as vague and ambiguous.

BMW NA objects to the term "AIR CONDITIONING DEFECT(S)," defined by Plaintiff as "such defects which result in symptoms such as: air conditioning blowing erratic; faulty blower motor; air conditioning turning off and on; air conditioning sounding like a motor running; loud noise when running air conditioning; defective blower output stage unit; defective blower motor," as vague and overly broad. Plaintiff's definition results in a request for documents not described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A), and which is overly broad, unduly burdensome, and seeks documents that are not relevant or properly discoverable.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce all documents, including but not limited to electronic data and e-mails relating to any decision to modify or replace the air conditioning system or related parts used in the SUBJECT VEHICLE as a result of the AIR CONDITIONING DEFECT(S) in YOUR vehicles which are the same year, make, and model as the SUBJECT VEHICLE.

///

///

108          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
328

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

BMW NA objects that this request seeks materials regarding vehicles other than the SUBJECT VEHICLE, including private information of third parties, and issues not at stake in this litigation, which are not relevant to this action. BMW NA objects to the extent that this request seeks documents that are not relevant to this action or proportional to the needs of this case, because whether Plaintiff is entitled to relief under the Song-Beverly Consumer Warranty Act is entirely unrelated to problems with other vehicles of the same year, make, and model as the SUBJECT VEHICLE and instead relates to whether claimed nonconformities in the SUBJECT VEHICLE were repaired within a reasonable number of repair attempts. BMW NA objects to this request in light of the limited amount in controversy and the unimportance of the requested discovery in resolving the issues in this case. The burden and expense of the discovery far outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

BMW NA objects to Plaintiff's proposed definition of "YOUR" as overly broad, harassing, unduly burdensome, and improperly calling for information from third parties over whom BMW NA has no control, against whom this lawsuit has not been filed, for whom BMW NA is not liable, and over whom this court has no jurisdiction. BMW NA objects to the extent that Plaintiff's proposed definition purports to impose upon BMW NA the burden to seek documents from agents, employees, and other entities, and materials not within BMW NA's possession, custody or control. BMW NA responds on its own behalf only.

Further, BMW NA objects to the request for "all documents, including but not limited to electronic data and e-mails relating to any decision to modify or replace the air conditioning system or related parts" as vague, ambiguous, grossly overly broad and unduly burdensome, and to the extent that Plaintiff seeks materials that are confidential and protected as proprietary, trade secret, and/or

///

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
329

1  commercially sensitive without prior entry of an appropriate protective order, or

2  documents protected by the attorney-client privilege and/or work product doctrine.

3      BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"

4  defined by Plaintiff as "such defects which result in symptoms such as: air

5  conditioning blowing erratic; faulty blower motor; air conditioning turning off and

6  on; air conditioning sounding like a motor running; loud noise when running air

7  conditioning; defective blower output stage unit; defective blower motor," as vague

8  and overly broad. Plaintiff's definition results in a request for documents not

9  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),

10  and which is overly broad, unduly burdensome, and seeks documents that are not

11  relevant or properly discoverable.

12  **REQUEST FOR PRODUCTION NO. 60:**

13      Please produce all documents, including but not limited to electronic data

14  and e-mails, that you have in your possession that relate to the causal or

15  contributing factors of the AIR CONDITIONING DEFECT(S) in YOUR vehicles

16  which are the same year, make, and model as the SUBJECT VEHICLE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

18      BMW NA objects that this request seeks materials regarding vehicles other

19  than the SUBJECT VEHICLE, including private information of third parties, and

20  issues not at stake in this litigation, which are not relevant to this action. BMW

21  NA objects to the extent that this request seeks documents that are not relevant to

22  this action or proportional to the needs of this case, because whether Plaintiff is

23  entitled to relief under the Song-Beverly Consumer Warranty Act is entirely

24  unrelated to problems with other vehicles of the same year, make, and model as the

25  SUBJECT VEHICLE and instead relates to whether claimed nonconformities in

26  the SUBJECT VEHICLE were repaired within a reasonable number of repair

27  attempts. BMW NA objects to this request in light of the limited amount in

28  controversy and the unimportance of the requested discovery in resolving the

110        3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
330

1  issues in this case.  The burden and expense of the discovery far outweighs its
2  likely benefit.  Fed. R. Civ. P. 26(b)(1).

3          Further, BMW NA objects to the request for " all documents, including but
4  not limited to electronic data and e-mails, . . . that relate to the causal or
5  contributing factors" as vague, ambiguous, overly broad and unduly burdensome,
6  and to the extent that Plaintiff seeks materials that are confidential and protected as
7  proprietary, trade secret, and/or commercially sensitive without prior entry of an
8  appropriate protective order, or documents protected by the attorney-client
9  privilege and/or work product doctrine.

10         BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
11  defined by Plaintiff as "such defects which result in symptoms such as: air
12  conditioning blowing erratic; faulty blower motor; air conditioning turning off and
13  on; air conditioning sounding like a motor running; loud noise when running air
14  conditioning; defective blower output stage unit; defective blower motor," as vague
15  and overly broad.  Plaintiff's definition results in a request for documents not
16  described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
17  and which is overly broad, unduly burdensome, and seeks documents that are not
18  relevant or properly discoverable.

19  **REQUEST FOR PRODUCTION NO. 61:**

20         Please produce the deposition transcript for all depositions of Your Person
21  Most Qualified/ Knowledgeable relating to the AIR CONDITIONING
22  DEFECT(S) in any case.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

24         The fact that a Person Most Qualified from BMW NA relating to alleged
25  AIR CONDITIONING DEFECT has testified in another case does not make those
26  deposition transcripts relevant or otherwise discoverable in this case.  Facts and
27  circumstances surrounding other lawsuits vary widely, and have no relationship to
28  this case, and are not relevant to this action.

111          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
331

1    BMW NA objects further that this request seeks information regarding
2    vehicles other than the SUBJECT VEHICLE and issues with no relationship to
3    Plaintiff's claims, including private information of third parties. BMW NA objects
4    to the extent that this request seeks documents that are not relevant to this action
5    because whether Plaintiff is entitled to relief under the Song-Beverly Consumer
6    Warranty Act is entirely unrelated to problems with other vehicles of the same
7    year, make, and model as the SUBJECT VEHICLE and instead relates to whether
8    claimed nonconformities in the SUBJECT VEHICLE were repaired within a
9    reasonable number of repair attempts.

10    BMW NA objects that this request seeks documents regarding vehicles other
11    than the SUBJECT VEHICLE and issues not at stake in this litigation, which are
12    not relevant to this action. Further, BMW NA objects to the extent that Plaintiff
13    seeks materials that are confidential and protected as proprietary, trade secret,
14    and/or commercially sensitive without prior entry of an appropriate protective
15    order.

16    BMW NA objects to the term "AIR CONDITIONING DEFECT(S),"
17    defined by Plaintiff as "such defects which result in symptoms such as: air
18    conditioning blowing erratic; faulty blower motor; air conditioning turning off and
19    on; air conditioning sounding like a motor running; loud noise when running air
20    conditioning; defective blower output stage unit; defective blower motor," as vague
21    and overly broad. Plaintiff's definition results in a request for documents not
22    described with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A),
23    and which is overly broad, unduly burdensome, and seeks documents that are not
24    relevant or properly discoverable.

25    **REQUEST FOR PRODUCTION NO. 62:**

26    Please produce all documents, including but not limited to electronic data
27    and e-mails, concerning or relating in any way to any BMW of North America,
28    LLC, employee, subsidiary, department, and/or division reporting or organizational

112                 3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
332

1 structure and/or charts effective from 2011 to the present, including any
2 organizational chart or other documents describing any reporting or superior
3 subordinate relationship, or any policies and procedures regarding communications
4 between employees, subsidiaries, departments, and/or divisions.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

6     BMW NA objects that this request seeks documents that are not relevant to
7 this action because the identity of personnel within BMW NA who did not have
8 contacts with Plaintiff is not relevant to whether Plaintiff is entitled to relief under
9 the Song-Beverly Consumer Warranty Act.

10     Further, this request for "all documents, including but not limited to
11 electronic data and e-mails, concerning or relating in any way to any BMW of
12 North America, LLC, employee, subsidiary, department, and/or division reporting
13 or organizational structure and/or charts effective from 2011 to the present,
14 including any organizational chart or other documents describing any reporting or
15 superior subordinate relationship, or any policies and procedures regarding
16 communications between employees, subsidiaries, departments, and/or divisions"
17 is vague, not described with reasonable particularity as required by Fed. R. Civ. P.
18 34(b)(1)(A), overly broad, unduly burdensome, and seeks documents that are not
19 relevant to this action.

20     BMW NA also objects to this request to the extent that Plaintiff seeks
21 materials that are confidential and protected as proprietary, trade secret, and/or
22 commercially sensitive without prior entry of an appropriate protective order.

23 **REQUEST FOR PRODUCTION NO. 63:**

24     Please produce all documents, including but not limited to electronic data
25 and e-mails, concerning or relating in any way to the issuance of TSB SIB 11-07-
26 12 [*sic*]

27 ///

28 ///

113     3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
333

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

2 |    BMW NA refers Plaintiff to the copy of SIB 11 07 12 that BMW NA
3 | produced in response to Plaintiff's Request for Production Set One, No. 9.

4 |    BMW NA objects to this request for "all documents, including but not
5 | limited to electronic data and e-mails, concerning or relating in any way to the
6 | issuance of" the identified service bulletin as vague, ambiguous, overly broad,
7 | unduly burdensome, and harassing. BMW NA objects to this request to the extent
8 | it seeks materials that are confidential and protected as proprietary, trade secret,
9 | and/or commercially sensitive without prior entry of an appropriate protective
10 | order, and to the extent Plaintiff seeks documents not within BMW NA's
11 | possession, custody or control. BMW NA further objects to the extent that
12 | Plaintiff seeks materials protected by the attorney-client privilege and the attorney
13 | work-product doctrine by use of the terms "all documents, including but not
14 | limited to electronic data and e-mails, concerning or relating in any way" to the
15 | identified service bulletin.

16 | **REQUEST FOR PRODUCTION NO. 64:**

17 |    Please produce all documents, including but not limited to electronic data
18 | and e-mails, concerning or relating in any way to the issuance of TSB SIB 61-13-
19 | 05 [*sic*]

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

21 |    BMW NA refers Plaintiff to the copy of SIB 61 13 05 that BMW NA
22 | produced in response to Plaintiff's Request for Production Set One, No. 9.

23 |    BMW NA objects to this request for "all documents, including but not
24 | limited to electronic data and e-mails, concerning or relating in any way to the
25 | issuance of" the identified service bulletin as vague, ambiguous, overly broad,
26 | unduly burdensome, and harassing. BMW NA objects to this request to the extent
27 | it seeks materials that are confidential and protected as proprietary, trade secret,
28 | and/or commercially sensitive without prior entry of an appropriate protective

114            3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
334

1  order, and to the extent Plaintiff seeks documents not within BMW NA's
2  possession, custody or control. BMW NA further objects to the extent that
3  Plaintiff seeks materials protected by the attorney-client privilege and the attorney
4  work-product doctrine by use of the terms "all documents, including but not
5  limited to electronic data and e-mails, concerning or relating in any way" to the
6  identified service bulletin.

**REQUEST FOR PRODUCTION NO. 65:**

7
8      Please produce all documents, including but not limited to electronic data
9  and e-mails, concerning or relating in any way to the issuance of TSB SIB 11-06-
10  14 [*sic*]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

11
12      BMW NA refers Plaintiff to the copy of SIB 11 06 14 that BMW NA
13  produced in response to Plaintiff's Request for Production Set One, No. 9.

14      BMW NA objects to this request for "all documents, including but not
15  limited to electronic data and e-mails, concerning or relating in any way to the
16  issuance of" the identified service bulletin as vague, ambiguous, overly broad,
17  unduly burdensome, and harassing. BMW NA objects to this request to the extent
18  it seeks materials that are confidential and protected as proprietary, trade secret,
19  and/or commercially sensitive without prior entry of an appropriate protective
20  order, and to the extent Plaintiff seeks documents not within BMW NA's
21  possession, custody or control. BMW NA further objects to the extent that
22  Plaintiff seeks materials protected by the attorney-client privilege and the attorney
23  work-product doctrine by use of the terms "all documents, including but not
24  limited to electronic data and e-mails, concerning or relating in any way" to the
25  identified service bulletin.

26  ///
27  ///
28  ///

115                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
335

1  **REQUEST FOR PRODUCTION NO. 66:**

2      Please produce all documents, including but not limited to electronic data

3  and e-mails, concerning or relating in any way to the issuance of TSB SIB 11-16-

4  14 [*sic*]

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

6      BMW NA refers Plaintiff to the copy of SIB 11 16 14 that BMW NA

7  produced in response to Plaintiff's Request for Production Set One, No. 9.

8      BMW NA objects to this request for "all documents, including but not

9  limited to electronic data and e-mails, concerning or relating in any way to the

10  issuance of" the identified service bulletin as vague, ambiguous, overly broad,

11  unduly burdensome, and harassing. BMW NA objects to this request to the extent

12  it seeks materials that are confidential and protected as proprietary, trade secret,

13  and/or commercially sensitive without prior entry of an appropriate protective

14  order, and to the extent Plaintiff seeks documents not within BMW NA's

15  possession, custody or control. BMW NA further objects to the extent that Plaintiff

16  seeks materials protected by the attorney-client privilege and the attorney work-

17  product doctrine by use of the terms "all documents, including but not limited to

18  electronic data and e-mails, concerning or relating in any way" to the identified

19  service bulletin.

20

21  DATED: August 30, 2018                    BOWMAN AND BROOKE LLP

22

23

24      By: _____

25          Brian Takahashi
            Richard L. Stuhlbarg
26          Michael J. Hurvitz
            Patrick J. Raue
27          Attorneys for Defendant
            BMW OF NORTH AMERICA, LLC

28

116                    3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
336

**PROOF OF SERVICE**
**F.R.C.P. Rule 5(b)(2)(3)**

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 750 B Street, Suite 1740, San Diego, CA 92101 and my e-mail address is:

On August 30, 2018, I served the foregoing documents described as **BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF DEFENDANT BMW OF NORTH AMERICA, LLC UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) AND REQUEST FOR PRODUCTION OF DOCUMENTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 30 (b)(2)** on all interested parties in this action by enclosing ☒ **a true copy** ☐ the **original** of them in an envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

☒    **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

☐    **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2)):** I sealed such documents in separate envelopes to each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an Express Service carrier, or delivered to an authorized carrier or driver authorized by the U.S. Postal Service or an Express service carrier to receive documents, with delivery fees paid or provided.

☐    **BY PERSONAL SERVICE (F.R.C.P. 5(2):** I delivered such envelope by hand to the addressee.

Executed on August 30, 2018, at San Diego, California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Tracy Lyon

BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
337

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE/MAILING LIST

## Michael Jensen v. BMW of North America, LLC, et al.

USDC Southern District of CA Case No: 3:18-cv-0103-WQH-NLS

Christine Lee, Esq.
Caitlin Scott, Esq.
STRATEGIC LEGAL PRACTICES, APC
1840 Century Park East, Suite 430
Los Angeles, California 90067

Attorneys for Plaintiff

Tel:     310/ 929-4900
Fax:     310/ 943-3838
Email:   clee@slpattorney.com
         cscott@slpattorney.com

118                          3:18-cv-00103-WQH-WVG
BMW OF NORTH AMERICA, LLC'S OBJECTION TO PLAINTIFF'S
AMENDED NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION
OF DOCUMENTS UNDER FRCP 30(b)(6) & 30(b)(2)

EXHIBIT C
338