UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JENSEN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC; BRECHT ENTERPRISES, INC. dba BMW OF ESCONDIDO; and DOES 1-100, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 18cv103-WQH (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH COURT'S ORDER AND FOR PROSPECTIVE SANCTIONS; and**<br><br>**(2) DENYING EX PARTE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**<br><br>**[ECF Nos. 61, 73]** |

　　　Before the Court is the Plaintiff Michael Jensen's motion to compel Defendant BMW of North America, LLC ("BMW") to comply with the Court's previous order and for prospective sanctions. ECF No. 61. BMW filed an opposition, and Plaintiff filed a reply. ECF Nos. 65, 66. Plaintiff also filed a related *ex parte* motion to file a supplemental brief. ECF No. 73. After due consideration of the parties' arguments and

for the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for compliance and sanctions and **DENIES** Plaintiff's motion for leave to file a supplemental brief.

## I. BACKGROUND

In his complaint, Plaintiff alleges that he purchased a 2011 BMW 550i vehicle manufactured and distributed by BMW, which was covered by an express written warranty for the utility and performance of the vehicle for a period of time. ECF No. 1-3 at ¶¶ 8-9. Plaintiff alleges that, during the warranty period, he experienced numerous defects with the vehicle. *Id.* at ¶ 10. He claims that Defendants were unable to adequately repair the defects but failed to replace the vehicle or buy it back. *Id.* at ¶ 11. Plaintiff brings causes of action under the Song-Beverly Consumer Warranty Act, for breach of warranty, and for fraud.

On November 30, 2018, the parties brought a joint motion for determination of discovery dispute, where Plaintiff sought to compel BMW to respond to several discovery requests. ECF No. 49. After supplemental briefing was completed, the Court issued an order on January 15, 2019, directing BMW to produce certain documents within a certain timeframe. ECF No. 55. Plaintiff now seeks to compel compliance with this January 15 order.

## II. DISCUSSION

Before turning to the substance of the documents at issue, the Court will first address a few preliminary matters. BMW argues throughout its opposition that the discovery obligations imposed by the Court's January 15 order are disproportionate and unduly burdensome. *See, e.g.*, ECF No. 65 at 2, 8 ("In the weeks following this Court's ruling, it became apparent to BMW NA that the scope of the Order exceeds the permissible bounds under Rule 26."); ECF No. 61-23. As to the individual requests, BMW blames some of the delay in production on the burden imposed by the Court's order.

While BMW is free to disagree with the Court's prior ruling, deadlines were

imposed in that order that BMW admits it missed. There were remedies that BMW could have sought to obtain relief from that Order, if BMW believed it was warranted. *See e.g.*, Fed. R. Civ. P. 72; Local Civ. R. 7.1; Judge Stormes's Civil Case Procedures, Section III. However, BMW did not seek such relief. Instead, BMW failed to abide by the Court's deadline without explanation. The Court entered the prior order on January 15, 2019 and most of the discovery ordered was to be produced within 3 weeks of the order, *i.e.* by February 5, 2019—making this discovery overdue by over two months now.

In light of this delay and the representations made by Plaintiff in the reply that the documents have still not yet been produced, the Court finds that imposition of prospective sanctions is appropriate in order to ensure compliance going forward. The Ninth Circuit has held that "magistrates may impose prospective sanctions pursuant to Rule 37 where such sanctions are necessary to enforce compliance with a valid discovery order." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (awarding prospective sanctions where Defendant failed to answer interrogatories causing "unnecessary delay and expense, and its willful disobedience of the magistrate's orders threatened the court's integrity"). Indeed, several district courts within this circuit have found such sanctions appropriate. *See United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (upholding district court order to impose fine of $500 per day for failure to testify or produce documents after a 10-day grace period); *United States v. Bright*, No. 07-cv-311-ACK (KSC), 2009 U.S. Dist. LEXIS 15915, *40 (D. Haw. June 4, 2009) ($500 per day fine imposed until party produced documents); *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 WL 3394754, at *15 (N.D. Cal. Aug. 8, 2017) (imposing $100 per day fine after 5 day grace period for failure to pay discovery sanction); *Fed. Hous. Fin. Agency v. Nev. New Builds, LLC*, No. 2:17-cv-00912-JAD-VCF, 2017 U.S. Dist. LEXIS 221574, at *4-5 (D. Nev. Dec. 7, 2017) (imposing fines varying from $25-$100 per day for failures to respond to discovery).

Turning to the documents at issue, Plaintiff's motion raises issues related to several of the categories of documents discussed in the Court's January 15 order. Accordingly,

the Court will summarize the holdings of that order as to each category of documents and address each in turn.

### A. Database Searches

First, Plaintiff seeks to compel BMW to produce documents from the PuMA database, the Customer Relations/Contacts database, and the Warranty Repair database. In the Court's previous order, the Court ordered BMW to conduct a search across these three databases, limited to vehicles of the same year, make, and model as Plaintiff's subject vehicle and limited to only those records reporting problems with the same defect codes listed in any repair records pertaining to Plaintiff's vehicle and part numbers under warranty in Plaintiff's vehicle. ECF No. 55 at 9-10. The Court furthered ordered the parties to meet and confer to determine what those defect codes and part numbers should be. *Id.* at 10.

The parties subsequently did meet and confer as to defect codes and part numbers. *See* ECF No. 61-4, 61-7. As memorialized by Plaintiff in an email after the meet and confer, it appears the parties agreed that BMW would proceed as follows: 1) for part numbers, BMW would search for any parts replaced on the subject vehicle relating to service, repairs, or corrections made to address Plaintiff's engine and air conditioning ("A/C") complaints and include the part numbers of the old part and new replaced part; and 2) for defect codes, BMW would search for defect codes or defect item codes reported in the subject vehicle's warranty history, the subject vehicle's/Plaintiff's Service Request Detail documents, the subject vehicle's repair orders, and reported/appearing in technical service bulletins/SIBs/recalls that were applied to or applicable to the subject vehicle, only with respect to addressing Plaintiff's engine and A/C complaints. ECF No. 61-7 at 3-4. The next relevant correspondence appears to be on February 5, 2019, when counsel for BMW informed Plaintiff that the search generated 85,000 hits. ECF No. 61-16.

In its opposition, BMW states that it ran searches and did not turn up any results in the PuMA or Customer Relations/Contacts databases. ECF No. 65 at 6. BMW states that

the search on the Warranty Repair database yielded 83,000 hits, which are currently undergoing review and will be produced once review is completed. *Id.* In response, Plaintiff questions the searches conducted, in particular with regard to the zero results in the PuMA or Customer Relations/Contacts databases. ECF No. 67 at 3-4. Specifically, Plaintiff's counsel states that they are in possession of documents from at least the Customer Relations/Contacts database from other clients that they believe should have produced hits from the searches. *See* ECF Nos. 67-5-67-9.

As to these documents, the Court **GRANTS** Plaintiff's motion. While BMW represents that it is complying with the Court's previous order, the time for compliance is long overdue. At this point in time, BMW has had almost three months to comply since the Court's January 15 Order. BMW attempts to blame the delay on Plaintiff, stating that he should have agreed to limit the search. The Court rejects this position—BMW was the party under Court order to produce and should have conducted its search bearing in mind the Court's deadlines and accounted for the time it would to review the results.[1]

In addition, Plaintiff's reply at least raises a question about why certain results may been missed by BMW's searches. The Court does not have sufficient knowledge of BMW's databases or the part numbers/defect codes to conclude whether these results should have produced hits, but finds it appropriate for BMW to investigate Plaintiff's allegations as to why the searches did not produce hits for these records in the PuMA or Customer Relations/Contacts databases. The Court also agrees with Plaintiff that there should be more transparency into the searches of its databases run by BMW that would allow the parties and the Court to feel more confident that the searches are adequate. Thus, upon completion of the production, BMW shall file a signed declaration, under the

---

[1] Indeed, in prior briefing to the Court, BMW was not shy about detailing to the Court how burdensome it would be to manually review vehicle records. *See* ECF No. 49-37 at 18-19. Once BMW knew it was under Court order to run these searches on January 15, it could have foreseen that the searches may result in a number of hits and that it may need to review these records before producing them.

penalty of perjury, from someone with knowledge of the searches, with at least the following information: 1) a list of part numbers and defect codes searched in each of the PuMA, Customer Relations/Contacts, and Warranty Repair databases; 2) a statement regarding how many records hit on the search terms and of these records, how many were deemed responsive for production; and 3) as for the PuMA or Customer Relations/Contacts databases, a) an explanation of why the records highlighted by Plaintiff in his reply did not produce hits; and b) if BMW concludes that the records should have produced hits and mistakenly did not, an explanation of the new search run and/or any other corrective measures taken to ensure the results are now accurate.

Accordingly, the Court **ORDERS** BMW to complete this production and provide the required declaration(s) within **two weeks** of this order.  Failure to comply with this order will result in a monetary sanction of $200 per day for this violation, for every day thereafter until production is complete and the declarations are provided.

### B. Emails Searches

Second, Plaintiff seeks to compel BMW to produce emails from certain of its engineers.  ECF No. 61-1 at 17-20.  During the previous briefing on the motion to compel, Plaintiff offered a compromise, which was to search the emails of Michael Murray and Roger Brown, two engineers who Plaintiff believed were responsible for the N63 engine at issue in his vehicle.  ECF No. 54 at 4.  The Court adopted this compromise into its order.  ECF No. 55 at 11 (noting that "Plaintiff agreed to limit the search to only two engineers (Michael Murray and Roger Brown) rather than the 6-10 originally requested).  The parties had previously disputed the search terms to use to search the emails.  The Court ordered the parties to meet and confer and work cooperatively to develop a more robust search string to use.  *Id.* at 12.

Plaintiff argues in his motion that these search results have not yet been produced and that BMW has not been cooperating so that the parties can define search terms.  As to the issue with search terms, BMW now states in its opposition that it is now "utilizing Plaintiff's proposed searched terms to search Mr. Murray's email." ECF No. 65 at 5.

The Court founds that this is a satisfactory resolution to the dispute over search terms, but as with the other discovery, the due date for this production is long overdue. Accordingly, the Court **ORDERS** BMW to complete this production of Mr. Murray's emails within **two weeks** of this order. Concurrently with the production, BMW shall file a signed declaration, under the penalty of perjury, from someone with knowledge on the search and state the exact terms used to conduct the search. Failure to comply with this order will result in a monetary sanction of $200 per day for this violation, for every day thereafter until production is complete and the declaration is provided.

Plaintiff brings another issue with regard to the second engineer, Roger Brown. Despite requesting his email in its compromise position during prior briefing, Plaintiff states that he informed BMW before any searches were run that he was no longer interested in Mr. Brown's email and now requests that the search be run on a different engineer. ECF No. 61-1 at 18-19; ECF No. 67 at 8-9. However, Plaintiff does not have a name in mind, and suggests that the production of Mr. Murray's emails may trigger a name or that BMW should produce a list of its engineers that worked on the N63 engine, run the search on these engineer's emails and produce the number of hits for each, and that Plaintiff would pick a name from that list. ECF No. 61-1 at 19. At this juncture in the case—where fact discovery and expert discovery are both closed (*see* ECF Nos. 24, 34)—the Court does not find it appropriate to enlarge its previous discovery order, even if it is to substitute in another email custodian, whose identity is not yet determined. Accordingly, the request to search a second custodian's email is **DENIED**.

### C. *Bang* Litigation Documents

Third, Plaintiff seeks to compel BMW to produce documents from the *Bang* litigation. ECF No. 61-1 at 21-22. The Court had previously ordered BMW to produce documents already produced and collected during the *Bang* litigation that would be responsive to the requests in this case. ECF No. 55 at 9. This ruling was premised on BMW's own statement that it "could provide the same or similar documents produced in other cases," including the *Bang* litigation, as long as a protective order was in place.

ECF No. 53 at 5.  This production was also supposed to take place within three weeks of the January 15 order.  A protective order was entered by the Court on January 25, 2019.  ECF No. 57.

BMW now states that it went through all the *Bang* litigation documents and identified the documents that are responsive to Plaintiff's discovery requests in this case.  ECF No. 65-2 at ¶ 10.  BMW further represents that "[t]hose documents have been gathered and are being produced to Plaintiff," including finalizing them for production.  *Id.*; ECF No. 65 at 7.  Since BMW represented on March 19, 2019, when it filed its opposition, that it was very close to production, the Court **ORDERS** BMW to produce these documents within **3 days** of this order (if not already completed).  Failure to do so will result in a monetary sanction of $100 per day for this violation, for every day thereafter until production is complete.  Once produced, BMW must file with the Court a signed declaration, under the penalty of perjury, that the production on these documents is complete.

### D. Warranty Policy and Procedure Manual

Fourth, Plaintiff requests BMW to immediately produce the Warranty Policy and Procedure Manual applicable to his subject vehicle.  ECF No. 61-1.  The Court previously ordered BMW to produce the Warranty Policy and Procedure Manual within one week of the protective order being granted.  ECF No. 55 at 14.  A protective order was entered by the Court on January 25, 2019.  ECF No. 57.

BMW states in its opposition that it "is producing" these documents and that no further Court intervention is needed but—yet again—fails to give any timeline for when the production will take place or why it has failed to produce the documents two months after the protective order was entered.  Accordingly, the Court **ORDERS** BMW to produce these documents within **3 days** of this order, and failure to do so will result in a monetary sanction of $100 per day for this violation, for every day thereafter until production is complete.  Once produced, BMW must file with the Court a signed declaration, under the penalty of perjury, that the production on these documents is

complete.

**E. 30(b)(6) Deposition**

Finally, Plaintiff requests an opportunity to take a 30(b)(6) deposition on the documents and topics in dispute above. ECF No. 61-1 at 22-23. It appears from prior motion practice in front of the Court that the parties did take a deposition of BMW's Rule 30(b)(6) witness, Jose Conde, on September 6, 2018, but the witness did not answer any questions on the topics outside of those related directly to Plaintiff's specific vehicle. ECF No. 38 at 3-4; ECF No. 49-37 at 3 (discussing how BMW's witness failed to provide adequate testimony on categories 8-11, 17-20, 24, 25, and 27-38). Indeed, Mr. Conde's refusal to testify on those categories was the subject of Plaintiff's prior motion to compel. *See* ECF No. 49-38. Having been at issue in the motion, as BMW points out, the Court's January 15 order addressed this issue directly: "Finally, while Plaintiff includes in this motion disputes over deposition topics on these defect issues, he does not appear to request more deposition time in his motion or in the proposed compromise. Accordingly, the Court declines to grant any additional deposition time." ECF No. 55 at 12.

If Plaintiff took issue with this part of the Court's order—as stated above for BMW—the proper remedy would be to seek relief from the Court based on an appeal or reconsideration of that order, not as a request in this motion to compel compliance. However, Plaintiff failed to do so. To the extent that Plaintiff argues that the deposition time he seeks is not within the scope of the Court's prior order—because he does not seek "additional" time with a 30(b)(6) witness but rather time with a newly designated witness—the request is untimely given when the deposition was noticed and when the prior deposition was taken, where significantly more than 45 days have elapsed. Judge Stormes Civil Case Procedures, Section VI.C (requiring disputes to be brought to the Court within 45 days of the triggering event). Accordingly, the request for deposition time is **DENIED**.

Furthermore, Plaintiff's *ex parte* request for leave to file a supplemental brief (ECF

1    No. 73) to clarify the history regarding the 30(b)(6) deposition is **DENIED**.  As discussed
2    above, the Court was already aware of the prior deposition from the parties' prior motion
3    briefing and has already found that any new requests related to this issue would be
4    untimely.

5         **F.  Alternative Remedies**

6         In Plaintiff's reply, he suggests that the Court should adopt some other protective
7    measures, such as staying this case until the production is complete, require a declaration
8    from BMW on the searches that were run, and to order the parties to retain a special
9    master to oversee production.  ECF No. 67 at 10.  Unless otherwise incorporated above,
10    this request is **DENIED**.  Discovery has been closed in this case for months and the
11    Court previously found that the discovery sought here goes more to the question of
12    willfulness rather than the central issue of liability (ECF No. 55 at 7-8).  *See* ECF Nos.
13    24, 34.  The Court sees no good cause to order a special master to oversee discovery at
14    this stage of the case.  As for any request to extend the schedule in this case until
15    production is complete, the Court declines to take such action—the Court has already
16    ordered BMW to produce in a short timeframe and ordered prospective sanctions for
17    failure to comply.

18    //
19    //
20    //
21    //
22    //
23    //
24    //
25    //
26    //
27    //
28    //

### III. CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel and **DENIES** Plaintiff's motion for leave to file a supplemental brief. BMW is ordered to produce documents, as outlined above in this order. BMW is ordered to produce documents in accordance with this Order, and within the timeframe dictated herein.[2]

**IT IS SO ORDERED.**

Dated: April 9, 2019

Hon. Nita L. Stormes
United States Magistrate Judge

---

[2] Should BMW fail to produce documents before sanctions start to accrue, the Court will address the logistics of collecting sanctions at that time.