1  KATE S. LEHRMAN [Bar No. 123050]
   klehrman@lehrmanlawgroup.com
2  ROBERT PHILIPSON [Bar No. 108940]
3  rphilipson@lehrmanlawgroup.com
4  LEHRMAN LAW GROUP
   12121 Wilshire Boulevard
5  Suite 1300
6  Los Angeles, CA  90025
7  (310) 917-4500
   (310) 917-5677 (FAX)
8
9  Attorneys for Defendant
   BMW OF NORTH AMERICA, LLC
10
                    UNITED STATES DISTRICT COURT
11
                   SOUTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| MICHAEL JENSEN, an individual; | Case No. 3:18-cv-00103 WQH (NLSx) |
| Plaintiff, | [Filed: August 14, 2017] |
| | [Removed: January 17, 2018] |
| v. | Hon. William Q. Hayes |
| | Courtroom 14B |
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company and DOES 1 through 10, inclusive, | **MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS** |
| Defendants. | |
| | *[Filed concurrently with Declaration of Robert Philipson ISO of BMWNA's Opposition to Plaintiff's Second Motion for Sanctions]* |
| | DISCOVERY CUT-OFF: NONE |
| | MOTION CUT-OFF: NONE |
| | TRIAL DATE: NONE |

55.504.RAP - 00389068.DOCX                                    3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................ 1

   A. BMW NA Performed Searches Based On Plaintiff's Document Requests And The Court's Orders .................................................................. 1

   B. Plaintiff's Document Requests And The Court's Orders Concerned "Vehicles Of The Same Year, Make And Model" As Plaintiff's Vehicle, The 2011 550i ................................................................................................ 3

II. FACTUAL BACKGROUND ...................................................................... 4

III. BMW NA HAS NOT ENGAGED IN DISCOVERY MISCONDUCT THAT WOULD JUSTIFY THE IMPOSITION OF SANCTIONS ............. 5

   A. BMW NA Has Complied With The Court's Orders ............................ 5

   B. This Case Must Be Judged On Its Own Facts ...................................... 7

IV. PLAINTIFF'S ATTORNEYS SHOULD BE SANCTIONED ..................... 9

V. CONCLUSION .......................................................................................... 10

55.504.RAP - 00389068.DOCX     i     3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

# TABLE OF AUTHORITIES

**Cases**

*Copantitla v. Fiskardo Estiatorio, Inc.*,
   2010 U.S. Dist. LEXIS 33430 at *34-35 (S.D.N.Y. April 5, 2010) ...................... 3

*Eisenacher v. BMW of North America, LLC*,
   2019 U.S. Dist. LEXIS 80470, (C.D. Cal. 2019) ...................................................... 9

*Schick v. BMW of North America, LLC*,
   2018 U.S. Dist. LEXIS 223690, (C.D. Cal. 2018) ................................................ 8, 9

**Statutes**

California Civil Code section 1790 .................................................................................. 6

Federal Rules of Evidence, Rule 404(a) ......................................................................... 8

55.504.RAP - 00389068.DOCX     ii     3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

Defendant BMW of North America, LLC (BMW NA or Defendant) respectfully submits the Following Memorandum Of Points And Authorities In Opposition To Plaintiff's Second Motion For Sanctions And In Support Of Its Request For $6,500.00 In Monetary Sanctions Against Plaintiff's Attorneys:

## I.
## INTRODUCTION

BMW NA has complied with the Court's Orders; the problem is not BMW NA's compliance, it is Plaintiff's ever-changing demands, none of which has any bearing on the facts of this case.

**A.   BMW NA Performed Searches Based On Plaintiff's Document Requests And The Court's Orders**

Plaintiff's Motion is completely divorced from the reality of what Plaintiff originally asked BMW NA to produce; what the Court Ordered BMW NA to produce; and what BMW NA has, in fact, produced in response to the Court's Orders (ECF Nos. 55 and 77). The reality is that BMW NA has complied with the Court's Orders and has produced 7,104 pages of documents in compliance with those Orders. These documents contain, among other things, thousands and thousands of records about the repair histories of 2011 BMW 550i vehicles other than Plaintiff's vehicle. On April 23, 2019 BMW NA filed Declarations (ECF Nos. 86 and 87) stating that discovery was complete.

The last thing Plaintiff wants or needs is more discovery regarding other vehicles. That was never the aim. To the contrary, Plaintiff has pursued discovery and Motion practice in a manner calculated to make it impossible for BMW NA to satisfy Plaintiff's elusive and ever-expanding demands. First Plaintiff says he wants one thing, then he says he really wanted something else, then he accuses BMW NA of bad faith because it performed the searches Plaintiff said he wanted. Now, by way of his sanctions Motion, he wants the Court either to declare him the

55.504.RAP - 00389068.DOCX     1     3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

winner by default or stay the proceedings, reopen discovery and allow him to change his demands yet again and expand the scope of his demands even further. (See Notice of Motion (ECF No. 89), 2:1-3:7.) This is what is known colloquially as the "endless ask."

Plaintiff was obligated in his document Requests to describe with reasonable particularity each item or category of items to be inspected. (See FRCP 34(b)(1)(A).) Plaintiff should have done this in his original document Requests but did not. Plaintiff's attorneys are familiar with BMW NA's databases and know how they can be searched. Plaintiff has still not explained his failure to specify in his document Requests the databases he wanted BMW NA to search and the search terms he wanted BMW NA to use (e.g., "Produce all documents obtained by searching X database using the following search terms.").

In its January 15, 2019 Order (ECF No. 55), the Court directed BMW NA "to run a search across the PuMA, Customer Relations/Contacts, and Warranty Repair databases, limited to vehicles of the same year, make, and model as Plaintiff's subject vehicle and limited to only those records reporting problems with the same defect codes listed in any repair records pertaining to Plaintiff's vehicle and part numbers under warranty in Plaintiff's vehicle, and to produce those documents." (See January 15, 2019 Order (ECF No. 55), 10:13-19.) That is precisely what was done.

It is not BMW NA's fault that the part numbers and defect codes listed in the repair records for Plaintiff's vehicle did not appear in the PuMA and Customer Relations databases. Plaintiff never specified the exact part numbers and defect codes that should be searched for in the databases, despite the fact that the Court Ordered Plaintiff to do so. (See January 15, 2019 Order (ECF No. 55), 10:19-11:1.)

BMW NA performed searches using the search terms that the Court Ordered

55.504.RAP - 00389068.DOCX    2    3:18-cv-00103 WQH (NLSx)

**MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON**

1 | it to use. The Court was under no obligation to rewrite Plaintiff's requests. (See,
2 | e.g., *Copantitla v. Fiskardo Estiatorio, Inc.* 2010 U.S. Dist. LEXIS 33430 at *34-
3 | 35 (S.D.N.Y. April 5, 2010); *JJCO, Inc. v. Isuzu Motors Am., Inc.* (D. Hawaii Oct.
4 | 30, 2009) 2009 U.S. Dist. LEXIS 102121 at *28.)  BMW NA was under no
5 | obligation to try to intuit what it should search for in order to satisfy Plaintiff.
6 |     Now Plaintiff says that, instead of performing searches using the defect
7 | codes listed in the repair records for Plaintiff's vehicle, BMW NA should have
8 | searched using other codes that do not appear in the repair records. If that is what
9 | Plaintiff wanted, Plaintiff should have (and could have) specified those codes.
10 | That is what the Court ordered Plaintiff to do. (See January 15, 2019 Order (ECF
11 | No. 55), 10:19-11:1.) Despite the Court's Order, Plaintiff did not do so, nor has
12 | Plaintiff explained his failure to do so. If Plaintiff is dissatisfied with the results
13 | of the searches he specified, he has no one to blame but himself. BMW NA did
14 | not make any representations – much less any false representations -- regarding
15 | what the search results would be.

**B.  Plaintiff's Document Requests And The Court's Orders Concerned "Vehicles Of The Same Year, Make And Model" As Plaintiff's Vehicle, The 2011 550i**

Plaintiff is using the same "bait and switch" tactic with respect to BMW NA's email search, by purporting to "reject" the scope of his own discovery requests and falsely accusing BMW NA of lying about the search terms. (See Plaintiff's Memorandum (ECF No. 89-1), 10:1-14:2.)

Plaintiff stated in the parties' Joint Rule 26(f) Discovery Plan dated April 23, 2018 that he was only seeking discovery regarding "vehicles of the same year, make and model" as Plaintiff's vehicle. (See Discovery Plan (ECF No. 21), 3:11-17.) The discovery Requests which were the basis for the Court's Orders were all expressly limited to the same year, make and model as Plaintiff's vehicle; namely,

55.504.RAP - 00389068.DOCX   3   3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

the 2011 BMW 550i. (See January 15, 2019 Order (ECF No. 55), 3:19-5:10.) The Court's January 15, 2019 Order was also expressly limited to the same year, make and model as Plaintiff's vehicle. (See January 15, 2019 Order (ECF No. 55), 10:13-19.) In its April 9, 2019 Order, the Court stated it did not find it appropriate to enlarge its previous discovery Order. (See April 9, 2019 Order (ECF No. 77), 7:19.)

As recently as May 17, 2019, in his Ex Parte Application, Plaintiff stated that the parties' discovery dispute concerned "vehicles of the same make, model, and year" as Plaintiff's vehicle. (See Ex Parte Application (ECF No. 93-1), 3:2-5.) In its Order dated May 21, 2019, granting in part and denying in part Plaintiff's Ex Parte Application, the Court confirmed its understanding that Plaintiff's discovery concerned "other vehicles of the same make, model and year as Plaintiff's vehicle." (See May 21, 2019 Order (ECF No. 96), 2:1-5.)

Plaintiff therefore has no grounds for "rejecting" and trying to expand the scope of his own Requests and the Court's Orders – much less for asking the Court to sanction BMW NA because it searched for documents concerning 2011 BMW 550i vehicles in compliance with the Court's Orders and Plaintiff's document Requests. Plaintiff should not be permitted to "move the goal posts" in this manner.

Plaintiff's Motion should be denied.

## II.

## FACTUAL BACKGROUND

This case arises out of Plaintiff's purchase of a 2011 BMW 550i sedan on January 6, 2011. (ECF No. 1-8) The vehicle was sold with BMW NA's 4-year/50,000-mile new vehicle limited warranty. The warranty expired by passage of time as of January 6, 2015. The vehicle was also subject to the one-year implied warranty of merchantability, which expired as of January 6, 2012.

55.504.RAP - 00389068.DOCX                    4                    3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

Plaintiff filed this action on August 14, 2017. The Complaint contains causes of action for violation of the Song-Beverly Consumer Warranty Act, California Civil Code section 1790 et seq. (Song-Beverly), and for fraud. (ECF No. 1-3) Plaintiff's fraud claim is based on the allegation that BMW NA failed to disclose when he bought the vehicle that the N63 engine in his vehicle had an "oil consumption defect" that caused it "to improperly burn off and/or consume abnormally high amounts of oil." (ECF No. 1-3, 7:20-10:21.)

When BMW NA inspected the vehicle on December 3, 2018, Plaintiff had driven 78,203 miles but had never presented the vehicle to a dealer with a complaint of excessive oil consumption. Plaintiff has yet to explain how BMW NA managed to bamboozle him into believing his vehicle was not consuming too much oil, even though it supposedly was. After all, if your car is not operating properly, or has not been properly repaired, you are the first to know. The reason Plaintiff never presented the vehicle to a dealer with a complaint of excessive oil consumption is because the vehicle was not consuming "abnormally high amounts of oil."

### III.
### BMW NA HAS NOT ENGAGED IN DISCOVERY MISCONDUCT THAT WOULD JUSTIFY THE IMPOSITION OF SANCTIONS

**A.  BMW NA Has Complied With The Court's Orders**

Sanctions are not appropriate because BMW NA has complied with the Court's Orders. The purpose of discovery is to encourage disclosure, not gamesmanship. Although Plaintiff seems to think otherwise, discovery sanctions are not for the purpose of providing a weapon for punishment, forfeiture and the avoidance of a trial on the merits.

Plaintiff concedes, as he must, that sanctions must be just and must relate to the claim or defense on which the moving party requested discovery. (See

55.504.RAP - 00389068.DOCX                 5                 3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

Memorandum (ECF No. 89-1), 20:8-11.) Yet the sanctions requested by Plaintiff have nothing to do with the scope of the information that is the subject of the Court's Orders. As the Court noted in its May 21, 2019 Order, the discovery sought by Plaintiff related to "punitive damages and willfulness," rather than the "central issue of liability," which "focuses on the records concerning the specific vehicle at issue." (See May 21, 2019 Order (ECF No. 96), 2:7-15.) Despite this fact, Plaintiff asks the Court for "terminating, issue and/or evidentiary sanctions" on virtually every issue *except* punitive damages and willfulness (i.e., liability for a civil penalty.) (See Notice of Motion (ECF No. 89), 1:6-16.) Plaintiff asks the Court either to establish BMW NA's liability by decree or prevent BMW NA from defending itself at trial. Neither of these sanctions would be justified – even if BMW NA had failed to obey the Court's Orders, which it did not – because the discovery sought by Plaintiff did not relate to liability or the "tolling of the statute of limitations."[1]

In the alternative, Plaintiff asks the Court to stay the proceedings, reopen discovery and expand the scope of its previous Orders (see Notice of Motion (ECF No. 89), 1:20-3:7), something that the Court has already stated it is not inclined to

---

[1] Plaintiff has not explained, and cannot explain, why documents concerning other vehicles have any bearing on whether Plaintiff's claims are barred by the statute of limitations.

Without going into too much detail on the subject, it should be noted that, in order to avoid the statute of limitations, Plaintiff was required to specifically allege facts showing the time and manner of discovery and the inability to have made earlier discovery despite reasonable diligence. *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808. Plaintiff did not do this. He did not identify any facts that he did not know more four years before he filed suit. Instead, he simply asserted, in paragraph 7 of his complaint, that the statutes of limitations were tolled, without alleging any facts to support that conclusion. (See Complaint (ECF No. 1-3), 6:25-7:4.)

Similarly, class action tolling is not applicable because the federal Court in New Jersey decided that the Bang Class Action would proceed as a class action. Class action tolling does not occur where, as here, the class is certified. (See *Clemens v. DaimlerChrysler Corp.* 534 F.3d 1017, 1025, (9th Cir. 2008) ["In some instances, a Plaintiff can rely on the filing of a prior class action to vindicate the right in question and toll the statute in the event that the class is not ultimately certified."].) Class action tolling is also not applicable because California does not recognize cross-jurisdictional tolling. The pendency of the Bang Class Action in New Jersey federal Court did not, therefore, toll the statute of limitations with respect to Plaintiff's claims in this action. (See *Clemens v. DaimlerChrysler Corp.* 534 F.3d 1017, 1025, (9th Cir. 2008) ["the weight of authority and California's interest in managing its own judicial system counsel us not to import the doctrine of cross-jurisdictional tolling into California law."].)

55.504.RAP - 00389068.DOCX    6    3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

do. (See April 9, 2019 Order (ECF No. 77), 7:19.)

Plaintiff has not explained why the thousands of pages of documents that BMW NA has already produced concerning other 2011 550i vehicles are insufficient for the purpose of establishing BMW NA's knowledge of complaints about and repairs performed on those vehicles.

### B. This Case Must Be Judged On Its Own Facts

The problem with Plaintiff's endless discovery, of course, is that it has no bearing on the merits of Plaintiff's case. The fact that other people complained about other vehicles, or that other vehicles had to be repaired, does not warrant the conclusion that Plaintiff's vehicle had an unrepaired or unrepairable defect which obligated BMW NA to repurchase it.

Plaintiff's discovery concerning the characteristics of the N63 engine in general, or in vehicles other than Plaintiff's vehicle, is analogous to inadmissible character evidence. Rule 404(a) of the Federal Rules of Evidence provides: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." To put it another way, evidence of the N63's character or character trait in other vehicles is not admissible to prove that the engine in Plaintiff's vehicle had the same character or trait.

The Advisory Committee Notes to Rule 404 explain: "Character evidence is of slight probative value and may be very prejudicial. *It tends to distract the trier of fact from the main question of what actually happened on the particular occasion.*" (Emphasis added.) Evidence regarding other N63 engines in other vehicles creates the same danger; that because other engines, for example, consume oil the jury should conclude that Plaintiff's engine does, as well, regardless of what Plaintiff's actual experience has been.

The flaw in Plaintiff's reasoning is perhaps best illustrated by three recent

55.504.RAP - 00389068.DOCX     7     3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

cases that the attorneys representing Plaintiff in this case litigated unsuccessfully against BMW NA. All three of these cases involved vehicles with N63 engines that – like the engine in Plaintiff's vehicle -- did not have an oil consumption problem.

In *Schick v. BMW of North America, LLC*, (*Schick*) USDC CD Cal Case No. 5:17-cv-2512 VAP (KKx), Plaintiffs' expert admitted that Plaintiffs' 2012 BMW 650i with an N63 engine did not have a problem with oil consumption. He testified that, "When I first looked at this case, as soon as I saw what vehicle it is and what engine it has, I just assumed it was going to be an oil consumption case, so I looked at that." He then admitted that, when he went through the repair history with Plaintiffs' attorneys, he realized that oil consumption "was never an issue." A true and correct copy of the relevant portion of the deposition of Plaintiffs' expert, Daniel Calef, (21:13-22:16) is attached as Exhibit A to the Declaration of Robert A. Philipson. (See also *Schick v. BMW of North America, LLC*, 2018 U.S. Dist. LEXIS 223690, (C.D. Cal. 2018) [granting BMW NA's motion for summary judgment].)

In *Russell v. BMW of North America, LLC*, (*Russell*) LASC Case No. BC610090, a jury unanimously found that a 2013 BMW 650i with an N63 engine was not defective despite Plaintiff's contention that the vehicle suffered from excessive oil consumption. A true and correct copy of the Judgment on jury verdict dated March 13, 2019 is attached as Exhibit B to the Declaration of Robert A. Philipson.

Finally, *Eisenacher v. BMW of North America, LLC*, (*Eisenacher*) USDC CD Cal Case No. 2:17-cv-00984-ODW (JCx), involved a 2012 BMW 550i with an N63 engine. The engine not only did not have an oil consumption problem; Plaintiffs explicitly excluded oil consumption as a potential nonconformity at trial. On May 13, 2019, after a bench trial, the Court found in favor of BMW NA. A

55.504.RAP - 00389068.DOCX　　　　　8　　　　　3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

true and correct copy of the Court's Findings of Fact and Conclusions of Law is attached as Exhibit C to the Declaration of Robert A. Philipson. Plaintiffs' disclaimer of an oil consumption issue appears at page 7, lines 25 and 26. The decision is also reported as *Eisenacher v. BMW of North America, LLC,* 2019 U.S. Dist. LEXIS 80470, (C.D. Cal. 2019).

It is, therefore, no surprise that Plaintiff wants the Court either to declare him the winner by default or stay the proceedings and reopen discovery so he can conduct discovery ad infinitum – anything but a trial on the merits. Of course, the fact that the engines in the *Schick, Russell* and *Eisenacher* cases did not have excessive oil consumption, does not warrant the conclusion that Plaintiff's engine did not have excessive oil consumption, any more than the fact that engines in other vehicles may have had excessive oil consumption warrants the conclusion that Plaintiff's engine had excessive oil consumption. The point is that every case must be judged on its own facts.

Plaintiff's Motion for sanctions must, therefore, be denied. If anyone has engaged in discovery abuse in this case, it is Plaintiff, not BMW NA.

## IV.

## **PLAINTIFF'S ATTORNEYS SHOULD BE SANCTIONED**

Plaintiff's attorneys have acted without substantial justification in filing and prosecuting this Motion and in forcing BMW NA to prepare this Opposition. Plaintiff's request for sanctions should, therefore, be denied, and the Court should impose monetary sanctions against Plaintiff's attorneys, Strategic Legal Practices, APC Ecotech Law Group, P.C., in the sum of $6,500.00, to reimburse BMW NA for the attorneys' fees incurred in opposing this wholly unmeritorious Motion.

///

///

///

55.504.RAP - 00389068.DOCX    9    3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

## V.

## CONCLUSION

For the foregoing reasons, as well as for such other and further reasons as may be adduced upon the hearing of Plaintiff's Motion, BMW NA respectfully prays that Plaintiff's Motion be denied and that the Court impose monetary sanctions against Plaintiff's attorneys.

DATED: May 28, 2019　　　　　　　　LEHRMAN LAW GROUP
　　　　　　　　　　　　　　　　　　　KATE S. LEHRMAN
　　　　　　　　　　　　　　　　　　　ROBERT PHILIPSON


　　　　　　　　　　　　　　　By:　　/s/Robert Philipson
　　　　　　　　　　　　　　　　　　　Robert Philipson
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　BMW OF NORTH AMERICA, LLC

55.504.RAP - 00389068.DOCX　　　　10　　　　3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is 12121 Wilshire Blvd., Suite 1300, Los Angeles, CA 90025.

On May 28, 2019, I served true copies indicated below in the manner as provided in FRCivP 5(b), the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, California addressed as follows:

[ ] **BY MAIL**: I caused to be delivered by US mail by placing a true copy thereof enclosed in sealed envelopes. I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

[ ] **BY GSO OVERNIGHT**: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees.

[X] **CM/ECF**: I caused such document to be delivered to the e-mail address indicated on the attached SERVICE LIST using the CM/ECF system, which sends notice of electronic filing (NEF) to all counsel of record in this action.

[ ] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2019, at Los Angeles, California.

/s/Sonja Robertson
Sonja Robertson

55.504.RAP - 00389068.DOCX    12    3:18-cv-00103 WQH (NLSx)

## PROOF OF SERVICE LIST
## BMW OF NORTH AMERICA, LLC/JENSEN, MICHAEL
## (B137-504)(55.504)
## Case No. 3:18-cv-00103 WQH-NLS
### Page 1

| | |
|---|---|
| Caitlin Scott, Esq.<br>Payam Shahian<br>STRATEGIC LEGAL PRACTICES, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, California 90067<br>(310) 929-4900<br>(310) 943-3838 FAX<br>clee@slpattorney.com<br>cscott@slpattorney.com | Attorneys for Plaintiff<br>MICHAEL JENSEN |
| Michael Harris Rosenstein<br>Law Offices of Micheal H. Rosenstein, LC<br>10250 Constellation Boulevard<br>Suite 2500<br>Los Angeles, CA 90067<br>310-286-0275<br>310-286-0274 (fax)<br>mrosenstein@rose-lawoffice.com | Attorneys for Plaintiff<br>MICHAEL JENSEN |
| Dara Tabesh<br>EcoTech Law Group, P.C.<br>5 Third Street<br>Suite 700<br>San Francisco, CA 94103<br>415-503-9164<br>415-651-8639 (fax)<br>dara.tabesh@ecotechlaw.com | Attorneys for Plaintiff<br>MICHAEL JENSEN |

55.504.RAP - 00389068.DOCX    13    3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON

| | |
|---|---|
| Daniel C. Tai | Attorneys for Plaintiff |
| 28310 Trailriders Dr. | MICHAEL JENSEN |
| Rancho Palos Verdes, CA 90275 | |
| 310-462-5636 | |
| dctai@sandiego.edu | |

55.504.RAP - 00389068.DOCX     14     3:18-cv-00103 WQH (NLSx)

MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT BMW OF NORTH AMERICA, LLC IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS; REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS; DECLARATION OF ROBERT A. PHILIPSON