UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JENSEN,<br><br>         Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC; BRECHT ENTERPRISES, INC. dba BMW OF ESCONDIDO; and DOES 1-100, inclusive,<br><br>         Defendants. | Case No.: 18cv103-WQH (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S *EX PARTE* APPLICATION FOR PRODUCTION OF DOCUMENTS RELATED TO FEES**<br><br>**[ECF No. 118]** |

Before the Court is the Defendant BMW of North America, LLC's ("BMW") *ex parte* application for an order requiring production of certain documents related to Plaintiff's attorneys' fees. ECF No. 118. Plaintiff filed an opposition. ECF No. 120. The Court ordered a reply from BMW, which BMW timely filed. ECF No. 122. Plaintiff then filed an objection to BMW's reply.[1] ECF Nos. 124, 126. After due consideration and for the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

---

[1] While the Court reviewed Plaintiff's objections, the Court will not rule on the objections because the Court did not consider the underlying evidence objected to in ruling on this motion.

1

## I. BACKGROUND

In his complaint, Plaintiff alleges that he purchased a 2011 BMW 550i vehicle manufactured and distributed by BMW, which was covered by an express written warranty for the utility and performance of the vehicle for a period of time. ECF No. 1-3 at ¶¶ 8-9. Plaintiff alleges that, during the warranty period, he experienced numerous defects with the vehicle. *Id.* at ¶ 10. He claims that Defendants were unable to adequately repair the defects but failed to replace the vehicle or buy it back. *Id.* at ¶ 11. Plaintiff brings causes of action under the Song-Beverly Consumer Warranty Act, for breach of warranty, and for fraud.

After the pretrial conference was held in this case, the parties filed a Notice of Acceptance with Offer of Judgment. ECF No. 117. According to this document, BMW made Plaintiff an offer of judgment, pursuant to Federal Rule of Civil Procedure 68, in the amount of $246,000 in exchange for repurchasing the vehicle back from Plaintiff and Plaintiff accepted the offer on June 24, 2019. *Id.* The agreement further includes a provision, stating that BMW would "pay plaintiff's costs, expenses and attorney fees. in accordance with Civil Code section 1794, subdivision (d), as determined by agreement of the parties or by noticed Motion." *Id.* at 2. As required under Rule 68, on July 18, 2019, the Court entered judgment in favor of Plaintiff in the same amount. ECF No. 123; *see* Fed. R. Civ. P. 68(a) (stating that the clerk must enter judgment upon filing of the offer and notice of acceptance).

## II. DISCUSSION

BMW seeks to have the Court issue an order compelling Plaintiff to produce the following three categories of documents at least seven days prior to the filing of a motion for attorneys fees: (1) Plaintiff's fee agreement with his attorneys; (2) his attorneys' billing records; and (3) invoices from vendors for which Plaintiff seeks reimbursement. ECF No. 118 at 2. Plaintiff opposes the requests for several reasons, as will be addressed below.

//

### A. Form of Motion and Timeliness

As a threshold matter, Plaintiff makes two procedural arguments as to why the Court should reject BMW's motion—that it is an inappropriate *ex parte* motion since there is no exigency in the request and that it is an untimely request because discovery in this case is closed. ECF No. 120 at 4-7.

Whether or not this motion would be more appropriately filed *ex parte* or as a joint motion governing discovery disputes, the Court finds that the parties have had sufficient time and opportunity to brief this matter fully and will adjudicate the issues in the motion as presented. *See* ECF Nos. 119-122, 124.

As to the timeliness issue, the Court has wide discretion to manage discovery in its cases. *See, e.g.*, *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have broad discretion to manage discovery.") (citation omitted); *Jardin v. DATAllegro, Inc.*, No. 10-CV-2552-IEG WVG, 2011 WL 3299395, at *5 (S.D. Cal. July 29, 2011) (noting that Rule 26 provides magistrate judge with discretion to mange discovery in a way that ensures fairness). Because Plaintiff accepted a Rule 68 offer and the Court has already entered judgment, the only issue left for adjudication is fees. As agreed upon by the parties in the offer of judgment, fees will either be determined by agreement of the parties or if they are unable to settle the issue, then by the Court via motion practice. Thus, the Court finds it appropriate to permit discovery into fees at this point in time, as will be further outlined below, so that the parties may most efficiently engage in settlement discussions regarding fees and if unable to agree, so that a motion on fees can be efficiently briefed and presented to the Court.

### B. Retainer Agreement

BMW seeks to compel production of Plaintiff's retainer agreement with his counsel, arguing that such information is relevant to the calculation of fees. ECF No. 118 at 3-4. Plaintiff objects to this request, both on relevancy grounds and privilege grounds. ECF No. 120 at 14.

The Court agrees with Plaintiff that privilege covers his retainer agreement with

his attorneys. The privilege issue appears to hinge on which law applies—federal common law or California state law. Under federal common law, retainer agreements between clients and counsel are generally not protected by the attorney client privilege. *Stanley v. Bayer Healthcare LLC*, No. 11CV862-IEG BLM, 2011 WL 5569761, at *4 (S.D. Cal. Nov. 16, 2011) ("The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine.") (citation omitted); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014) ("[T]he attorney-client privilege generally does not preclude disclosure of fee agreements."). However, under California state law, a "written fee contract shall be deemed to be a confidential communication" that is not subject to discovery." *Moriarty v. Am. Gen. Life Ins. Co.*, No. 17-CV-1709-BTM-WVG, 2018 WL 2966787, at *1 (S.D. Cal. June 13, 2018) (citing Cal. Bus. & Prof. Code § 6149); *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12746225, at *9 (C.D. Cal. Apr. 22, 2015). Courts have recognized this distinction. *See Haghayeghi v. Guess?, Inc.*, No. 14-CV-20 JAH (NLS), 2016 WL 9526465, at *2 (S.D. Cal. Mar. 21, 2016) (noting difference between state and federal law on protection of retainer agreement).

Here, the case was removed on diversity grounds and the complaint only contains state law causes of action. ECF No. 1. Federal Rule of Evidence 501 states that federal common law governs a claim of privilege in federal court, "[b]ut in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. "It is clear from this that in a diversity case, a claim of privilege for evidence relevant to a state law claim is governed by state law." *Lin v. Kia Motors Am., Inc.*, No. SACV111662JVSSHX, 2012 WL 12887102, at *4 (C.D. Cal. Aug. 27, 2012). Thus, as to the issue of privilege, California state law should apply and the retainer agreement would be privileged.

In its reply, BMW does not appear to argue that privilege does not apply, but rather that there is no showing that Plaintiff himself, as opposed to his attorneys, is claiming the privilege and that in the past, Plaintiff's attorneys have disclosed information about their

agreements with their clients in other cases. ECF No. 122 at 3, 7-8. While it is true that Plaintiff could waive the privilege in the future—for example, during the fee motion if he so chooses—the agreement is privileged until that happens and the Court will not order its production at this time.[2]

Accordingly, the request to compel the retainer agreement is **DENIED**. Because the Court is denying production at this time on privilege grounds, the Court does not make any rulings as to relevancy of the retainer agreement on the fee award at this time. Should Plaintiff bring a motion for fees and put the retainer agreement in front of the Court at that time, the parties may raise this issue about whether that agreement should affect the fee award in that briefing.

### C. Attorney Billing Records

BMW next seeks to compel production of Plaintiff's attorneys' billing records, including the hours they charged in the case and the hourly rates at which they bill. ECF No. 118 at 3. Plaintiff objects, arguing that he is not required to disclose this information regarding attorney billing records and rates, and that such information is also privileged. ECF No. 120 at 17-18.

Under California law, "[i]nvoices for legal services are generally not communicated for the purpose of legal consultation. Rather, they are communicated for the purpose of billing the client and, to the extent they have no other purpose or effect, they fall outside the scope of an attorney's professional representation." *Los Angeles Cty. Bd. of Supervisors v. Superior Court*, 2 Cal. 5th 282, 295 (2016). However, information contained therein may fall within the scope of the privilege where "billing information is conveyed 'for the purpose of legal representation." *Id.* at 298. Indeed, the California courts recognize that their position is "consistent" with the approach taken in federal

---

[2] If there is a waiver of the privilege in the future, the parties may seek further relief from the Court. *See Madrigal*, 2015 WL 12746225, at *9 ("[A] party can waive the attorney-client privilege by placing the disputed information 'directly at issue' and making its disclosure 'essential for a fair adjudication of the action.'").

5

courts within California as well—where "disclosure of billing invoices is the norm" and "fee information is generally not privileged." *Id.* at 299 (citation omitted).

This "norm" of disclosure of billing records in California federal courts is not surprising. In order to recover fees, courts use the lodestar method, which requires a calculation of "multiplying the number of hours reasonably expended by the prevailing party with a reasonable hourly rate, then making any adjustments as necessary to account for factors not already subsumed within the initial lodestar calculation." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1130 (9th Cir. 2008). The party seeking fees bears the burden of proving the lodestar amount. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Thus, courts can reject fee requests that are not supported by actual billing records for failure to meet this burden. *See, e.g.*, *Ryan v. Editions Ltd. W., Inc.*, No. 5:06-CV-04812-PSG, 2016 WL 233093, at *4 (N.D. Cal. Jan. 19, 2016) (rejecting fees that were not supported by billing records and requiring supplemental submission with records in order to recover fees); *JS Prod., Inc. v. Kabo Tool Co.*, No. 2:11-CV-01856-RCJ-GW, 2014 WL 5243362, at *4 (D. Nev. Oct. 15, 2014) (reducing award where fee request was "not supported by adequate billing records").

Thus, while Plaintiff is not wrong that such billing records may not be *per se* required to be disclosed, the Court finds that they are nevertheless relevant to the issue of fees and that their production would be valuable information for the parties to share, so that they may engage in a good faith effort to settle the fees issue as they agreed. Accordingly, the Court **GRANTS** this request to compel production of the billing records, subject to the following caveats. First, the billing records to be produced must be substantively identical to the billing records Plaintiff intends to submit in support of the motion for fees, should the motion become necessary, so that the settlement discussion may be as productive as possible. If Plaintiff truly intends to not submit his counsel's actual billing rates in a motion for fees, *see* ECF No. 120 at 11 (suggesting the lodestar method only looks to "reasonable hourly compensation" versus the actual rates),

he does not have to disclose the actual rates in the production. He may instead include the "reasonable hourly compensation" he intends to request the Court to apply in his motion for fees for each of the attorneys, paralegals, and other personnel referenced in the billing records. Second, Plaintiff may redact for privilege information contained in the records that may convey information 'for the purpose of legal representation." However, the Court cautions Plaintiff to be diligent in this exercise, since judgment has now been entered in the case, resolving the merits of the case, and that any redactions may hinder his ability to prove that the fees are reasonable.

### D. Vendor Invoices

Neither party spends much time addressing this category of documents sought by BMW. Consistent with the attorney billing records, if Plaintiff intends to seek reimbursement of these invoices in their motion for fees, should one become necessary, the Court finds that their production is also warranted at this time and **GRANTS** the motion to compel vendor invoices.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** BMW's motion to compel. Plaintiff is **ORDERED** to produce his billing records and invoices, consistent with this order, by **July 26, 2019**.

**IT IS SO ORDERED.**

Dated: July 23, 2019

*/s/ Nita L. Stormes*

Hon. Nita L. Stormes
United States Magistrate Judge